D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Will Evans ("Mr. Evans") (collectively "Plaintiffs") seek processing and release of agency records requested from Defendant the United States Department of Labor ("DOL" or "Defendant").

2. From January 2019 through September 2020, Plaintiffs submitted three Freedom of Information Act requests (the "Requests") to DOL's Office of Federal Contract Compliance Programs ("OFCCP" or "Defendant") seeking disclosure of consolidated Type 2 diversity employment reports ("EEO-1 Reports" or "Diversity Reports") from federal contractors for the years 2016, 2017, 2018, 2019 and 2020.

3. In May 2021 the three individual requests were combined into one individual request.

4. This matter has been pending with OFCCP for nearly **four years**, since the date of

CIR's original request in January 2019.

5. This is the third time Plaintiffs have filed a complaint for EEO-1 Reports. *See Ctr. for Investigative Reporting v. Dep't of Labor*, No. 3:18-cv-02008 (N.D. Cal. Dec. 21, 2018) (disclosing records after months of settlement conversations) and *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019) (ordering disclosure of records after finding that the EEO-1 Reports were not commercial information properly withheld under FOIA Exemption 4) *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022).

6. Despite this court previously requiring the release of EEO-1 Reports, OFCCP has denied Plaintiffs' request for records. OFCCP alleged that disclosure would be unduly burdensome, despite there being no need for redactions. OFCCP also stated, in abrogation of FOIA, that fulfilling these requests would require a company-by-company consultation of the over 100,000 federal contractors who have submitted the EEO-1 report data.

7. CIR sent several communications to OFCCP stating that the withholding was improper due to this Court's order requiring disclosure of the EEO-1 Reports and finding Exemption 4 inapplicable. *See Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019), *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022),

8. Still, OFCCP asserted that data from these submitters is potentially protected from disclosure under Exemption 4, despite the December 2019 ruling. In further correspondence OFCCP asserted that this Court's December 2019 order does not have any "precedential effect." *See infra* at 9.

9. On August 19, 2022, after CIR's second letter to DOL asserting that the withholding was improper, OFCCP published a notice on the Federal Register giving federal contractors "a period of time object to the disclosure [of the diversity reports] and state their grounds for doing so." Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022) https://bit.ly/3ThtEzw.

10. OFCCP provided that federal contractors had until October 19, 2022 to object to the disclosure of any portion of the EEO-1 Reports and to state all grounds upon which disclosure was opposed. OFCCP, *Notice of Extension*, Submitter Notice Response Portal

https://www.dol.gov/agencies/ofccp/submitter-notice-response-portal (last visited October 19, 2022).

11. As of November 15, 2022, the DOL has not released any records pertaining to the Request. This continued withholding improperly includes any records from federal contractors that may have consented to disclosure or waived their opportunity to object, in addition to federal contractors that objected to disclosure.

12. DOL's withholding is of particular public concern because Diversity Reports contain generalized employee diversity statistics of federal contractors. *See* Will Evans, *We Forced the Government to Share Corporate Diversity Data. It's Giving Companies an Out Instead*, REVEAL.ORG, Aug. 29, 2022, https://revealnews.org/article/we-forced-the-government-to-share-corporate-diversity-data-its-giving-companies-an-out-instead/. This data is instrumental to ensuring that federal contractors, obtaining taxpayer dollars, diversify their workforces in compliance with the federal law. *Id.*

13. Claims that the aggregate data on diversity employment for federal contractors contained in the Diversity Reports is exempt as confidential commercial information under FOIA's Exemption 4 is unjustified.

14. Plaintiffs now ask the Court for an injunction requiring DOL to promptly release the withheld records.

**JURISDICTION**

15. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

**VENUE AND INTRADISTRICT ASSIGNMENT**

16. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district. Plaintiff Will Evans is domiciled in this district.

17. Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d)

because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

18. Founded in 1977, as the first national investigative news organization, Plaintiff CIR has received multiple awards for its reporting. CIR is a non-profit established under the laws of the State of California, with its primary office in Emeryville, California. CIR publishes *Reveal* an online news site at revealnews.org and *Reveal* a weekly public radio show with approximately 1 million listeners a week.

19. Plaintiff Will Evans is a staff reporter for *Reveal* and an employee of CIR.

20. Defendant DOL is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. §552(f)(1). OFCCP is a component of DOL. DOL has its headquarters in Washington, D.C., and offices all over the country, including in Oakland and San Francisco, California.

## FACTUAL BACKGROUND

### EEO-1 Reports and OFCCP

21. OFCCP is the component of DOL that is responsible for enforcing nondiscrimination and affirmative action requirements imposed on federal contractors as ordered by Executive Order 11246, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, and Section 503 of the Rehabilitation Act.

22. According to its website, OFCCP's mission is to "protect workers, promote diversity and enforce the law." OFCCP, *Mission Statement*, https://www.dol.gov/ofccp/aboutof.html (last visited October 11, 2022). "OFCCP holds those who do business with the federal government—contractors and subcontractors—responsible for complying with the legal requirement to take affirmative action and not discriminate." *Id.*

23. To achieve this, OFCCP collects workforce data from employers who submit the DOL's Employer Information Component 1 Reports ("EEO-1 Reports"). These reports are collected annually under the authority of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.*,

as amended. *See* EEOC, *EEO-1 Instruction Booklet* (2021), https://www.eeocdata.org/pdfs/2021_EEO_1_Component_1_InstructionBooklet.pdf. OFCCP and the Equal Employment Opportunity Commission ("EEOC") together administer the EEO-1 Reports. *Id.*

24. In accordance with Title VII, all employers in the United States with 15 or more employees are required to keep employment records. *Id.* at 2. Based on those records, certain large employers are required to file EEO-1 Reports on an annual basis. *Id.* at 2.

25. OFCCP regulations require certain federal contractors to file EEO-1 Reports if they have 50 or more employees and are not exempt as provided for by 41 CFR 60-1. EEOC, *Frequently Asked Questions (FAQs) EEO-1 Component 1 Data Collection, available at* https://eeocdata.org/pdfs/EEO-1%20Component%201%20FAQ.pdf.

26. Submitting EEO-1 Reports is not voluntary and under section 709(c) of Title VII the EEOC may compel an employer to file it by obtaining an order from the United States District Court. 42 U.S.C. § 2000(e).

27. In general, EEOC collects two types of reports containing diversity statistics: a Type 1 Report and a Type 2 Consolidated Report. Type 1 Reports are submitted by "an employer conducting business at only one establishment" and Type 2 Reports are submitted by "an employer conducting business at more than one establishment" (*i.e.*, a multi-establishment employer). *See* EEOC, EEO-1 Instruction Booklet (2021), https://www.eeocdata.org/pdfs/2021_EEO_1_Component_1_InstructionBooklet.pdf. Type 2 reports include demographic data for all the U.S. employees of a company categorized by ethnicity, gender and job category. *Id.* at 5. The Type 1 and Type 2 Reports do not contain particularized or sensitive information like wage and payment information or demographics of individual company offices or employees. Plaintiffs only seek Type 2 reports in this request.

28. While the EEOC is prohibited from disclosing EEO-1 reports under Title VII of the Civil Rights Act of 1964, Title VII "generally does not apply to individuals who are found to be

independent contractors." EEOC, *Protections Against Employment Discrimination Based on Sexual Orientation or Gender Identity* (2021), https://www.eeoc.gov/laws/guidance/ protections-against-employment-discrimination-based-sexual-orientation-or-gender. As the EEOC explains on its website "[p]eople who are not employed by the employer, such as independent contractors, are not covered by the anti-discrimination laws." EEOC, *Employer Coverage*, https://www.eeoc.gov/employers/coverage-0 (last visited October 31, 2022).

29. OFCCP does not proactively disclose the EEO-1 Reports. To obtain copies, individuals and institutions, including media, must submit a FOIA request. Department of Labor, *Federal Compliance Manual, §1A06* (2021), https://www.dol.gov/agencies/ofccp/manual/fccm/1a-introduction/1a06-confidentiality-information.

30. Once a FOIA request is submitted, OFCCP contacts federal contractors to notify them of the request for disclosure, but OFCCP is required to make a separate determination as to whether any exemptions apply under FOIA. *Id.*

31. The disclosure of these reports has been championed by civil rights activists such as Rev. Jesse Jackson Sr., members of Congress, investment firms, and companies themselves. *See, e.g.*, Salvador Rodriguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html; Will Evans, *11 men and 1 woman on management team? No need for diversity report*, REVEAL.ORG, Nov. 8, 2017, https://www.revealnews.org/article/11-men-and-1-woman-on-management-team-no-need-for-diversity-report/; Letter from Emanuel Cleaver II, Member of Congress, U.S. House of Representatives, to Alexander Acosta, Secretary, U.S. Department of Labor (Mar. 6, 2019), https://cleaver.house.gov/sites/cleaver.house.gov/files/DOL_FOIA.pdf; Ashley Marchand Orme, *Big companies are already collecting important data on workforce diversity. More of them need to make it public*, Fortune Magazine, Feb. 9, 2022 https://fortune.com/2022/02/09 /diversity-inclusion-dei-intersectional-data-eeo-1-reports/.

32. The public need for disclosure of EEO-1 Reports in promoting diversity is incontrovertible. Almost 30 years ago, The Federal Glass Ceiling Commission, created by the Civil

Rights Act of 1991, stated in its 1995 report that it "urges the Federal government and its agencies to look for ways to increase public access to diversity data" and that "[t]he government should also explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publicly traded corporations." Federal Glass Ceiling Commission, *A Solid Investment: Making Full Use of the Nation's Human Capital* (1995).

33. While the type of data in Diversity Reports has been hotly debated, such as the inclusion of employee payment data, the generalized statistics collected in EEO-1 Type 2 Reports pertaining to race, gender and job category has been determined to be uncontroversial, necessary, and continually collected for decades. *See* Memorandum from Neomi Rao to Acting EEOC Chair Victoria Lipnic, Office of Information and Regulatory Affairs, Aug. 29, 2017, https://bit.ly/2uFABUV. Type 2 Reports have been collected without interruption because its aggregate data does not disclose individualized information. It is also does not include sensitive, nor commercial information, such as salary information.

34. The collection of demographic data in the EEO-1 Reports is increasingly of significant public importance as large numbers of public functions are increasingly outsourced to private contractors, and so much of the federal government's work force is composed of federal contractors. Steven Pearlstein, *The federal outsourcing boom and why it's failing Americans*, WASHINGTON POST, January 31, 2014, https://wapo.st/3zVolPr.

35. Various news outlets, including CIR have used these reports to inform the public about lack of diversity in the United States workforce across various industries. *See, e.g.*, Will Evans & Sinduja Rangarajan, *Hidden figures: How Silicon Valley keeps diversity data secret*, REVEAL, Oct. 19, 2017, https://www.revealnews.org/article/hidden-figures-how-silicon-valley-keeps-diversity-data-secret/; Kate Rooney & Yasmin Khorram, *Tech companies say they value diversity, but reports show little change in last six years*, CNBC, June 12, 2020, https://www.cnbc.com/2020/06/12/six-years-into-diversity-reports-big-tech-has-made-little-progress.html; Charisse Jones, Jayme Fraser, & Dian Zhang, *Racial justice in the workplace: In-depth look at diversity's struggle to crack corporate boardrooms*, USA TODAY, July 24, 2021, https://www.usatoday.com/in-

depth/money/business/2021/07/18/workplace-diversity-struggles-break-into-corporate-boardrooms/7906529002/; Jessica Guynn, Jayme Fraser, Craig Harris and Dian Zhang, *How top companies in US are struggling to diversify leadership*, USA TODAY, July 13, 2021, https://www.usatoday.com/in-depth/money/2021/07/14/diversity-corporate-systemic-racism-employment-inequities/7639595002/.

36. Release of the demographic information contained in the EEO-1 Type 2 Reports would inform the public on the important topics of workplace diversity, equality, and inclusivity. *Id*.

### CIR's EEO-1 FOIA Requests

37. On January 10, 2019 Mr. Evans submitted a FOIA request via email to OFCCP for a spreadsheet of all Type 2 consolidated EEO-1 report data submitted by all federal contractors in 2016. A true and correct copy of this request is attached as Exhibit A. The tracking No. 872421 was assigned to this request. *Id.*

38. On March 25, 2019 Mr. Evans submitted a second FOIA request via email to OFCCP seeking a spreadsheet of all consolidated EEO-1 report data submitted by all federal contractors in 2017. A true and correct copy of this request is attached as Exhibit B. The tracking No. 875877 was assigned to this request. *Id.*

39. OFCCP responded to Mr. Evans' first request, No. 872421, on July 18, 2019 with a letter. A true and correct copy of this response letter is attached as Exhibit C ("Ex. C"). The letter stated that the "voluminous request would overwhelm the OFCCP FOIA unit" because it would require the agency to reach out to the over 100,000 companies who could potentially be affected by the release of information in their submitted EEO-1 reports. Ex. C. The agency recommended Mr. Evans narrow his request. *Id*.

40. On August 8, 2019 Mr. Evans replied to OFCCP's July 18th letter declining to narrow his request. A true and correct copy of this request is attached as Exhibit D. ("Ex. D"). He also asserted that notification of the companies was not required and thus fulfilling the request would not be unduly burdensome on the agency. Ex. D.

41. On September 11, 2020 Mr. Evans submitted another FOIA request via email to

OFCCP seeking all consolidated EEO-1 reports submitted by all federal contractors in year 2018. A true and correct copy of this request is attached as Exhibit E ("Ex. E"). OFCCP sent an acknowledgment of this request and assigned it tracking No. 897123. Ex. E.

42. On October 2, 2020, CIR received a letter from the OFCCP in response to request No. 897123. Under Executive Order 12600, the agency claimed it was required to grant all EEO-1 submitters the opportunity to object in writing to disclosure of any Diversity Reports. A true and correct copy of this letter is attached as Exhibit F ("Ex. F").

43. OFCCP asserted it could not release the data without notifying the submitters because the "information may be protected from disclosure under FOIA Exemption 4." Ex. F.

44. In response to the OFCCP's decision, on October 30, 2020 CIR sent email reminding Defendant of the recent federal court ruling, *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019), *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022). In this identical case, CIR had requested EEO-1 Reports of 10 companies. *Id.* The court held the "Government was not justified in applying Exemption 4" to this information and it ordered the EEO-1 reports in question to "be produced unredacted." *Id.*; *see also* Will Evans, *Judge backs Reveal's suit to end secrecy around Silicon Valley's diversity*, REVEAL.ORG, Dec. 13, 2019, https://revealnews.org/article/judge-backs-reveals-suit-to-end-secrecy-around-silicon-valleys-diversity/. A true and correct copy of this email response is attached as Exhibit G ("Ex. G").

45. On November 7, 2022, OFCCP acknowledged receipt of CIR's October 30th email and stated that the matter was under review. Ex. G.

46. On December 11, 2020, CIR's counsel again emailed the OFCCP requesting an update. *Id.*

47. On December 18, 2020, OFCCP responded to CIR's email reiterating that under Executive Order 12600 OFCCP was "obligated to notify submitters of the requests" because the reports contained "potentially confidential commercial information. A true and correct copy of this email correspondence is attached as Exhibit H ("Ex. H").

48. OFCCP also stated that the Defendant does "not believe that the Northern California's District Court's decision in *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* has precedential

effect on all EEO-1, Type 2 reports." Ex. H. OFCCP estimated that CIR's requests involved "the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries" who were not bound by that court ruling. *Id.*

49. OFCCP did not provide an update on how it would move forward with processing CIR's requests nor did it provide a timeline on when the submitters would be notified of the requests. *Id.*

50. On January 7, 2021, CIR sent another email to DOL requesting additional information on when OFCCP had provided notices to the submitters and how the data would be released for those submitters who had already consented to release or waived their opportunity to object. *Id.*

51. DOL failed to respond to CIR's inquiries for months.

52. On May 10, 2021 Mr. Evans requested his initial FOIA request No. 872421 be amended to include of all consolidated Type 2 EEO-1 Reports for all federal contractors for 2017 and 2018 as well as 2016. A true and correct copy of this amendment correspondence is attached as Exhibit I ("Ex. I").

53. On May 11, 2021 DOL combined the three individual EEO-1 requests into one request under tracking No. 872421 ("the Request"). Ex. I.

54. On June 2, 2022, Mr. Evans submitted another FOIA request via email to OFCCP seeking all consolidated Type 2 EEO-1 Reports submitted by federal contractors in 2019 and 2018. A true and correct copy of this request is attached as Exhibit J. DOL sent an acknowledgment of this request and consolidated it with the earlier request under tracking No. 872421. *Id.*

**CIR's Objection Letter to the Department of Labor Solicitor**

55. On May 23, 2022, after an extensive period of no communication from OFCCP[1], CIR General Counsel, D. Victoria Baranetsky, sent a letter to the Solicitor of Labor and the OFCCP Director explaining why the DOL's withholding of EEO-1 Type 2 Reports was wrongful and demanding an immediate release. A true and correct copy of this letter is attached as Exhibit K ("Ex. K").

---

[1] During this time, the government chose not to appeal the ruling in *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* even though a single intervenor appealed. The U.S. Ninth Circuit Court of Appeals left the district court's decision undisturbed. 424 F. Supp. 3d 771 (N.D. Cal. Dec. 10, 2019) *aff'd*, 34 F.4th 762, 772 (9th Cir. 2022).

56. More specifically, the letter maintained that (1) the OFCCP is bound by the 2019 *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* decision requiring disclosure of EEO-1 Type 2 Reports and asserted; and (2) the OFCCP should proactively publish the records because this Court has already ruled that Diversity Reports cannot be withheld. Ex. K.

57. On June 15, 2022 OFCCP responded to CIR's letter. A true and correct copy of this correspondence is attached as Exhibit L ("Ex. L"). OFCCP continued "to strongly disagree with" CIR's position that the *Ctr. for Investigative Reporting v. U.S. Dep't of Labor* decision has "any binding effect as to other EEO-1 reports" beyond those at issue in the case. Ex. L. OFCCP also disagreed with CIR's position that the agency could proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure. *Id.*

58. OFCCP stated that it has the authority to effectuate notice of disclosure to all federal contractors "via posting and publishing the notice in a place reasonably calculated to accomplish notification." Ex. L; 29 C.F.R. § 70.26(j).

59. On June 16, 2022 CIR requested for a clearer timeline regarding the Request and requested a phone call with the agency. A true and correct copy of this correspondence is attached as Exhibit L ("Ex. L"). After receiving no response, CIR's counsel called DOL's counsel and requested a timeline but agency still was not able to provide any information.

60. On June 27, 2022 OFCCP emailed CIR and stated that the agency anticipated publishing a notice in the Federal Register in July 2022. Ex. L. CIR responded by requesting DOL reconsider its position and provide justification for its withholding. *Id.*

61. On July 6, 2022 OFCCP responded by citing agency regulations, 29 C.F.R. § 70.26, regarding its procedures. *Id.* While citing to these procedures OFCCP circumvented its obligations under FOIA and failed to explain its justification for wrongly withholding under the federal statute. *Id.*

62. As of August 5, 2022, OFCCP had not published any information on the Federal Register, as it had previously promised, so CIR's counsel emailed OFCCP to confirm the agency's intended actions and timeline. *Id.* That same day, DOL responded and stated that the agency had just sent its information to the Federal Register for publication and was awaiting approval. *Id.*

**OFCCP's Federal Register Notice**

63. On August 19, 2022, three years after Mr. Evans submitted his initial request for EEO-1 diversity data, OFCCP published a notice on the Federal Register informing all federal contractors that a FOIA request from CIR had been submitted for all Type 2 Consolidated EEO-1 report data. Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022), https://bit.ly/3ThtEzw; Will Evans, *We Forced the Government to Share Corporate Diversity Data. It's Giving Companies an Out Instead*, REVEAL.ORG, Aug. 29, 2022, https://revealnews.org/article/we-forced-the-government-to-share-corporate-diversity-data-its-giving-companies-an-out-instead/.

64. Further, on September 23, 2022, the OFCCP published all of its correspondence with CIR but did not publish any of its correspondence with the federal contractors or disclose any of the Diversity Reports. OFCCP, Freedom of Information Act Library, OFCCP Correspondence, https://www.dol.gov/agencies/ofccp/foia/library/Correspondence.

65. The notice states contractors had until September 19, 2022 to submit written objections of disclosure to the OFCCP. It also states that OFCCP will make an independent evaluation of each companies' objections regarding diversity reports before making a determination. Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, 87 Fed. Reg. 51145 (Aug. 19, 2022), https://bit.ly/3ThtEzw.

66. OFCCP granted an extension for the contractors' deadline to October 19, 2022. *Id.*

67. Since publication of the notice on the Federal Register, several news outlets have written stories on the withholding and law firms have published ways to object to the withholdings. *See, e.g.*, J. Edward Moreno, *Labor Department Reluctant to Reveal Contractor Diversity Data*, Bloomberg Law (October 20, 2022), *https://news.bloomberglaw.com/daily-labor-report/labor-department-reluctant-to-reveal-contractor-diversity-data*; Allen Smith, *Deadline for Objecting to Disclosure of EEO-1 Reports Extended*, SHRM Online (September 16, 2022), https://www.shrm.org/resourcesandtools/legal-and-compliance/employment-law/pages/deadline-for-objecting-to-disclosure-of-eeo-1-reports-extended.aspx; Mark J. Neuberger, *OFCCP May Blow*

*the Lid on Employers' Workforce Data,* Foley & Lardner LLP (August 23, 2022), https://www.foley.com/en/insights/publications/2022/08/ofccp-may-blow-lid-employers-workforce-data.

68. On November 1, 2022 Mr. Evans received an email from another OFCCP FOIA officer. The officer noted that the agency "intends to release to [CIR] the names of those federal contractors that objected under an applicable FOIA exemption and whose data was removed from public release." A true and correct copy of this correspondence is attached as Exhibit N.

69. To date, OFCCP has made no final determination as to this Mr. Evans' combined FOIA request and disclosed no records.

70. More than 20 working days have passed since Plaintiffs submitted the initial request January 15, 2019.

71. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an agency make a determination with respect to a request within the 20 business days.

72. DOL has obviated its duties promulgated under FOIA, 5 U.S.C. § 552(a) by citing agency regulations.

73. Having exhausted all administrative remedies, Plaintiffs now seeks injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

74. Plaintiffs repeat and reallege paragraphs 1-73.

75. DOL is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

76. DOL has no lawful basis for declining to a significant portion of the records requested by Plaintiffs under FOIA.

77. DOL has failed to act on Plaintiffs' request within the 20 business days required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

78. DOL has failed to comply with FOIA's obligations by citing to agency regulations.

79. Plaintiffs are entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs prays that this Court:

1. Declare that Defendant DOL violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA requests and failing to notify Plaintiffs of any determination;

2. Declare that Defendant DOL violated FOIA by citing agency guidelines to circumvent the law;

3. Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

4. Order Defendant DOL to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

5. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

6. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: November 15, 2022

Respectfully submitted,

By: /s/ *D. Victoria Baranetsky*
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs