# Exhibit K



Secretary of Labor Martin J. Walsh
Office of the Secretary of Labor
200 Constitution Ave, NW
Room C-2318
Washington, DC 20210

Solicitor of Labor Seema Nanda
Office of the Solicitor of Labor
200 Constitution Ave, NW
Washington, DC 20210

Director Jenny R. Yang
Office of Federal Contract Compliance Programs
200 Constitution Ave, NW
Room C–3325
Washington, DC 20210


May 23, 2022


VIA ELECTRONIC DELIVERY


**Re: FOIA Request No. 872421 and DOL's Wrongful Withholding of EEO-1 Type 2 Forms That Should be Released and Published Prospectively**


To Whom It May Concern:

The Center for Investigative Reporting ("CIR") writes to object to the agency's withholding of records requested under the Freedom of Information Act ("FOIA") by our reporter, Mr. Will Evans.  Mr. Evans's FOIA request, which has been pending for *more than three years*, seeks disclosure of aggregate workforce diversity data submitted by federal contractors to the Department of Labor ("DOL")'s Office of Federal Contract Compliance Programs ("OFCCP").  This withholding is in contravention of legal authority.

According to OFCCP, the agency's extensive delay in responding to this request is due to its need to consult with thousands of federal contractors to ascertain whether they object to

disclosure of their diversity data.  It is unclear whether OCFPP has attempted to initiate that process.  Nevertheless, CIR disputes that such consultation is appropriate or necessary in the first instance.  The agency's withholding is in direct contravention of law in light of recent court decisions, including a federal district court ordering disclosure of diversity data, an opinion which the DOL did not appeal and which the U.S. Ninth Circuit Court of Appeals left undisturbed, as discussed below.  These records should be disclosed immediately.  Regardless, even if the agency wanted to formalize this disclosure process moving forward, by proactively publishing these records on its website, it could provide a broad notice to companies, instead of reaching out to federal contractors individually.  According to agency rules, DOL has the authority to expedite its consultation process by publishing notices in the Federal Register.

In light of its obligations under FOIA, CIR demands DOL disclose the requested records and prospectively publish these records online.  If DOL fails to act and continues to withhold these records, CIR will be required to file suit under FOIA, yet a third time.

## I.    Background on EEO-1 Reports

Since 1966, certain federal contractors have been required to submit workforce demographic data to the U.S. Equal Opportunity Commission on an annual basis.[1]  OFCCP uses these diversity reports, the EEO-1 Consolidated Reports (Type 2) ("EEO-1 Type 2 reports") to evaluate contractors' compliance with anti-discrimination laws, particularly Executive Order 11246.[2]  For decades, momentum has been growing to make the diversity data in EEO-1 Type 2 reports accessible and keep federal contractors accountable to the public.  As far back as 1974, courts have required EEO-1 Type 2 reports to be disclosed under FOIA.[3]  Many companies now post their reports online as part of their own social responsibility commitments.[4]  Members of

---

[1] *See* 41 C.F.R. § 60-1.7(a).

[2] *See* 30 Fed. Reg. 12,319 (Sept. 28, 1965).

[3] As OFCCP explains on its website, "[C]ourts have ruled that the Title VII prohibition against disclosure does not apply to OFCCP's collection of EEO-1 data."  OFCCP, *Freedom of Information Act (FOIA) Frequently Asked Questions*, https://www.dol.gov/agencies/ofccp/ faqs/foia (citing *Sears Roebuck & Co. v. Gen. Servs. Admin.*, 509 F.2d 527, 529 (D.C. Cir. 1974) as one such ruling).

[4] For example, Intel proactively began posting diversity reports online in 2008.  Intel, *Workforce Demographics*, 2008, http://web.archive.org/web/20081224004419/http:/www.intel.com/intel/ diversity/divpractice.htm.  Google began posting its diversity data in 2014 after a similar FOIA lawsuit, and Microsoft followed suit in 2015.  Murrey Jacobson, *Google finally discloses its diversity record, and it's not good*, PBS NEWSHOUR, May 28, 2014, https://www.pbs.org/ newshour/nation/google-discloses-workforce-diversity-data-good; Laura Lorenzetti, *Microsoft releases diversity stats: How the tech giant sizes up*, FORTUNE, Jan. 5, 2015, https://fortune.com/ 2015/01/05/microsoft-eeo-1-diversity-tech.

2

Congress[5] and legislative commissions,[6] civil rights activists,[7] and scholars have been calling for this data to be more accessible, including in response to CIR's reporting. In March 2019, after CIR sued DOL for diversity data the first time, Representative Emanuel Cleaver II wrote to the DOL stating this data should not be withheld under Exemption 4, as EEO-1 reports "enumerate the diversity of firms accepting the taxpayer money."[8]

As part of his reporting for CIR over the last decade, Mr. Evans has submitted numerous FOIA requests to OFCCP for EEO-1 Type 2 reports and data. In addition to the FOIA request addressed herein, Mr. Evans has previously requested EEO-1 Type 2 reports regarding specific companies and CIR has previously sued DOL twice over its refusal to release these reports on the basis of Exemption 4. The first of these lawsuits was voluntarily dismissed in 2018 after DOL reversed its prior determination that five companies' reports were exempt.[9] In the second lawsuit, the court granted summary judgment to CIR, ruling in December 2019, "the Government failed to make a showing that the demographic information contained in the EEO-1 reports is commercial.[10] As a result, the Government was not justified in applying Exemption 4 to the EEO-1 reports, and the court ruled they "must be produced unredacted."[11] The government chose not to appeal that ruling and the U.S. Ninth Circuit Court of Appeals recently

---

[5] Members of Congress have called for greater access to diversity reports, both via companies' proactive disclosures and via OFCCP's disclosures under FOIA. *See, e.g.*, Jessica Guyun, *Barbara Lee calls on Apple, tech holdouts to release diversity data*, USA TODAY, Aug. 4, 2015, https://www.usatoday.com/story/tech/2015/08/04/barbara-lee-black-caucus-federal-diversity-data- apple/31128479.

[6] The Federal Glass Ceiling Commission, created by the Civil Rights Act of 1991, stated in its 1995 report that the government should "explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publicly-traded corporations." GLASS CEILING COMM'N, *A Solid Investment: Making Full Use of the Nation's Human Capital* 42-43, Nov. 1, 1995, https://ecommons.cornell.edu/handle/1813/79349.

[7] For example, civil rights activist Rev. Jesse Jackson has called on companies to release diversity statistics. *See* Salvador Rodiguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html.

[8] Letter from Emanuel Cleaver II, Member of Congress, U.S. House of Representatives, to Alexander Acosta, Secretary, U.S. Department of Labor (Mar. 6, 2019), https://cleaver.house.gov/sites/cleaver.house.gov/files/DOL_FOIA.pdf.

[9] *Ctr for Investigative Reporting v. Dep't of Labor*, No. 3:18-cv-02008 (N.D. Cal. Dec. 21, 2018).

[10] *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019).

[11] *Id.*

3

left it undisturbed following a belated challenge by the single holdout company whose data was at issue.[12]

OFCCP asserts that DOL regulations and Executive Order 12600 require notification to individual submitters to consult if this information qualifies as "confidential commercial information."[13]  First, the very same DOL regulations allow such notification "by posting or publishing notice reasonably likely to accomplish such notification" in cases where "notification to a voluminous number of submitters is required."[14]  Second, either time-consuming and burdensome notification process directly contradicts a federal court opinion requiring disclosure. Now that EEO-1 Type 2 reports have been ruled as outside the scope of Exemption 4, any such consultation is in contravention of a federal court decision.  The agency's own prior actions confirm this conclusion.  In a similar context, DOL released data online regarding workplace injuries and illnesses for tens of thousands of employers — without consulting with each company individually — after courts ruled this data is outside the scope of Exemption 4.[15]

## II.    Procedural History

Mr. Evans submitted the requested EEO-1 Type 2 data for all federal contractors more than three years ago, in January 2019.  He initially submitted three separate requests for annual data for the years 2016, 2017, and 2018.  *See* Exhibits A, B, and C.[16]  In May 2021, at OFCCP's request, Mr. Evans agreed to combine these requests into one FOIA request for all three years' worth of data.  *See* Exhibit D.  That combined request has been assigned OFCCP tracking number 872421.  *Id.*

On numerous occasions, OFCCP indicated that Mr. Evans's request required company-by-company consultation which posed logistical challenges due to the volume of federal contractors who might object to disclosure of their diversity data.  For example, in July 2019, the OFCCP FOIA office estimated that there were "more than 100,000 responsive records"

---

[12] *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022), https://cdn.ca9.uscourts.gov/ datastore/opinions/2022/05/12/20-16416.pdf (dismissing company's untimely appeal for lack of jurisdiction).

[13] 29 C.F.R. § 70.26; *see also* OFCCP FOIA website, *supra* note 3.

[14] 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.")

[15] DOL, *U.S. Department of Labor Releases Work-Related Injury and Illness Data*, Sept. 4, 2020, https://www.dol.gov/newsroom/releases/osha/osha20200904; *see also Ctr. for Investigative Reporting v. Dep't of Labor*, No. 4:18-cv-02414, 2020 WL 2995209 (N.D. Cal. June 4, 2020); *Public Citizen Foundation v. Dep't of Labor*, No. 1:18-cv-00117 (D.D.C. June 23, 2020).

[16] The FOIA request for the 2016 EEO-1 Type 2 data was submitted on January 10, 2019, and assigned tracking number 872421.  Ex. A.  The FOIA request for the 2017 data was submitted on March 25, 2019, and assigned tracking number 875877.  Ex. B.  The FOIA request for the 2018 data was submitted on September 11, 2020, and assigned tracking number 897123.  Ex. C.

4

pertaining to the 2016 data, and that "the cost in sending more than 100,000 letters would be unduly burdensome." *See* Exhibit E. Following the December 2019 ruling in CIR's favor, OFCCP suggested the court's ruling did not have any "precedential effect" and that it was obligated to consult individual federal contractors in response to Mr. Evans's request for aggregate data. *See* Exhibit F at 2. In December 2020, for example, OFCCP estimated that this request involved "the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries." *Id.*

Since January 2021, OFCCP has not answered CIR's questions about what steps, if any, the agency has taken to date to consult with companies whose data is at issue in Mr. Evans's request. *Id.* at 1.

## III.    Discussion

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Under FOIA, "each agency . . . shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A). "Congress underscored the importance it attached to prompt responses by allowing judicial recourse, bypassing administrative exhaustion, if an agency fails to meet statutory timetables for disclosure or to justify its delay in making nonexempt records available upon request." *Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 775–76 (D.C. Cir. 2018). "[A]n agency's compliance with FOIA depends upon its good faith effort and due diligence to comply with all lawful demands for records in as short a time as is possible." *Id.* at 781 (cleaned up).

Here, more than *three years* after receiving Mr. Evans's initial request, OFCCP has failed to fulfill it. OFCCP has justified this extensive delay based on its suggestion that the federal court's decision in the Northern District of California did not have precedential effect and the difficulty of notifying thousands of companies whose data is at issue. Ex. F at 2. CIR asserts that this position is faulty and to remedy the circumstances the agency should: 1) immediately disclose the requested records and 2) proactively notify all companies moving forward that these records will be disclosed.

### A.    OFCCP is Bound by Court Decisions Requiring Disclosure of EEO-1 Type 2 Reports.

By continuing to withhold the long-overdue diversity data, OFCCP is acting outside the bounds of law. Contrary to the agency's suggestion, Judge Westmore's ruling that diversity data is outside Exemption 4 does, in fact, have "precedential effect," particularly since the Ninth Circuit left that decision undisturbed. The plain text of FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant,'" and agencies must comply with court disclosure orders. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Under the "law of the circuit doctrine, a published decision of [a federal appellate] court constitutes binding authority which must be

1400 65th, Suite 200 Emeryville, CA 94608
PHONE 510 809 3160 ▮▮▮▮▮▮▮▮▮▮ TWITTER @CIRonline
▮▮▮▮▮▮▮▮ WEB cironline.org

followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (cleaned up).

Here, both the district court and the appeals court decisions create binding law on the agency. Just two years ago, Judge Westmore ruled on CIR's request for 2016 EEO-1 report data and concluded that the "Government was not justified in applying Exemption 4" to this information, requiring the EEO-1 reports to "be produced unredacted." *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). DOL elected not to appeal that decision, and subsequently the U.S. Ninth Circuit Court of Appeals found it lacked jurisdiction to disturb Judge Westmore's order. *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022). The December 10, 2019 order generally remains in effect, as the parties, including the Government, stipulated that it would only be stayed as to the "disclosure of the requested Synopsys information." *Ctr. for Investigative Reporting*, No. 4:19-cv-01843, ECF No. 87, ¶¶ 2-3 (N.D. Cal. July 28, 2020). Given that the December 10, 2019 order remains in force, that the Government chose not to appeal it, and that the Government opposed the company's attempt to intervene for the sole purpose of appealing it, CIR is perplexed by DOL's current plan of action as to FOIA Request No. 872421. According *Kissinger* and *In re Zermeno*, DOL must disclose the records and the agency has not presented any other to the contrary. We hope this clarifies any remaining confusion and that the agency will disclose the requested records immediately to avoid needless, repetitive litigation – for a third time.

### B.  OFCCP Should Proactively Publish the Requested Records on Its Website.

The same DOL regulation OFCCP invokes to justify its delay also offers a solution for future requests involving EEO-1s: To mitigate the burden and expense of notifying a "voluminous number of submitters," OFCCP can notify all companies simultaneously by posting a notice on its website before proactively publishing these records on its website. 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.").

OFCCP has various options for notifying companies by publication. It could publish a notice in the Federal Register, as DOL previously did to alert companies about a FOIA lawsuit and underlying request.[17] Another agency with similar regulations about "voluminous" notifications recently published notices in the Federal Register.[18] Alternatively, OFCCP could

---

[17] 71 Fed. Reg. 20,732 (April 21, 2006), *available at* https://www.federalregister.gov/documents/2006/04/21/06-3795/freedom-of-information-act-notice-of-lawsuit (notice from the Occupational Health and Safety Administration regarding air sampling data). *See also Finkel v. Dep't of Lab.*, No. CIV A 05-5525, 2007 WL 1963163, at *2 (D.N.J. June 29, 2007).

[18] 81 Fed. Reg. 75,838 (Nov. 1, 2016), *available at* https://www.federalregister.gov/documents/2016/11/01/2016-26412/freedom-of-information-act-notice-of-lawsuit (notice from the U.S. Fish and Wildlife Service regarding FOIA request and lawsuit for data about import and export of wildlife specimens); 81 Fed. Reg. 85,255 (Nov. 25,

issue a press release, as DOL did regarding disclosure of its workplace injury data.[19]  Whatever the venue, DOL should avail itself of its regulatory authority to notify the "voluminous" number of companies – and begin to proactively publishing these records online, as other DOL components such as OSHA have done with comprehensive datasets after courts ruled that they could not be withheld.

## IV.    Conclusion

Rather than continue to delay Mr. Evans's long-overdue request for EEO-1 Type 2 data, DOL should disclose the requested records.  Moving forward it should exercise its authority to notify companies and begin proactive publication.  We request that OFCCP respond to this letter **within two weeks of receipt** to discuss any clarifying points and the agency's intended course of action to resolve this matter.  You may reach me at vbaranetsky@revealnews.org or (201) 306-4831.


Sincerely,


Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting


cc:    Will Evans, Senior Reporter and Producer, The Center for Investigative Reporting
       Shawn Musgrave, First Amendment Fellow, The Center for Investigative Reporting

---

2016), *available at* https://www.federalregister.gov/documents/2016/11/25/2016-28379/freedom-of-information-act-notice-of-lawsuit (same).  *See also* 43 C.F.R. § 2.27(b) ("If a voluminous number of submitters are involved, [a bureau of the Department of the Interior] may publish a notice in a manner reasonably calculated to reach the attention of the submitters (for example, in newspapers or newsletters, the bureau's Web site, or the Federal Register) instead of providing a written notice to each submitter.").
[19] *Supra* note 15.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160                                      TWITTER @CIRonline
                        WEB  cironline.org

# Exhibit A



**Shawn Musgrave <smusgrave@revealnews.org>**

---

# Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                              Thu, Oct 14, 2021 at 2:41 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **FOIARequests** <FOIARequests@dol.gov>
Date: Tue, Jan 15, 2019 at 2:35 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **872421**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor l Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 l Washington, DC  20210

T: (202) 693-5531 l F: (202) 693-5389 l  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Thursday, January 10, 2019 7:13 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:


**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**


I am requesting this data in electronic format, by email.


There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.


Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."


Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."


There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)


I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit B



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                              Thu, Oct 14, 2021 at 2:38 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Mon, Mar 25, 2019 at 1:32 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **875877**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, March 25, 2019 1:57 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209

[www.revealnews.org](http://www.revealnews.org)


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
[www.revealnews.org](http://www.revealnews.org)

Exhibit C



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: Acknowledgment
1 message

**Will Evans** <wevans@revealnews.org>                                    Fri, Oct 15, 2021 at 6:51 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Fri, Sep 18, 2020 at 12:50 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to the Office of Federal Contract Compliance Programs (OFCCP) with
tracking number **897123**. When they begin processing it, you will be able to track its progress at
www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through
ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking
number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Friday, September 11, 2020 8:26 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **as federal contractor EEO-1s have been determined to be public records that must be disclosed, not confidential commercial information**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



October 2, 2020


Via Electronic Mail

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request submitted to *foiarequest@dol.gov*.  The Office of the Solicitor assigned your request to the Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020.  Please refer to the above-referenced FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be assessed, excluding charges for the first 100 pages.  You will receive written notification if the total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data.  Once we compile the data, we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required to notify submitters that their information has been requested under the FOIA to give them an opportunity to object in writing to disclosure of any specified portion of the requested information.  For those submitters who do not object, we will provide the information with any necessary redactions consistent with FOIA.  For those submitters who do object, OFCCP will evaluate any response provided by the submitter as to why the requested information should be withheld and make its own determination as to whether the specific facts and relevant law warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill. Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i). We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor. As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN Digitally signed by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

# Exhibit D



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: amendment request

**Will Evans** <wevans@revealnews.org>                                    Thu, Sep 30, 2021 at 10:28 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Date: Tue, May 11, 2021 at 9:05 AM
Subject: RE: amendment request
To: Will Evans <wevans@revealnews.org>

Dear Mr. Evans,

We have modified request 872421 to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal
contractors for the years 2016 through 2018.

We will administratively close request 897123.

Cordially,

Bruce Andersen

The OFCCP FOIA Team

---

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, May 10, 2021 1:02 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** amendment request

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding
with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

I would like to amend my FOIA request #872421 to include a spreadsheet of all consolidated (Type 2) EEO-1 reports for
all federal contractors for 2017 and 2018 as well as 2016.

Case 3:22-cv-07182-WHA        Document 1-12    Filed 11/15/22    Page 25 of 32

If you agree to this amendment, I will withdraw my separate FOIA #897123 for the 2018 data.


Please let me know.
Thank you very much.
Best,

Will Evans
--

Will Evans

reporter

office: 510-809-2209

cell: 510-333-9584



[www.revealnews.org](http://www.revealnews.org)


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
[www.revealnews.org](http://www.revealnews.org)

# Exhibit E

**U.S. Department of Labor**    Office of Federal Contract
Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUL 18 2019

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 872421

Dear Mr. Evans:

This letter is a follow-up to your Freedom of Information Act (FOIA) request submitted to the
Office of Federal Contract Compliance Programs (OFCCP). Please refer to the above-referenced
FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2016. As you know from your earlier requests, in accordance with 29 CFR §
70.26, OFCCP is required to notify submitters that their business information has been requested
under the FOIA to give them an opportunity to object in writing to disclosure of any specified
portion of the requested information.

Though you request is reasonably described, we have determined that there are more than
100,000 responsive records. Reaching out to each of the companies affected by your voluminous
request would overwhelm the OFCCP FOIA unit for the foreseeable future, and the cost in
sending more than 100,000 letters would be unduly burdensome. If you wish to narrow the scope
of your request, please send a revised request to the address referenced above or send an e-mail
to OFCCP_NO_FOIA@dol.gov. In the event that we do not receive a response from you within
thirty (30) days from the date of this letter, we will administratively close your request.

Should you have questions regarding your request, please contact this office at (202) 693-0101
or by email at OFCCP_NO_FOIA@dol.gov. If you need further assistance or would like to
discuss any aspect of your request, please do not hesitate to contact the DOL FOIA Public
Liaison, Thomas Hicks, at (202) 693-5427.

Alternatively, you may contact the Office of Government Information Services within the
National Archives and Records Administration (OGIS) to inquire about the mediation services
they offer. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD
20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at (202) 741-
5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

Sincerely,

D. Lissette Geán
Special Assistant

# Exhibit F



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123

**Will Evans** <wevans@revealnews.org>                                    Thu, Sep 30, 2021 at 10:30 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---

---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Thu, Jan 7, 2021 at 9:13 AM
Subject: Re: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL <hicks.thomas@dol.gov>


VIA E-MAIL

   Doris Lissette Geán
   FOIA Manager
   Department of Labor
   200 Constitution Avenue, N.W.
   Washington, D.C. 20210
   OFCCP_NO_FOIA@dol.gov


Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123


Dear Ms. Geán,

We are following up on your December 18, 2020 e-mail. While we are considering are options as to the Department of Labor's current position as to our reporter's request, we seek answers to the following questions:

   1. When did the Department provide E.O. 12600 notices to submitters?
   2. Have any submitters responded, either objecting or consenting?
   3. For those submitters who have consented or have waived their opportunity to object due to the passage of a reasonable amount of time, would the Department be able to provide their submitted reports on a rolling basis.

We appreciate your attention to these inquiries.

Sincerely,

10/14/21, 11:32 AM    Ctr. for Investigative Reporting – DOL: Freedom of Information Act Requests – Tracking Nos. 818077 and 897123

Case 3:22-cv-07182-WHA   Document 12   Filed 11/15/22   Page 31 of 32

Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Reporter, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

On Fri, Dec 18, 2020 at 9:32 AM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:
Via Electronic Mail

Dear Ms. Gutierrez:

We have received your December 11, 2020, e-mail inquiring about outstanding FOIA requests that, combined, seek two years (2016 and 2018) of EEO-1 consolidated (Type 2) reports for all federal contractors.

As you are aware, we have complied with the district court's order and released the 2016 reports of the individual submitters who have not appealed the court's decision in the matter of *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). Your outstanding FOIA requests seek the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries whose reports are not subject to that court order.

We continue to be subject to Executive Order 12600 and are obligated to notify submitters of requests for their potentially confidential commercial information. *See* 29 C.F.R. § 70.26. Under Executive Order 12600, we must afford submitters a reasonable period of time to object to the disclosure of any portion of the information and to state all grounds upon which disclosure is opposed. The submitters that are the subject of your request have not had the opportunity to demonstrate whether their EEO-1, Type 2 reports contain confidential commercial information. Moreover, while we do not believe that the Northern California's District Court's decision in *Center for Investigative Reporting* has precedential effect on all EEO-1, Type 2 reports, we note that this matter is currently on appeal before the U.S. Court of Appeals for the Ninth Circuit and there is still a chance that the district court's holding may be overturned.

Sincerely,

D. Lissette Geán

FOIA Manager

--
Alexandra M. Gutierrez
First Amendment Fellow
**(c)** 907-209-1799

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org