# Exhibit L

U.S. Department of Labor        Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



June 15, 2022

*Via Electronic Mail:* vbaranetsky@revealnews.org

Victoria D. Barenetsky
General Counsel
The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request – Tracking No. 872421

Dear Ms. Baranetsky:

We are in receipt of your correspondence of May 23, 2022, (hereinafter "Baranetsky Correspondence) to Secretary Walsh, Solicitor Nanda, and Director Yang regarding FOIA Request #872421 from Will Evans of the Center for Investigative Reporting (CIR) to the Office of Federal Contract Compliance Programs (OFCCP) for consolidated Type 2 EEO-1 reports for all federal contractors from 2016-2018.[1]  This correspondence has been referred to the undersigned for response.

As an initial matter, the Department of Labor (Department) continues to strongly disagree with CIR's assertion that the Department is in "direct contravention of law" by not immediately disclosing the thousands of EEO-1 reports from 2016-2020 (hereinafter "EEO-1 reports") responsive to FOIA Request #872421.  The recent Northern District of California decision referenced in your letter[2] addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports for which CIR now demands immediate disclosure.  Furthermore, the subsequent Ninth Circuit decisions[3] were limited to purely jurisdictional issues and explicitly did not reach the merits of the district court decision.

We also disagree with CIR's position that OFCCP can proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure.  The Department's disclosure regulations at 29 C.F.R. part 70, consistent with Executive Order 12600, require the Department to provide notice to submitters "whenever it has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but

---

[1] Within the last month, CIR sent a new FOIA request to the Department for Type 2 EEO-1 reports for all federal contractors for the years 2019 and 2020 as well.  As agreed to by Mr. Evans, OFCCP has combined this request with FOIA Request #872421 for processing.
[2] *Ctr. For Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).
[3] *Evans v. Synopsis*, 34 F.4th 762 (9th Cir. 2022); *Synopsis v. Dep't of Labor*, Nos. 20-16414 and 20-16416, Dkt. No. 53-1 (9th Cir. May 12, 2022).

has not yet determined whether the information is protected from disclosure…,"[4] and to provide submitters with a reasonable period of time to object to the disclosure and state their grounds for doing so. Indeed, were the Department to immediately release all Type 2 EEO-1 reports as CIR recommends, it would be at risk of substantial liability in reverse FOIA actions if the reviewing court(s) found that Exemption 4 did apply to the EEO-1 records, and that in releasing them to the public the Department had violated its own regulations and improperly disclosed the confidential commercial information of thousands of federal contractors.

We do, however, agree with CIR that the Department may effectuate notice to all federal contractors via "posting and publishing the notice in a place reasonably calculated to accomplish notification."[5] The Department will publish a notice in the Federal Register and on the Department's public-facing website that it has received FOIA requests seeking Type 2 EEO-1 records from all federal contractors that filed them from 2016-2020, and pursuant to its regulations,[6] the Department will provide an opportunity for the submitters to respond.

If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone at (202) 693-0101.

Sincerely,


Kelechi Ahaghotu
Branch Chief of Information Services
Division of Management and Administrative Programs

---

[4] 29 C.F.R. § 70.26(d)
[5] 29 C.F.R. § 70.26(j)
[6] *Id.* at § 70.26(e) ("A component will allow a submitter a reasonable time to respond to the notice described in [29 C.F.R. § 70.26(c)]…."