STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36045
    San Francisco, California 94102
    Telephone: (415) 436-7025
    Facsimile: (415) 436-7234
    pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE CENTER FOR INVESTIGATIVE
REPORTING and WILL EVANS,

    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
LABOR,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:22-cv-07182-WHA

**ANSWER OF DEFENDANT UNITED STATES
DEPARTMENT OF LABOR**

    Defendant the United States Department of Labor ("DOL" or "Defendant") hereby responds to

the Complaint for Injunctive Relief ("Complaint") filed by Plaintiffs The Center for Investigative

Reporting ("CIR") and Will Evans (collectively "Plaintiffs") as follows:[1]

## INTRODUCTION

    1.    The allegations contained in Paragraph 1 constitute Plaintiffs' characterization of this

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of Plaintiffs' Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

1  action brought pursuant to the Freedom of Information Act ("FOIA") and their reasons for bringing this

2  action to which no response is required.  To the extent any further response is required, Defendant

3  admits that Plaintiffs purport to bring this action under the Freedom of Information Act ("FOIA"), 5

4  U.S.C. § 552 *et seq*.  Defendant denies any remaining allegations contained in Paragraph 1.

5  2.  Defendant admits that Plaintiffs submitted three FOIA requests to DOL between January

6  2019 and September 2020 (the "Requests").[2]  Defendant denies that these Requests as submitted sought

7  disclosure of consolidated (Type 2) EEO-1 reports for the years 2016 through 2020.  Defendant avers

8  that Plaintiffs submitted a fourth FOIA request on June 2, 2022.  The remaining allegations contained in

9  Paragraph 2 consist of Plaintiffs' characterization of the subject matter of their FOIA requests, to which

10  no response is required.  Defendant respectfully refers the Court to Plaintiffs' FOIA requests for a full

11  and accurate statement of their contents.

12  3.  Defendant denies the allegations contained in Paragraph 3.  Defendant avers that the first

13  FOIA Request, 872421, was modified to include the second FOIA Request, 875877, and the third FOIA

14  Request, 897123, after which those requests were administratively closed.  Additionally, on June 3,

15  2022, FOIA Request 872421 was further modified, after a fourth related FOIA request was made by

16  Plaintiffs in a June 2, 2022 email, to include additional years of data for 2019 and 2020. As of June 3,

17  2022, FOIA Request 872421 encompasses the consolidated (Type 2) EEO-1 reports for all federal

18  contractors for the years 2016 through 2020.  Defendant respectfully refers the Court to Defendant's

19  FOIA responses for a full and accurate statement of their contents.

20  4.  Defendant denies the allegations contained in Paragraph 4.  Defendant avers that the final

21  FOIA request received and consolidated into FOIA Request 872421 was received on June 2, 2022, and

22  that it continues to process Plaintiffs' FOIA Request 872421 as required under the FOIA statute and the

23  Department's regulations.

24  5.  The allegations contained in Paragraph 5 consist of Plaintiffs' characterizations of prior

25

26  _____

27  [2] The three FOIA Requests noted were originally assigned the tracking numbers 872421 (request for "[a] spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016"), 875877 (request for "[a] spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017"), and 897123 (request for "[a] spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018").

28

1   litigation and conclusions of law to which no response is required.  To the extent any further response is

2   required, Defendant denies the allegations contained in Paragraph 5 to the extent that they imply that the

3   substantive FOIA ruling in *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D.

4   Cal. 2019), was affirmed by the Ninth Circuit.  Defendant avers that the Ninth Circuit dismissed the

5   appeal for lack of jurisdiction *sub nom. Evans v. Synopsys, Inc.*, 34 F.4th 762 (2022).

6        6.      The allegations contained in Paragraph 6 constitute Plaintiffs' characterizations of prior

7   litigation and conclusions of law, and Plaintiffs' opinions, interpretations, and/or speculation to which

8   no response is required.  To the extent that any further response is required, Defendant denies the

9   allegations contained in Paragraph 6.  Defendant specifically denies these allegations to the extent they

10  imply that *this* Court has made any prior ruling requiring the release of EEO-1 reports or that DOL has

11  acted in abrogation of FOIA.

12       7.      Defendant admits that Plaintiffs sent several communications regarding the FOIA

13  Requests to OFCCP.  The remaining allegations contained in Paragraph 7 consist of Plaintiff's

14  characterization of the content of these communications and/or conclusions of law to which no response

15  is required.  Defendant respectfully refers the Court to these communications for a full and accurate

16  statement of their contents.  To the extent any further response is required, Defendant denies the

17  allegations contained in Paragraph 7 and specifically denies these allegations to the extent that they

18  imply that the substantive FOIA ruling in *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F.

19  Supp. 3d 771 (N.D. Cal. 2019), was affirmed by the Ninth Circuit.

20       8.      The allegations contained in Paragraph 8 contain conclusions of law, Plaintiffs'

21  characterization of prior litigation, Plaintiffs' characterization of communications from Defendant, and

22  an ambiguous cross-reference citation to which no response is required.  Defendant respectfully refers

23  the Court to the referenced communications for a full and accurate statement of their contents.  To the

24  extent any further response is required, Defendant denies the allegations contained in Paragraph 8.

25       9.      Defendant admits that on August 19, 2022, it published a notice in the Federal Register,

26  and respectfully refers the Court to the Federal Register notice for a full and accurate statement of its

27  contents.  Defendant denies any remaining allegations contained in Paragraph 9.

28       10.     The allegations in Paragraph 10 consist of Plaintiffs' characterization of Defendant's

August 19, 2022, Federal Register notice.  Defendant respectfully refers the Court to the Federal Register notice for a full and accurate statement of its contents.

11.     Defendant admits that it has not yet released records pertaining to FOIA Request 872421. Defendant further avers that it is continuing to process the records as required under the FOIA statute and its regulations.  The remaining allegations contained in Paragraph 11 consist of conclusions of law to which no response is required.  To the extent any further response is required, Defendant denies the allegations contained in the second sentence of Paragraph 11.

12.     The allegations contained in Paragraph 12 constitute Plaintiffs' opinions and/or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, and do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  On that basis, Defendant denies the allegations contained in Paragraph 12.

13.     The allegations contained in Paragraph 13 consist of conclusions of law to which no response is required.  To the extent any further response is required, Defendant denies the allegations contained in Paragraph 13.

14.     The allegations contained in Paragraph 14 consist of Plaintiffs' characterization of their request for relief, to which no response is required.  Defendant denies the allegations contained in Paragraph 14 to the extent they assert that Plaintiffs are entitled to immediate release of the Defendant's records.

**JURISDICTION**

15.     Paragraph 15 contains Plaintiffs' legal conclusions regarding jurisdiction to which no response is required.  To the extent any further response is required, Defendant admits this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of FOIA.

**VENUE AND INTRADISTRICT ASSIGNMENT**

16.     Paragraph 16 contains Plaintiffs' legal conclusions regarding venue to which no response is required.  To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 16, and on that basis denies them.

17.     Paragraph 17 contains Plaintiffs' legal conclusions regarding intradistrict assignment to

1  which no response is required.  To the extent any further response is required, Defendant states that it

2  lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations

3  contained in Paragraph 17, and on that basis denies them.

4  **PARTIES**

5  18.    Defendant lacks sufficient information or knowledge to form a belief as to the truth or

6  falsity of the allegations contained in Paragraph 18, and on that basis denies them.

7  19.    Defendant lacks sufficient information or knowledge to form a belief as to the truth or

8  falsity of the allegations contained in Paragraph 19, and on that basis denies them.

9  20.    Defendant admits that DOL is a Department of the Executive Branch of the United

10  States, and that the Office of Federal Contract Compliance Programs ("OFCCP") is a component of

11  DOL.  Defendant further admits that DOL has its headquarters in Washington, D.C., with offices located

12  throughout the country, including in Oakland and San Francisco, California.  The remaining allegations

13  contained in Paragraph 20 constitute legal conclusions to which no response is required.

14  **FACTUAL BACKGROUND**

15  **EEO-1 Reports and OFCCP**

16  21.    Paragraph 21 contains Plaintiffs' characterization of a statute regarding OFCCP's

17  mandate and duties, and does not set forth a claim for relief or aver facts in support of a claim to which a

18  response is required.    Defendant respectfully refers the Court to the cited statutory authority for a full

19  and accurate statement of its requirements.

20  22.    Paragraph 22 consists of Plaintiffs' characterization of information from OFCCP's

21  website, and does not set forth a claim for relief or aver facts in support of a claim to which a response is

22  required.   To the extent a response is required, Defendant respectfully refers the Court to the cited

23  website for a full and accurate statement of its contents.

24  23.    Paragraph 23 consists of Plaintiffs' characterization of information from OFCCP's

25  website and statutory authority, and does not set forth a claim for relief or aver facts in support of a

26  claim to which a response is required.  To the extent a response is required, Defendant respectfully

27  refers the Court to the cited website and statutory authority for a full and accurate statement of their

28  contents.

24.     Paragraph 24 contains Plaintiffs' characterization of legal requirements and information from OFCCP's website, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Defendant respectfully refers the Court to the cited website for a full and accurate statement of its contents.

25.     Paragraph 25 contains Plaintiffs' characterization of legal requirements and information from OFCCP's website, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Defendant respectfully refers the Court to the website and cited document for a full and accurate statement of their contents.

26.     The allegations contained in Paragraph 26 consist of conclusions of law to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the cited statutory authority for a full and accurate statement of its contents.

27.     Paragraph 27 contains Plaintiffs' characterization and quotation of information from the website of the Equal Employment Opportunity Commission ("EEOC") and of EEOC records, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendant respectfully refers the Court to the website and cited document for a full and accurate statement of their contents.

28.     Paragraph 28 contains legal conclusions and Plaintiffs' characterization and quotation of information from the EEOC's website and of EEOC records, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Defendant respectfully refers the Court to the website and cited document and statutory authority for a full and accurate statement of their contents.

29.     Paragraph 29 contains Plaintiffs' characterization and quotation of information from OFCCP's website and of OFCCP records, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  Defendant respectfully refers the Court to the website and cited document for a full and accurate statement of their contents.

30.     Paragraph 30 contains legal conclusions and Plaintiffs' characterization and quotation of information from OFCCP's website and of OFCCP records, to which no response is required. Defendant respectfully refers the Court to the website and cited document for a full and accurate

statement of their contents.  Defendant avers that when it receives a FOIA request for submitter information, it follows its applicable notification regulation for predisclosure notification to submitters of information that may be protected from disclosure under Exemption 4, 29 C.F.R. § 70.26, as required by Executive Order No. 12,600, 3 C.F.R. 235 (1988).

31.  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, and on that basis denies them. Paragraph 31 further constitutes Plaintiffs' characterization of publicly available articles, to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies the allegations contained in Paragraph 31.  Defendant respectfully refers the Court to the cited articles for a full and accurate statement of their contents.

32.  The allegations in Paragraph 32 constitute Plaintiffs' opinions and/or subjective characterizations, interpretations, speculation, generalizations, and legal conclusions regarding EEO-1 Reports and regarding a publicly available report, to which no response is required, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies the allegations contained in Paragraph 32.  Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents.

33.  The allegations in Paragraph 33 constitute Plaintiffs' opinions and/or subjective characterizations, interpretations, speculation, generalizations, and legal conclusions regarding EEO-1 Reports and regarding a publicly available website and document, to which no response is required, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies the allegations contained in Paragraph 33.  Defendant specifically denies the general allegation that the EEO-1 reports do not contain sensitive or commercial information. Defendant respectfully refers the Court to the cited document for a full and accurate statement of its contents.

34.  The allegations in Paragraph 34 constitute Plaintiffs' opinions and/or subjective characterizations, interpretations, speculation, generalizations, and legal conclusions and citation to a publicly available third-party website, to which no response is required, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies

the allegations contained in Paragraph 34.  Defendant respectfully refers the Court to the cited website for a full and accurate statement of its contents.

35.     Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and on that basis denies them. Paragraph 35 further constitutes Plaintiffs' characterization of its actions and of publicly available articles, to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies the allegations contained in Paragraph 35. Defendant respectfully refers the Court to the cited articles for a full and accurate statement of their contents.

36.     Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 36, and on that basis denies them. Paragraph 36 further constitutes Plaintiffs' opinions and/or subjective characterizations, interpretations, speculation, and generalizations to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  On that basis, Defendant denies the allegations contained in Paragraph 36.

**CIR's EEO-1 FOIA Requests**

37.     Defendant admits that it received a FOIA request from Will Evans by email dated January 10, 2019, and that it assigned this request FOIA tracking No. 872421.  The remaining allegations contained in Paragraph 37 contain Plaintiffs' description and characterization of this FOIA request.  Defendant respectfully refers the Court to Plaintiffs' FOIA request for a full and accurate statement of its contents.

38.     Defendant admits that it received a FOIA request from Will Evans by email dated March 25, 2019, and that it assigned this request FOIA tracking No. 875877.  The remaining allegations contained in Paragraph 38 contain Plaintiffs' description and characterization of this FOIA request. Defendant respectfully refers the Court to Plaintiffs' FOIA request for a full and accurate statement of its contents.

39.     Defendant admits that DOL replied to Mr. Evans by letter on July 18, 2019.  The remaining allegations contained in Paragraph 39 constitute Plaintiffs' quotation and characterization of

1  that letter, to which no response is required.  Defendant respectfully refers the Court to that email for a

2  full and accurate statement of its contents.

3      40.     Defendant admits that it received an email from Will Evans on August 8, 2019.  The

4  remaining allegations contained in Paragraph 40 constitute Plaintiffs' characterization of that email, to

5  which no response is required.  Defendant respectfully refers the Court to that email for a full and

6  accurate statement of its contents.

7      41.     Defendant admits that it received a FOIA request from Will Evans by email dated

8  September 11, 2020, and that it assigned this request FOIA tracking No. 897123.  The remaining

9  allegations contained in Paragraph 41 contain Plaintiffs' description and characterization of their FOIA

10 request.  Defendant respectfully refers the Court to Plaintiffs' FOIA request for a full and accurate

11 statement of its contents.

12     42.     Defendant admits that DOL sent Mr. Evans a letter on October 2, 2020.  The remaining

13 allegations contained in Paragraph 42 constitute Plaintiffs' characterization of that letter, to which no

14 response is required.  Defendant respectfully refers the Court to that letter for a full and accurate

15 statement of its contents.

16     43.     The allegations contained in Paragraph 43 constitute Plaintiffs' characterization of the

17 letter sent by DOL to Mr. Evans on October 2, 2020, to which no response is required.  Defendant

18 respectfully refers the Court to that email for a full and accurate statement of its contents.

19     44.     Defendant admits that it received an email from CIR on October 30, 2020.  The

20 remaining allegations contained in Paragraph 44 constitute Plaintiffs' characterization of that email,

21 conclusions of law, characterizations of prior litigation, and citations to publicly available articles and a

22 district court case, to which no response is required.  Defendant respectfully refers the Court to that

23 email and its citations for a full and accurate statement of their contents.  Defendant specifically denies

24 the allegations contained in Paragraph 44 to the extent that they imply that the substantive FOIA ruling

25 in *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019), was

26 affirmed by the Ninth Circuit.

27     45.     Defendant admits that it responded to CIR by email on November 7, 2020.  The

28 remaining allegations contained in Paragraph 45 constitute Plaintiffs' characterization of that email, to

which no response is required.  Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

46.     Defendant admits that it received an email from CIR on December 11, 2020.  The remaining allegations contained in Paragraph 46 constitute Plaintiffs' characterization of that email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

47.     Defendant admits that DOL sent CIR an email on December 18, 2020.  The remaining allegations contained in Paragraph 47 constitute Plaintiffs' quotation and characterization of that email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

48.     The allegations contained in Paragraph 48 constitute Plaintiffs' quotation and characterization of DOL's December 18, 2020 email to CIR, to which no response is required. Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

49.     The allegations contained in Paragraph 49 constitute Plaintiffs' characterization of DOL's December 18, 2020 email to CIR, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

50.     Defendant admits that it received an email from CIR on January 7, 2021.  The remaining allegations contained in Paragraph 50 constitute Plaintiffs' characterization of that email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant admits that it received an email from Will Evans dated May 10, 2021.  The remaining allegations contained in Paragraph 52 contain Plaintiffs' characterization of that email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

53.     Defendant denies the allegations contained in Paragraph 53.  Defendant avers that OFCCP modified the first FOIA Request, 872421, to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2018 and informed Mr. Evans that it

1  would administratively close FOIA Request 897123 (request for "[a] spreadsheet of all consolidated

2  (Type 2) EEO-1 reports for all federal contractors for 2018").  Defendant respectfully refers the Court to

3  the email communications in Exhibit I for a full and accurate statement of their contents.

4        54.     Defendant admits that it received a FOIA request from Will Evans by email dated June 2,

5  2022.  Defendant denies that the request sought data from 2019 and 2018.  Defendant avers that the June

6  2, 2022 FOIA Request from Mr. Evans sought a spreadsheet of all consolidated (Type 2) EEO-1 reports

7  for all federal contractors for 2019 and 2020.  Defendant further avers that it sent a response to Mr.

8  Evans on June 3, 2021, and that it modified FOIA Request No. 872421 to include data for the additional

9  years requested.  Defendant further avers that as of June 3, 2022, FOIA Request 872421 encompassed

10  the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020.

11  Defendant respectfully refers the Court to Plaintiffs' FOIA request for a full and accurate statement of

12  its contents.[3]

13              **CIR's Objection Letter to the Department of Labor Solicitor**

14        55.     Defendant admits that it received a letter from CIR dated May 23, 2022 and that it did not

15  appeal the District Court's December 10, 2019 ruling in *Ctr. for Investigative Reporting v. Dep't of*

16  *Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).  The remaining allegations contain Plaintiffs'

17  characterization of that letter, to which no response is required.  Defendant respectfully refers the Court

18  to that letter for a full and accurate statement of its contents.  Defendant denies the remaining allegations

19  contained in Paragraph 55 and specifically denies these allegations to the extent that they imply that the

20  substantive FOIA ruling in *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D.

21  Cal. 2019), was affirmed by the Ninth Circuit.

22        56.     The allegations contained in Paragraph 56 constitute Plaintiffs' characterization of CIR's

23  May 23, 2022 letter to Defendant, to which no response is required.  Defendant respectfully refers the

24  Court to that letter for a full and accurate statement of its contents.

25        57.     Defendant admits that it replied to CIR's May 23, 2022 letter by letter dated June 15,

26  2022.  The remaining allegations contained in Paragraph 57 constitute Plaintiffs' quotation and

---

[3] The corresponding Exhibit is incorrectly identified in the Complaint as "Exhibit I."  The correspondence referenced in Paragraph 54 is located at Exhibit J.

characterization of Defendant's June 15, 2022 response, to which no response is required.  Defendant respectfully refers the Court to that response for a full and accurate statement of its contents.

58.     The allegations contained in Paragraph 58 constitute Plaintiffs' quotation and characterization of Defendant's June 15, 2022 letter to CIR, to which no response is required. Defendant respectfully refers the Court to that letter for a full and accurate statement of its contents.

59.     Defendant admits that it received an email from CIR dated June 16, 2022.  The remaining allegations contained in the first two sentences of Paragraph 59 constitute Plaintiffs' characterization of that email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents. [4]  Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 59, and on that basis denies them.

60.     Defendant admits that it replied to CIR's June 16, 2022 email by email dated June 27, 2022.  The allegations contained in the first sentence of Paragraph 60 constitute Plaintiffs' characterization of Defendant's June 27, 2022 response, to which no response is required.  Defendant respectfully refers the Court to that response for a full and accurate statement of its contents.  Defendant admits that it received a response from CIR, which was dated June 30, 2022.  The allegations contained in the second sentence of Paragraph 60 constitute Plaintiffs' characterization of CIR's June 30, 2022 response, to which no response is required.  Defendant respectfully refers the Court to that response for a full and accurate statement of its contents.

61.     Defendant admits that it replied to CIR's June 30, 2022 email by email dated July 6, 2022.  The allegations contained in the first sentence of Paragraph 61 constitute Plaintiffs' characterization of Defendant's July 6, 2022 response, to which no response is required.  The allegations contained in the second sentence of Paragraph 61 consist of conclusions of law to which no response is required.  To the extent any further response is required, Defendant denies the allegations contained in the second sentence of Paragraph 61.

62.     Defendant admits only that it received an email from CIR dated August 5, 2022, and that

---

[4] The corresponding Exhibit is incorrectly identified in the Complaint as "Exhibit L."  The correspondence referenced in Paragraphs 59 through 62 is located at Exhibit M.

1   it replied to CIR's email on August 5, 2022.  The remaining allegations contain conclusions of law,

2   Plaintiffs' characterization of its reason for sending an email on August 5, 2022, and Plaintiff's

3   characterization of the content of those emails, to which no response is required.  Defendant respectfully

4   refers the Court to that email correspondence for a full and accurate statement of their contents.

5   Defendant denies any remaining allegations contained in Paragraph 62.

**OFCCP's Federal Register Notice**

7   63.    Defendant admits only that on August 19, 2022, it published a notice in the Federal

8   Register.  The remaining allegations contained in Paragraph 63 contain conclusions of law and

9   Plaintiffs' characterization of the Federal Register notice, to which no response is required.  Defendant

10   respectfully refers the Court to the Federal Register notice for a full and accurate statement of its

11   contents.  Defendant denies any remaining allegations contained in Paragraph 63.

12   64.    Defendant admits only that it published its "Evans FOIA Correspondence Since 2019" to

13   its online OFCCP FOIA Library on or about September 23, 2022.  Defendant avers that this release was

14   in response to a FOIA request from a third party. The remaining allegations contained in Paragraph 64

15   constitute conclusions of law and Plaintiffs' opinions and/or subjective characterizations, interpretations,

16   speculation, and generalizations to which no response is required.  Defendant respectfully refers the

17   Court to the cited OFCCP FOIA Library records for a full and accurate statement of their contents.

18   Defendant denies any remaining allegations contained in Paragraph 64.

19   65.    The allegations in Paragraph 65 consist of Plaintiffs' characterization of Defendant's

20   August 19, 2022 Federal Register notice.  Defendant respectfully refers the Court to the Federal Register

21   notice for a full and accurate statement of its contents.

22   66.    Defendant admits only that it extended the deadline for contractors to submit written

23   objections to October 19, 2022.  Defendant avers that it announced this extension via its website on the

24   OFCCP Submitter Notice Response Portal.  Defendant respectfully refers the Court to the cited Federal

25   Register notice for a full and accurate statement of its contents.

26   67.    Defendant lacks sufficient information or knowledge to form a belief as to the truth or

27   falsity of the allegations contained in Paragraph 67, and on that basis denies them. Paragraph 67 further

28   constitutes Plaintiffs' characterization of publicly available articles, to which no response is required,

and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  On that basis, Defendant denies the allegations contained in Paragraph 67.  Defendant respectfully refers the Court to the cited articles for a full and accurate statement of their contents.

68.     Defendant admits that it sent an email to Mr. Evans on November 1, 2022.  The remaining allegations contained in Paragraph 68 constitute Plaintiffs' characterization of Defendant's November 1, 2022 email, to which no response is required.  Defendant respectfully refers the Court to that email for a full and accurate statement of its contents.

69.     The allegations contained in Paragraph 69 consist of conclusions of law to which no response is required.  To the extent any further response is required, Defendant avers that it is continuing to process FOIA Request 872421.  Defendant denies any remaining allegations contained in Paragraph 69.

70.     Defendant admits only that more than 20 working days have passed since January 15, 2019.  Defendant denies any remaining allegations or conclusions implied by the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     Paragraph 73 consists of consists of conclusions of law and Plaintiffs' characterization of the legal relief it seeks, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

74.     Defendant realleges and incorporates by reference its responses to Paragraphs 1-73 above as though fully set forth herein.

75.     The allegations contained in Paragraph 75 consist of Plaintiffs' conclusions of law and characterization of FOIA requirements, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75.

76.     Defendant denies the allegations contained in Paragraph 76.

77.     The allegations contained in Paragraph 77 consist of Plaintiffs' conclusions of law, to

1   which no response is required.  To the extent a response is required, Defendant denies the allegations

2   contained in Paragraph 77.

3          78.      Defendant denies the allegations contained in Paragraph 78.

4          79.      Defendant denies the allegations contained in Paragraph 79.

5                                      **REQUESTED RELIEF**

6          The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to which no

7   response is required.  To the extent these paragraphs are deemed to contain factual allegations,

8   Defendant denies those allegations and denies that Plaintiffs are entitled to any relief.

9                                      **GENERAL DENIAL**

10         Except to the extent expressly admitted or qualified above, Defendant denies each and every

11   allegation contained in Plaintiffs' Complaint.

12                          **AFFIRMATIVE OR OTHER DEFENSES**

13                            **FIRST AFFIRMATIVE DEFENSE**

14         The Court lacks subject matter jurisdiction over some or all of the claims alleged or relief

15   requested.

16                           **SECOND AFFIRMATIVE DEFENSE**

17         The Complaint fails to state a claim upon which relief may be granted.

18                            **THIRD AFFIRMATIVE DEFENSE**

19         Plaintiffs have failed to exhaust administrative remedies.

20                           **FOURTH AFFIRMATIVE DEFENSE**

21         Plaintiffs' requests are not proper requests for documents under FOIA.

22                            **FIFTH AFFIRMATIVE DEFENSE**

23         Plaintiffs have not alleged sufficient factual and/or legal bases for their request for costs and/or

24   attorneys' fees.

25                            **SIXTH AFFIRMATIVE DEFENSE**

26         At all times alleged in the Complaint, Defendant was acting with good faith, with justification,

27   and pursuant to authority.

28                           **SEVENTH AFFIRMATIVE DEFENSE**

The Freedom of Information Act does not authorize the injunctive relief requested.

### EIGHTH AFFIRMATIVE DEFENSE

The requests that are the subject of this lawsuit may implicate certain information that is exempt or protected from disclosure, in whole or in part, by one or more statutory exemptions.  Disclosure of such information is not required or permitted.

### NINTH AFFIRMATIVE DEFENSE

Defendant has conducted adequate searches in response to the underlying requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, or otherwise is in the process of completing its searches for and releases of any non-exempt, responsive records, or segregable portions thereof.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.      Plaintiffs take nothing by its Complaint;

2.      The Complaint be dismissed with prejudice;

3.      Judgment be entered in favor of Defendant;

4.      Defendant be awarded its costs of suit;

5.      The Court award such other and further relief as it may deem proper.

DATED:  January 18, 2023                    Respectfully submitted,

                                            STEPHANIE M. HINDS
                                            United States Attorney

                                            */s/ Pamela T. Johann*
                                            PAMELA T. JOHANN
                                            Assistant United States Attorney

                                            Attorneys for Defendant