STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36045
    San Francisco, California 94102
    Telephone: (415) 436-7025
    Facsimile: (415) 436-7234
    pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 22-cv-07182-WHA <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> Date: March 9, 2023 <br> Time: 11:00 a.m. <br> Place: Courtroom 12, 19th Floor <br><br> The Hon. William Alsup |

Pursuant to Clerk's Notice dated February 14, 2023, Dkt. No. 20, and pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2023, and Civil Local Rule 16-9, the parties jointly submit this Joint Case Management Statement ("JCMS") and Stipulated Request To Continue Case Management Conference.

    1.    <u>Jurisdiction and Service</u>

There are no issues concerning personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B). Defendant has been

1  served.

2    2.   Facts

This lawsuit was filed on November 15, 2022, and relates to four FOIA requests submitted by Plaintiffs Center for Investigative Reporting ("CIR") and Will Evans to the Office of Federal Contract Compliance Program ("OFCCP"), a component of the U.S. Department of Labor ("DOL"), between January 2019 and June 2022. These requests were modified into a single FOIA Request as of June 3, 2022, seeking the disclosure of consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020. EEO-1 Type 2 reports require companies to report the total number of employees across their establishments by race/ethnicity, gender, and job category.

DOL calculates that this request encompasses approximately 75,000 reports from a total of approximately 24,000 unique federal contractors. DOL began actively processing this request after Plaintiffs' final modification in June 2022. DOL has begun its rolling release of records with a small release on March 2, 2023. It is continuing the processing of the remaining records.

According to DOL, the processing of this request is a massive undertaking requiring the involvement of a number of DOL employees from OFCCP and the Office of the Solicitor. In addition to existing staff, the FOIA Team has added two highly experienced staff members with database and data analytic training from DOL's Branch of Expert Services and Department of Programs Operations to dedicate their time and expertise in data management to ensure that the processing of this request and the sorting of data for release is accurate.

As of the date of the last JCMS, February 9, 2023, DOL anticipated that it would be in a position to release the vast majority of responsive documents—approximately 65,000 reports—by February 24, 2023. Following the filing of that JCMS, several complications have arisen that have compelled OFCCP to push the anticipated release date back. Specifically:

- OFCCP received additional correspondence expressing concern that contractors had not received notice of the intended release of their documents. This included correspondence dated February 10, 2023 from Congresswoman Virginia Foxx, Chair of the House Committee on Education and the Workforce, who raised questions about OFCCP's processing of the FOIA request and concerns that OFCCP had not provided contractors

sufficient time to object, and requested that OFCCP reopen the objection period for an additional 60 days.

- More recently, OFCCP received correspondence from a contractor raising additional concerns about the notification process and suggesting that the mass emails that OFCCP sent had have a high failure rate and were unlikely to be reaching many contractors because of data security protocols that block mass communications.

- The objections have revealed that OFCCP's list of potentially responsive records continues to include non-federal contractors, whose records may not be disclosed.

As a result, OFCCP has determined that it needs to take additional steps, given the unique circumstances of this case, to ensure that its records of non-objectors and federal contractors are correct before it will be in a position to release the non-objectors' data. It currently anticipates sending a final notice by U.S. Mail on or before March 14, 2023. This notice will provide a final response date of March 31, 2023. The non-objectors' data, which will comprise the majority of requested data, is anticipated to be released on or before April 17, 2023. To the extent that any of these letters are returned as undeliverable, DOL will make an effort to correct the address and re-send the letter, with a final response date that is adjusted accordingly. This will not delay the anticipated release on April 17, 2023, but there may be a small supplemental release two to three weeks later for these contractors.

OFCCP's jurisdiction team is continuing to examine the responses of additional companies that have asserted non-contractor status. An additional small release is anticipated following that process, which should be completed on or before May 31, 2023.

Following the release of non-objectors' data, the remaining reports will require further evaluation to determine whether they will be withheld under FOIA Exemption 4 and possibly other exemptions. Due to the number of reports and the complexity of the evaluation process, DOL anticipates that the evaluation process will be complete by the end of September 2023.

OFCCP anticipates that a supplemental release of reports may be made at this time if it determines that the objections do not support the assertion of an exemption. OFCCP also anticipates that it may assert that a number of reports are exempt from disclosure after this review process.

3. <u>Legal Issues</u>

Defendant: DOL does not yet know how many reports will be withheld under Exemption 4. DOL anticipates that the parties will engage in a meet and confer process following the completion of processing as described above regarding any withholdings. DOL believes that following the completion of processing, the following legal issue may be in dispute: whether Defendant has appropriately asserted Exemption 4 with respect to any EEO-1 reports that are not released.

Plaintiffs: Legal issues will include whether Defendants properly refused to withhold records under FOIA, particularly FOIA Exemption 4 and whether FOIA obligations were improperly thwarted through agency regulations.

4. Motions

There are no prior or pending motions. The parties anticipate that this matter can be resolved on cross-motions for summary judgment if the parties cannot informally resolve the matter.

5. Amendments of Pleadings

The parties do not anticipate amending their pleadings.

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"). The parties confirm that they have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

The parties request that they be relieved from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). The parties agree that initial disclosures are not necessary as this is a FOIA action.

8. Discovery

To date, no discovery has been taken by any party, and the parties do not anticipate based on current information that discovery will be necessary in this case.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. <u>Relief</u>

The parties will each seek summary judgment. Plaintiffs seek an order directing Defendant to produce all of the contested documents and further order any appropriate attorneys' fees. Defendant denies that Plaintiffs are entitled to any relief and will seek dismissal.

12. <u>Settlement and ADR</u>

The parties anticipate that they will file motions for summary judgment. The parties request that any consideration of ADR be deferred until after the summary judgment motions are decided.

13. <u>Other References</u>

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>

The parties will continue to meet and confer in an attempt to narrow issues.

15. <u>Expedited Trial Procedure</u>

The parties believe that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

16. <u>Scheduling</u>

The parties anticipate that this matter can ultimately be resolved on summary judgment. As set forth above, DOL anticipates that its final release will occur following the completion of the review process at the end of September 2023. DOL believes that summary judgment practice should occur after the completion of the September 2023 production. Plaintiffs believe that summary judgment motion practice is appropriate at this stage of litigation and a summary judgment motion schedule should be set as soon as possible. The parties respectfully propose that the Court schedule an additional case management conference for April 13, 2023, and that the parties provide a status report seven days before the conference, regarding the progress of the release and whether a summary judgment motion schedule can be set at that time.

17. <u>Trial</u>

The parties anticipate that this entire case may be resolved on summary judgment.

18. Disclosure of Non-party Interested Entities or Persons

On November 15, 2022, Plaintiffs filed their Certificate of Interests Entities, Dkt. 3, stating Plaintiffs had no such interested entities or persons.

Defendant is exempt from this requirement as a federal government entity pursuant to Civil Local Rule 3-15.

19. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

The parties believe that there are no other case management orders necessary in this case and request that the Court continue the Case Management Conference.

DATED:  March 2, 2023                                Respectfully submitted,

                                                                        STEPHANIE M. HINDS
                                                                        United States Attorney

                                                                        */s/ Pamela T. Johann*
                                                                        PAMELA T. JOHANN
                                                                        Assistant United States Attorney

                                                                        Attorneys for Defendant

DATED:  March 2, 2023                                THE CENTER FOR INVESTIGATIVE
                                                                        REPORTING

                                                                        */s/ D. Victoria Baranetsky*
                                                                        D. VICTORIA BARANETSKY

                                                                        Attorneys for Plaintiffs

**ATTESTATION**

I, Pamela T. Johann, hereby attest under penalty of perjury that in compliance with Civil Local Rule 5-1(h)(3), I have obtained the concurrence in the filing of this document from D. Victoria Baranetsky.

                                                                        */s/ Pamela T. Johann*
                                                                        PAMELA T. JOHANN