ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36045
   San Francisco, California 94102
   Telephone: (415) 436-7025
   Facsimile: (415) 436-7234
   pamela.johann@usdoj.gov

Attorneys for Defendant UNITED STATES
DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>   Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>   Defendant. | Case No. 22-cv-07182-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:    April 13, 2023<br>Time:   11:00 a.m.<br>Place:   Courtroom 12, 19th Floor<br><br>The Hon. William Alsup |

Pursuant to Clerk's Notice dated March 6, 2023, Dkt. No. 22, and pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2023, and Civil Local Rule 16-9, the parties jointly submit this Joint Case Management Statement ("JCMS") and Stipulated Request To Continue Case Management Conference.

    1.    <u>Jurisdiction and Service</u>

There are no issues concerning personal jurisdiction, venue, or service. Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B). Defendant has been

served.

2. <u>Facts</u>

This lawsuit was filed on November 15, 2022, and relates to four FOIA requests submitted by Plaintiffs Center for Investigative Reporting ("CIR") and Will Evans to the Office of Federal Contract Compliance Program ("OFCCP"), a component of the U.S. Department of Labor ("DOL"), between January 2019 and June 2022. These requests were modified into a single FOIA Request as of June 3, 2022, seeking the disclosure of consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020. EEO-1 Type 2 reports require companies to report the total number of employees across their establishments by race/ethnicity, gender, and job category.

DOL calculates that this request encompasses approximately 75,000 reports from a total of approximately 24,000 unique federal contractors. DOL began actively processing this request after Plaintiffs' final modification in June 2022. DOL has begun its rolling release of records with a small release on March 2, 2023. It is continuing the processing of the remaining records.

Since the last JCMS, DOL completed the mailing of a final notice to the submitting federal contractors. This notice provided a final response date of March 31, 2023 for contractors to submit objections to the release of their data. DOL is now in the process of sorting the data and reconciling the list of objectors against the approximately 75,000 reports so that it can release the information of non-objectors. DOL is on track for release of the non-objector data on or before April 17, 2023, as targeted in the March 3, 2023 JCMS, Dkt. No. 21. On April 12, 2023, DOL will provide CIR the anticipated total number of reports to be released and the total number of objections received, subject to the understanding that these numbers may be adjusted slightly as the release is finalized in the following five days.

OFCCP's jurisdiction team is continuing to examine the responses of additional companies that have asserted non-contractor status. An additional small release is anticipated following that process, which should be completed on or before May 31, 2023.

Following the release of non-objectors' data, the remaining reports will require further evaluation to determine whether they will be withheld under FOIA Exemption 4 and possibly other exemptions. Due to the number of reports and the complexity of the evaluation process, DOL

anticipates that the evaluation process, which will be done on a rolling basis, will be complete by the end of September 2023.

OFCCP anticipates that a supplemental release of reports may be made at this time or sooner if it determines that the objections do not support the assertion of an exemption. OFCCP also anticipates that it may assert that a number of reports are exempt from disclosure after this review process.

The parties have and will continue to confer on an ongoing basis.

3. <u>Legal Issues</u>

<u>Defendant</u>: DOL does not yet know how many reports will be withheld under Exemption 4. DOL anticipates that the parties will engage in a meet and confer process following the completion of processing as described above regarding any withholdings. DOL believes that following the completion of processing, the following legal issue may be in dispute: whether Defendant has appropriately asserted Exemption 4 with respect to any EEO-1 reports that are not released.

<u>Plaintiffs</u>: Legal issues will include whether Defendants properly refused to withhold records under FOIA, including but not limited to FOIA Exemption 4 and whether FOIA obligations were improperly thwarted through agency regulations.

4. <u>Motions</u>

There are no prior or pending motions. The parties anticipate that this matter can be resolved on cross-motions for summary judgment if the parties cannot informally resolve the matter.

5. <u>Amendments of Pleadings</u>

The parties do not anticipate amending their pleadings.

6. <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines"). The parties confirm that they have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>

The parties request that they be relieved from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). The parties agree that initial disclosures are not necessary as this is a FOIA

action.

8. Discovery

To date, no discovery has been taken by any party, and the parties do not anticipate based on current information that discovery will be necessary in this case.

9. Class Actions

Not applicable.

10. Related Cases

Not applicable.

11. Relief

The parties will each seek summary judgment.  Plaintiffs seek an order directing Defendant to produce all of the contested documents and further order any appropriate attorneys' fees.  Defendant denies that Plaintiffs are entitled to any relief and will seek dismissal.

12. Settlement and ADR

The parties anticipate that they will file motions for summary judgment.  The parties request that any consideration of ADR be deferred until after the summary judgment motions are decided.

13. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

The parties will continue to meet and confer in an attempt to narrow issues.

15. Expedited Trial Procedure

The parties believe that this case can be resolved on summary judgment.  The expedited trial procedure is therefore inapplicable.

16. Scheduling

The parties anticipate that this matter can ultimately be resolved on summary judgment.  As set forth above, DOL anticipates that its final release will occur following the completion of the review process at the end of September 2023.  DOL believes that summary judgment practice should occur after the completion of the September 2023 production, after DOL has made a final determination as to

whether it will withhold the requested information under an applicable exemption. Plaintiffs believe that summary judgment motion practice is appropriate at a sooner stage, in the next several months, and a summary judgment motion schedule should be set as soon as possible, particularly given the Plaintiffs' newsworthy interest in the records. The parties respectfully propose that the Court schedule an additional case management conference for May 11, 2023, and that the parties provide a status report seven days before the conference regarding the progress of the release and whether a summary judgment motion schedule can be set at that time.

17. Trial

The parties anticipate that this entire case may be resolved on summary judgment.

18. Disclosure of Non-party Interested Entities or Persons

On November 15, 2022, Plaintiffs filed their Certificate of Interested Entities, Dkt. 3, stating Plaintiffs had no such interested entities or persons.

Defendant is exempt from this requirement as a federal government entity pursuant to Civil Local Rule 3-15.

19. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Other

The parties believe that there are no other case management orders necessary in this case and request that the Court continue the Case Management Conference.

DATED: April 6, 2023　　　　　　　　　　　　　Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for Defendant

| | |
|---|---|
| DATED: April 6, 2023 | THE CENTER FOR INVESTIGATIVE REPORTING |
| | |
| | */s/ D. Victoria Baranetsky*<br>D. VICTORIA BARANETSKY |
| | Attorneys for Plaintiffs |

**ATTESTATION**

I, Pamela T. Johann, hereby attest under penalty of perjury that in compliance with Civil Local Rule 5-1(h)(3), I have obtained the concurrence in the filing of this document from D. Victoria Baranetsky.

*/s/ Pamela T. Johann*
PAMELA T. JOHANN

JOINT CASE MANAGEMENT STATEMENT
No. 22-cv-07182-WHA                    6