UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:22-CV-07182-WHA |
| UNITED STATES DEPARTMENT OF LABOR, | ) ) | **Declaration of Kelechi Ahaghotu** |
| Defendant. | ) ) ) | |

## <u>DECLARATION OF KELECHI AHAGHOTU</u>

I, Kelechi Ahaghotu, declare as follows:

1.      I am currently employed as the Branch Chief of Information Services for The Office of Federal Contract Compliance Programs ("OFCCP") with the United States Department of Labor ("DOL" or "Defendant"). I have been employed as a Supervisory Government Information Specialist since October of 2021. I have been employed with OFCCP overall for approximately one year and 7 months. I have been responsible for responding to Freedom of Information Act ("FOIA") requests and overseeing the Records Management Program throughout my tenure with OFCCP. I was not employed with OFCCP at the time the relevant FOIA requests were submitted but was made aware of the FOIA requests shortly after I onboarded. My responsibilities during the time of processing the relevant FOIA requests included responding to FOIA requests that were assigned to my agency component and administering Records Management guidance and trainings.

2.      The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and

determinations reached and made in accordance therewith.

3.      The purpose of this declaration is to provide the Court with information regarding DOL's responses to the four FOIA requests dated January 10, 2019; March 25, 2019; September 11, 2020; and May 10, 2021 and submitted by Will Evans, a reporter for the Center for Investigative Reporting ("CIR"; collectively "Plaintiffs"), to the DOL "FOIARequests" inbox and to the OFCCP's National Office ("NO") FOIA email inbox. As of June 3, 2022, these FOIA requests were modified into a single FOIA Request and seek the disclosure of consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020.

4.      This declaration consists of: (1) a listing of the relevant correspondence related to Plaintiffs' FOIA requests; (2) an explanation of the search for records responsive to Plaintiffs' FOIA requests; (3) an explanation of the Executive Order 12600 notification process; (4) a description of the information released to requester; (5) an explanation of the Executive Order 12600 evaluation process; (6) a description of the information withheld under FOIA; and (7) the justification for the withholding of the information under FOIA.

## I. CORRESPONDENCE

5.      On January 10, 2019, Plaintiffs submitted a FOIA request dated January 10, 2019, to DOL's "FOIARequests" email inbox for:

        a.    "A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016." FOIA Request #872421; Ex. A.

6.      On March 25, 2019, Plaintiffs submitted a FOIA request dated March 25, 2019, to DOL's "FOIARequests" email inbox for:

        a.    "A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017." FOIA Request #875877; Ex. B.

7.      On July 18, 2019, OFCCP mailed a letter to Plaintiffs, acknowledging Plaintiffs'

January 10, 2019 FOIA Request (#872421); stating that it had determined that there were over

100,000 responsive records; and notifying Plaintiffs that it was required under 29 C.F.R. §70.26

to notify submitters that their business information had been requested under FOIA and provide

them with an opportunity to object in writing to the disclosure of specified portions of

information. Ex. C. OFCCP's letter stated that the voluminous request would overwhelm the

OFCCP FOIA unit for the foreseeable future, and the cost of notification by mailed letters would

be unduly burdensome. *Id*. OFCCP offered Plaintiffs the opportunity to narrow their request. *Id*.

8.      On August 8, 2019, OFCCP received email correspondence from Plaintiffs

responding to OFCCP's July 18, 2019 letter and declining to narrow his request. Ex. D.

9.      On September 11, 2020, Plaintiffs submitted a FOIA request dated September 11,

2020, to DOL's "FOIARequests" email inbox for:

> a.   "A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
>
>      contractors for 2018." FOIA Request #897123. Ex E.

10.     On September 18, 2020, OFCCP replied by email to Plaintiffs' September 11,

2020 FOIA Request, acknowledging the request and assigning it tracking number 897123. Ex. F.

11.     On October 2, 2020, OFCCP mailed a letter to Plaintiffs in reply to Plaintiffs'

September 11, 2020 FOIA Request (#897123), acknowledging the request and reiterating the

required 29 C.F.R. §70.26 notification procedures. Ex. G.

12.     On October 30, 2020, OFCCP received email correspondence from Plaintiffs,

indicating it disagreed with OFCCP's statement that OFCCP was required to follow the 29

C.F.R. §70.26 notification procedures. Ex. H.

13.     On November 7, 2020, OFCCP acknowledged receipt of Plaintiffs' October 30th

email and stated that the correspondence was under review. *Id.*

14.     On December 11, 2020, OFCCP received email correspondence from Plaintiffs' counsel, requesting an update on FOIA Request #897123. *Id.*

15.     On December 18, 2020, OFCCP replied by email to Plaintiffs' counsel, reiterating the required 29 C.F.R. §70.26 notification procedures. Ex. I.

16.     On January 7, 2021, OFCCP received email correspondence from Plaintiffs' counsel, requesting additional information about the notification process. *Id.*

17.     On May 10, 2021, Plaintiffs submitted an amendment to FOIA request #872421 dated May 10, 2021, to OFCCP's National Office (NO) FOIA email inbox to:

　　　　　　a.   withdraw FOIA request #897123 and consolidate it with FOIA request #872421 and "include a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017 and 2018 as well as 2016." Ex. J.

18.     On May 11, 2021, OFCCP sent email correspondence to Plaintiffs, notifying them that it had combined FOIA Requests #872421, #875877, and #897123 into one request under tracking number 872421. *Id.*

19.     On May 23, 2022, OFCCP and the Solicitor of Labor received correspondence by letter from Plaintiffs, objecting to OFCCP's withholding of records while it followed the Executive Order 12600 and 29 C.F.R. §70.26 notification procedures. Ex. K.

20.     On June 2, 2022, Plaintiffs submitted a final amendment to FOIA request #872421 dated June 2, 2021, to OFCCP's National Office (NO) FOIA and DOL's "FOIARequest" email inbox to:

　　　　　　a.   "include a spreadsheet of all consolidated (Type 2) EEO-1 reports for all

federal contractors for 2019 and 2020." Ex. L.

21.     On June 3, 2022, OFCCP replied by email to Plaintiffs, notifying them that it had modified FOIA Request No. 872421 to include data for the additional years requested, so that as of June 3, 2022, FOIA Request 872421 encompassed the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020. *Id*.

22.     On June 15, 2022, OFCCP replied by mail to Plaintiffs' May 23, 2022 letter, disagreeing with Plaintiffs' stated position regarding relevant case law and required OFCCP procedures. Ex. M.

23.     On June 16, 2022, OFCCP received email correspondence from Plaintiffs requesting a timeline for production of records, and a phone call with OFCCP. Ex. N.

24.     On June 22, 2022, OFCCP received email correspondence from Plaintiffs requesting a phone call with OFCCP. *Id*.

25.     On June 27, 2022, OFCCP replied by email to Plaintiffs and stated that the agency anticipated publishing a notice in the Federal Register in July 2022. *Id*. The purpose of the Federal Register Notice was to inform federal contractors that their data had been requested under FOIA, and to provide them with an opportunity to object to the release of EEO-1 reports requested under FOIA. *Id*.

26.     On June 30, 2022, OFCCP received email correspondence from Plaintiffs requesting a more specific timeline for publication of the Federal Register notice, and further information regarding the planned production process. *Id*.

27.     On July 6, 2022, OFCCP replied by email to Plaintiffs' June 30, 2022 email, notifying Plaintiffs that it intended to publish the Federal Register Notice by the end of July, and anticipated beginning production on a rolling basis starting 30 days after publication of the

notice. *Id*. OFCCP stated in its email that "until we see how many objections we receive and whether they are from individual submitters or trade associations on behalf of their members, we cannot provide precise details on what the rolling production will look like." *Id*. The OFCCP email further stated that OFCCP would need to conduct individual analyses of objections received, and that "[i]f OFCCP determines that the objections do not meet the standards for FOIA Exemption 4, OFCCP will notify the submitter that it intends to disclose. At that point, submitters may file reverse FOIA actions against OFCCP to prevent disclosure." *Id*.

28.      On July 20, 2022, by phone and email to Plaintiffs, Defendant sought to clarify the category of contractors (prime contractor or first-tier subcontractor) for the data requested. Ex. O.

29.      On July 22, 2022, by email, Plaintiffs provided clarification. Ex. N.

30.      On August 5, 2022, OFCCP received email correspondence from Plaintiffs requesting an update on the publication of the Federal Register Notice. [1] *Id*.

31.      On August 5, 2022, OFCCP notified Plaintiffs by email that the Federal Register Notice had been sent to the Federal Register for publication on August 4, 2022, and that Plaintiffs would be notified once OFCCP received a publication date. [2] *Id*.

32.      On October 18, 2022, OFCCP received an email from Plaintiffs requesting a "list of companies that objected to the release of their EEO-1 data." Ex. P.

33.      On October 20, 2022, by email, Plaintiffs inquired as to whether the agency

---

[1] A detailed summary of Defendant OFCCP's notices to and communications with federal contractors is provided in Section III of the Declaration.

[2] On or about September 23, 2022, OFCCP published its "Evans FOIA Correspondence Since 2019" to its online OFCCP FOIA Library. This release was in response to a FOIA request from a third party. OFCCP, Evans FOIA Correspondence since 2019, https://www.dol.gov/sites/dolgov/files/OFCCP/foia/files/EvansFOIACorrespondencesince2019.pdf (last visited Aug. 18, 2023).

would provide a list of companies that objected to the release of their EEO-1 data. *Id*.

34.     On November 1, 2022, OFCCP replied by email to Plaintiffs, stating that "[a]s part of its final response, OFCCP intends to release to you the names of those federal contractors that objected under an applicable FOIA exemption and whose data was removed from public release." *Id*.

35.     On November 15, 2022, CIR filed a lawsuit to compel OFCCP to promptly release all records responsive to the Request.[3] ECF No. 1.[4]

## II. SEARCH FOR RESPONSIVE RECORDS

36.     The EEO-1 report is a mandatory annual data collection that requires all private sector employers with 100 or more employees, and federal contractors with 50 or more employees meeting certain criteria, to submit demographic workforce data, including data by race/ethnicity, sex, and job categories.[5] Further information regarding the significance of the collected data; the collection of and security measures taken to protect the data by EEOC; and receipt of the secure data by OFCCP are provided in the Hodge Declaration. *See* Hodge Decl.

37.     In accordance with 41 CFR 60-1.7(a), OFCCP receives copies of EEO-1 Report data filed by federal contractors and subcontractors and retains joint ownership of the EEO–1 Reports with the EEOC. EEO–1 reports are stored in the Equal Employment Data System ("EEDS") and can be found in a desktop application within OFCCP.  EEDS is designed to

---

[3] *Center for Investigative Reporting v. U.S. Department of Labor*, Case No: 3:22-cv-07182-WHA (N.D. Cal. Nov. 15, 2022).
[4] On or about September 23, 2022, OFCCP published its "Evans FOIA Correspondence Since 2019" to its online OFCCP FOIA Library, https://www.dol.gov/sites/dolgov/files/OFCCP/foia/files/EvansFOIACorrespondencesince2019.pdf (last visited Aug. 18, 2023). This release was in response to a FOIA request from a third party.
[5] *See* EEOC, EEO-1 Component 1 Data Collection, https://www.eeoc.gov/data/eeo-1-data-collection (last visited August 17, 2023).

provide information to OFCCP staff on the EEO characteristics of the Supply and Service contractor universe. The OFCCP Division of Program Operations ("DPO") typically receives the EEO-1 data of federal contractors annually from EEOC at least a year after the reports are filed, after EEOC has had the opportunity to check the data for errors and assemble it for transmittal to OFCCP via the EEDS database.

38.     OFCCP's DPO establishes OFCCP jurisdiction over contracting companies, manages the Functional Affirmative Action Program, develops and monitors OFCCP's annual Operating Plan, and conducts various Quality Assurance activities and special studies to improve enforcement operations. For the purposes of fulfilling FOIA requests for EEO-1 data, DPO provides EEO-1 data on an as-needed basis. When providing the data, DPO pulls the requested subset of data from the EEDS database into an Excel spreadsheet, for efficiency in production. Records responsive to the consolidated requests, which were provided by DPO to me, in my capacity as the OFCCP FOIA Officer, are comprised of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020 and are provided in an Excel spreadsheet.

39.     On June 8, 2022, Defendant OFCCP requested the EEO-1 data for reporting years 2016-2020 from OFCCP's DPO. Ex. Q.

      a.   The search for responsive documents produced:

            i.   The number of unique federal contractors that submitted Type 2 EEO-1 reports from 2016-2018. totaling 20,655.

      b.   The number of additional unique federal contractors that submitted Type 2 EEO-1 reports in 2019-2020, totaling 3,699.

      c.   The number of contractors for each year:

| Year(s) | Unique federal contractors that submitted Type 2 EEO-1 |
|---------|--------------------------------------------------------|
| 2016 | 15,144 |
| 2017 | 15,406 |
| 2018 | 16,908 |
| 2019 | 13,871 |
| 2020 | 13,670 |

## III. EXECUTIVE ORDER 12600 PROCESS - CORREPONDENCE WITH SUBMITTERS

40.     Pursuant to Executive Order 12600 and the U.S. Department of Labor FOIA

regulations at 29 CFR § 70.26, OFCCP is required to notify third-party submitters of confidential

commercial information whenever it "has reason to believe that the information requested under

the FOIA may be protected from disclosure under Exemption 4, but has not yet determined

whether the information is protected from disclosure under that exemption or any other

applicable exemption."[6] The regulation requires that the submitters be provided a reasonable

time to respond to the notice. *Id*. OFCCP therefore provides submitters with the opportunity to

present objections to the disclosure of the requested EEO-1 data on the grounds that specific

information contained therein is exempt from mandatory disclosure, such as under Exemption 4

of the FOIA. 5 U.S.C. § 522 (b)(4). [7] Exemption 4 protects "...trade secrets and commercial or

---

[6] *See* Ronald Reagan, Executive Order 12600--Predisclosure notification procedures for confidential commercial information, June 23, 1987, https://www.archives.gov/federal-register/codification/executive-order/12600.html; 29 CFR § 70.26, Confidential Commercial Information.

[7] The Hodge Declaration provides further information regarding the history of OFCCP's treatment of the EEO-1 data. In addition, OFCCP has posted detailed information regarding the FOIA Requests, OFCCP Correspondence, and Partial FOIA Releases online at OFCCP, Employment Information Reports (Standard Form 100), https://www.dol.gov/agencies/ofccp/foia/library/Employment-Information-Reports (last visited Aug. 18, 2023); and at OFCCP, EEO-1 Report Frequently Asked Questions at https://www.dol.gov/agencies/ofccp/faqs/eeo1-report (last visited Aug. 18, 2023).

financial information obtained from a person [that is] privileged or confidential." *Id*.

41.     OFCCP has devoted significant resources to implement a process to review the voluminous amount of material relevant to the consolidated FOIA Request and to satisfy the legal requirements of responding to the Request as expeditiously as possible.[8] The FOIA Request covers more than 24,000 unique contractors and 75,000 unique Type 2 EEO-1 reports.

42.     The processing of this request is a massive undertaking requiring the involvement of a number of DOL employees from OFCCP and the Office of the Solicitor.  In addition to existing staff, the FOIA Team added two highly experienced staff members with database and data analytic training from DOL's Branch of Expert Services and Division of Program Operations to dedicate their time and expertise in data management to ensure that the processing of this request and the sorting of data for release is accurate.

43.     DOL regulations promulgated to implement the requirements of Executive Order 12,600 provide that, when voluminous material that may be commercial or confidential in nature is sought by a FOIA requester, Department agencies must notify private entities by "posting and publishing the notice in a place reasonably calculated to accomplish notification."[9] OFCCP has met and exceeded this requirement through its numerous actions during this process to notify submitters in locations reasonably calculated to provide them with notice of the Request, including multiple postings on its website, publication in the Federal Register, distribution to hundreds of thousands of relevant stakeholders through its GovDelivery listserv, notification by USPS mail, and repeated individual notice through emails to thousands of affected contractors.[10]

---

[8] *See generally* 5 U.S.C. § 552(a)(6).
[9] Executive Order 12,600 (1987); 29 C.F.R. § 70.26(j).
[10] For multiple reasons, including the historical nature of the data requested and the failure of some contractors to register with the OFCCP Contractor Portal, OFCCP does not possess current

In addition, OFCCP has addressed contractor concerns regarding the deadline for objections by providing multiple extensions to that deadline and by allowing late-filed objections for good cause.[11]

44.     On August 19, 2022, OFCCP published a notice on the Federal Register, informing all federal contractors that a FOIA request from Plaintiffs had been submitted for all Type 2 Consolidated EEO-1 report data for the years 2016 through 2020, and giving federal contractors "a period of time to object to the disclosure [of the diversity reports] and state their grounds for doing so." Notice of Request Under the Freedom of Information Act for Federal Contractors' Type 2 Consolidated EEO-1 Report Data, Federal Register, 87 Fed. Reg. 51145 (Aug. 19, 2022) https://www.federalregister.gov/documents/2022/08/19/2022-17882/notice-of-request-under-the-freedom-of-information-act-for-federal-contractors-type-2-consolidated. Contractors were given until September 19, 2022 to submit written objections to disclosure to OFCCP. The notice also states that OFCCP will make an independent evaluation of each company's objections regarding diversity reports before making a determination. *Id*.

45.     On September 15, 2022, September 21, 2022, September 23, 2022, and September 28, 2022, OFCCP published notices extending the deadline for receipt of submitter objections, such that federal contractors had until October 19, 2022 to object to the disclosure of any portion of the EEO-1 Reports and to state all grounds upon which disclosure was opposed.

---

e-mail addresses for all federal contractors covered by the Request. However, the many measures taken by the agency to effectuate notice go beyond that required by relevant legal authorities. *See* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification."); Executive Order 12,600 § 1. (*Id*).

[11] A detailed summary of all OFCCP correspondence regarding this consolidated FOIA request, including notices to submitters, is also provided within OFCCP's online FOIA Library, at https://www.dol.gov/agencies/ofccp/foia/library/Correspondence (last visited August 18, 2023).

OFCCP, Notice of Extension, Submitter Notice Response Portal

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/32d2d50 (last visited Aug.

18, 2023).[12] These extensions were provided in light of numerous requests from contractors for

an extension and inquiries from companies regarding whether they were subject to the FOIA

request.

46.     On November 22, 2022, OFCCP provided notice of the intent to disclose a

portion of the requested data that had been submitted by a subset of contractors for which no

objections had been received by October 19, 2022. OFCCP Correspondence (Nov. 22, 2022),

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/3395260.

47.     As of January 2, 2023, OFCCP had received objections from approximately 2,500

companies. It had also received responses indicating that over 100 reports corresponded to

companies that believed that they were not federal contractors.  OFCCP's jurisdiction team

analyzed these responses to determine if the assertions of non-contractor status were accurate.

OFCCP also undertook an initial sorting and processing of the objections to prepare a list of

companies that had not objected, and whose EEO-1 reports OFCCP intended to release.

48.     On February 2, 2023, OFCCP provided via email and website posting a notice of

---

[12] OFCCP maintains that the Federal Register Notice it provided met its legal obligations for notice under FOIA and the relevant Executive Order and implementing regulations. However, OFCCP provided multiple extensions of the original response deadline via website, email, the GovDelivery listserv, and USPS mail, in response to various expressed concerns, including from a subset of federal contractors who indicated that they had not been aware of the original Federal Register Notice or had not received email notices due to data security protocols that block mass communications, as well as from Congresswoman Virginia Foxx, Chair of the House Committee on Education and the Workforce, who raised questions about OFCCP's processing of the FOIA request and concerns that OFCCP had not provided contractors sufficient time to object, and requested that OFCCP reopen the objection period for an additional 60 days. Ex. R. The objections have revealed that OFCCP's list of potentially responsive records continued to include non-federal contractors, whose records may not be disclosed.

the intent to disclose a portion of the requested data that had been submitted by a subset of

contractors for whom no objections had been received to date, and provided "one final

opportunity for entities to assert that their data should not be released because: (a) they were not

a federal contractor during the relevant time period; or (b) they believe they previously submitted

an objection to the disclosure of their EEO-1 data." OFCCP Correspondence (Feb. 2, 2023),

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/3468912. The provided

deadline was February 8, 2023. *Id*.

49.     On February 7, 2023, OFCCP extended the previously posted deadline to

February 17, 2023.  OFCCP Correspondence (Feb. 7, 2023),

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/3475fe6.

50.     On February 10, 2023, OFCCP updated its February 7, 2023, notice to include

information notifying objectors that if they were providing an objection on any other grounds

other than to notify OFCCP of being incorrectly listed on the non-objectors list, they must

provide good cause as to why they previously did not object. This notice was sent to all

contractors subject to the FOIA request. OFCCP Correspondence (Feb. 10, 2023),

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/3481c4e.

51.     On February 14, 2023, OFCCP extended the previously posted deadline to March

3, 2023.  OFCCP Correspondence (Feb. 14, 2023),

https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/348c069.

52.     On February 16, 2023, OFCCP provided for federal contractors an updated list of

non-objectors whose EEO-1 Type 2 data the agency intended to release in response to the FOIA

Request, and reiterated the response deadline of March 3, 2023.  OFCCP Correspondence (Feb.

16, 2023), https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/3495276.

53.     On February 27, 2023, OFCCP provided a reminder notice regarding the March 3, 2023 objection deadline. OFCCP Correspondence (Feb. 27, 2023), https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/34b6161.

54.     On March 7, 2023, OFCCP provided by USPS mail a reminder notice regarding the submission of objections and extending the objection deadline to March 31. OFCCP Correspondence (March 7, 2023), https://www.dol.gov/sites/dolgov/files/OFCCP/foia/files/2023-03-07-MAIL-NOTICE-TO-CONTRACTORS.pdf.

55.     On March 10, 2023, OFCCP provided to federal contractors an updated list of non-objectors whose EEO-1 Type 2 data the agency intended to release in response to the FOIA Request, and provided a final response deadline of March 17, 2023.  OFCCP Correspondence (March 10, 2023), https://content.govdelivery.com/accounts/USDOLOFCCP/bulletins/34de614.

## IV. DESCRIPTION OF RECORDS RELEASED

56.     On March 2, 2023, Defendant provided Plaintiffs with the first partial release in response to the FOIA request. The release included responses from 21 contractors that voluntarily confirmed they had no objection to the release of their entities' EEO-1 data. OFCCP, Employment Information Reports (Standard Form 100), https://www.dol.gov/agencies/ofccp/foia/library/Employment-Information-Reports (last visited Aug. 18, 2023). The response was provided to Plaintiffs and also posted to OFCCP's online FOIA Library.

57.     On April 17, 2023, Defendant provided Plaintiffs with the second partial release in response to the FOIA request. The release included Type 2 EEO-1 data from 56,419 EEO-1 reports, corresponding to 19,289 unique federal contractors. Of the 19,289 contractors, 12 contractors voluntarily confirmed they had no objection to the release of their entities' Type 2

EEO1 data. For the remaining 19,277 contractors, OFCCP received no objection to the release of their entities' Type 2 EEO-1 data by the expiration of the final deadline for objections. *Id*. The response was provided to Plaintiffs and also posted to OFCCP's online FOIA Library.[13]

## V. EXECUTIVE ORDER 12600 PROCESS – EVALUATION OF OBJECTIONS

58.     In response to OFCCP's previously described notifications, OFCCP received 4,762 submitter objections. These objections, which encompassed a broad variety of federal contractors, focused primarily on the FOIA-exempt nature of the requested information, and/or other statutory protections for the data, including that the data is protected under the Trade Secrets Act, 18 U.S.C. § 1905.

59.     In addition, a small subset of objections stated that their data was not responsive to the FOIA Request because they were not federal contractors. OFCCP's Jurisdiction Team determined if a company qualified as a federal contractor by confirming whether a company held a single federal contract, subcontract, or federally assisted construction contract in excess of $10,000.00 for the relevant reporting years. The Jurisdiction Team reviewed and resolved these objections, and, if the objectors were found to be federal contractors, they were included in the full set of objectors who provided objections on legal grounds. 621 of the potentially responsive reports were determined to have been submitted by entities that were not federal contractors at the time of the reports, and therefore not within OFCCP's jurisdiction.

60.     Subsequent to jurisdictional determinations, the full subset of objectors totaled

---

[13] OFCCP strives to provide accurate records in response to the FOIA Requests. In its endeavor to do so, it has made minor corrections to the data posted in its online FOIA Library. On the referenced page, OFCCP has provided a timeline regarding changes made to the posted data. OFCCP, Employment Information Reports (Standard Form 100), https://www.dol.gov/agencies/ofccp/foia/library/Employment-Information-Reports (last visited Aug. 18, 2023).

4,141.

61.     Each federal contractor objection was individually evaluated by OFCCP for legal

sufficiency under the Exemption 4 legal standard established by the Supreme Court in *Food*

*Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019) ("*Argus Leader*"). The *Argus*

*Leader* standard established that, "[a]t least where commercial or financial information is both

customarily and actually treated as private by its owner and provided to the government under an

assurance of privacy, the information is 'confidential' under the meaning of (FOIA)." *Argus*

*Leader*, 139 S. Ct. at 2366.

62.     Objections that did not meet the *Argus Leader* legal standard were found to be

legally insufficient. OFCCP is in the process of notifying these submitters that it did not find the

submitters objections legally sufficient, and that their data will be released.

**VI. DESCRIPTION OF RECORDS WITHHELD**

63.     Unless OFCCP determines that the EEO-1 report is not exempt from disclosure

under Exemption 4, OFCCP will not release any EEO-1 report.  All data for the submitters who

provided legally sufficient objections is being withheld under Exemption 4 of FOIA. 5 U.S.C. §

552(b)(4). These objectors' data was found to be commercial information that was, based on the

factual information provided by the federal contractors, both customarily and actually treated as

private by its owner and provided to the government under an assurance of privacy.

64.     OFCCP received objections from 4,796 unique federal contractors, corresponding

to 16,905 EEO-1 Reports. OFCCP completed its initial evaluation of those objections on July 5,

2023. Following its review, OFCCP concurred that the data from 4,757 unique contractors,

corresponding to 16,755 EEO-1 reports, was appropriately withheld from release under

Exemption 4. OFCCP notes that there are 4 unique federal contractors, corresponding to 20

EEO-1 reports, for which evaluation is pending due to jurisdictional questions and related issues

that are still being resolved. OFCCP has withheld 16,755 EEO-1 reports based on its evaluation

that these records are exempt under Exemption 4 of FOIA.

| Year(s) | Total Type 2 EEO-1 Filings (Raw Data) | Total Number of Objectors | Objections Pending Responses | Total Objectors W/Data Withheld Under Exemption 4 |
|---|---|---|---|---|
| | (a) | (b) | (c) | ( d) |
| 2016 | 15,144 | 3327 | 4 | 3302 |
| 2017 | 15,406 | 3342 | 4 | 3314 |
| 2018 | 16,908 | 3681 | 4 | 3650 |
| 2019 | 13,871 | 3291 | 4 | 3258 |
| 2020 | 13,670 | 3264 | 4 | 3231 |
| DATA ENTRIES | 74,999 | 16905 | 20 | 16755 |
| UNIQUE CONTRACTORS | 24,355 | 4796 | 4 | 4757 |

## VII. RATIONALE FOR WITHHOLDING RECORDS

65.     The paragraphs below explain DOL and OFCCP's rationale for withholding the

information under FOIA Exemption 4, 5 U.S.C. § 552(b)(4). [14]

66.     Exemption 4 shields from disclosure "trade secrets and commercial or financial

information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).

67.     The current legal test for determining the applicability of FOIA Exemption 4, as

established by the Supreme Court in *Argus Leader*, is that, "[a]t least where commercial or

financial information is both customarily and actually treated as private by its owner and

provided to the government under an assurance of privacy, the information is 'confidential' under

the meaning of (FOIA)." *Argus Leader*, 139 S. Ct. at 2366.

68.     The data withheld under Exemption 4, information from EEO-1 forms, was

---

[14] 413 objectors, which constitutes approximately 37.5% of all objectors, and 39% of the objectors whose objections were found by OFCCP upon evaluation to be legally sufficient, also asserted that FOIA Exemption 6 applies to a portion of the relevant EEO-1 data. Exemption 6 protects information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy" and when the individual's privacy interest outweighs the public interest in disclosure. 5 U.S.C. § 552(b)(6) (2018). Objectors expressed concerns that, especially within smaller entities, release of the EEO-1 data could infringe upon the privacy rights of individual employees. These assertions require additional evaluation by OFCCP on a case-by-case basis to determine whether Exemption 6 is applicable to a portion of the EEO-1 data. That evaluation process has not yet been completed.

obtained from a person and is confidential commercial or financial information within the meaning of Exemption 4.

69.     The data that was withheld is comprised of EEO-1 data for which the federal contractor objections were found legally sufficient under the FOIA Exemption 4 standard, because the objectors had established, based on the factual information provided, that the data was commercial information that was both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy.

70.     The objectors established that the EEO-1 data is information in which the provider has a "commercial interest" as defined by statute and in relevant case law.

71.     The relevant data was obtained from a person as required under FOIA Exemption 4. For the purposes of Exemption 4, "person" refers to individuals as well as to a wide range of entities, including corporations, banks, state governments, agencies of foreign governments, and Native American tribes or nations, who provide information to the government. Federal contractors are clearly included within this definition.

72.     Each of the objections that was found to be legally sufficient provided factual information indicating that the data was confidential information that was both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy.

### A. **BELLWETHER OBJECTORS**

73.     At a Case Management Conference held on April 13, 2023, the Court directed DOL to select six representative objecting contractors for a bellwether summary judgment motion to evaluate whether the requested data from their EEO-1 reports is exempt from disclosure under FOIA.

74.     Due to the breadth of objections received by OFCCP by federal contractors who are diverse in industry, size, and other metrics, it is difficult to address all objector concerns within a small sample size. However, in selecting its bellwether objectors ("Bellwether Objectors") OFCCP sought to identify federal contractors who were reasonably representative of the submitter-objectors.[15]

75.     The Bellwether Objectors are comprised of Brandenburg Industrial Service Co. ("Brandenburg"); DHL Global Business Services ("DHL"); Network Management Resources Inc. d/b/a NMR Consulting ("NMR" Consulting"); NorthShore University HealthSystem ("NorthShore"); and Universal Services of America, LP d/b/a Allied Universal Security Services ("Allied Universal").

76.     OFCCP evaluated each of the Bellwether Objectors' objections and determined that, based on the facts provided in their objections and declarations, their EEO-1 Report data is subject to withholding under Exemption 4 because it is commercial information, obtained from a person, that was both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy. *See* Baxter Decl.; Barcon Decl.; Sobieski Decl.; Jasinowski Decl.; NorthShore Decl. Thus, each of these federal contractors' objections was found to be legally sufficient under FOIA Exemption 4, and their data is properly withheld under FOIA.

77.     Further, upon evaluation OFCCP determined that the Bellwether Objectors' EEO-1 data is "confidential statistical information" that is prohibited from disclosure under the Trade

---

[15] On August 18, 2023, the due date for the filing of this Motion for Summary Judgment with the Court, Defendant was notified that one of the six selected Bellwether Objectors, though it had previously committed to providing a supporting declaration, had opted not to submit a declaration after a new decisionmaker joined the process on August 18. Thus, Defendant proceeds with five Bellwether Objectors.

Secrets Act, 18 U.S.C. § 1905.

78.     Finally, upon evaluation OFCCP reasonably foresees that release of the

Bellwether Objectors' EEO-1 data would foreseeably harm their interests in the confidentiality

of the data, and the submitters' commercial or financial interests, including but not limited to by

allowing competitors to gain insights into the work force and corporate vulnerability of a

contractor; revealing a contractor's bidding methodology, staffing strategy, and business strategy;

showing how a contractor's numbers across several years track the award of contracts or task

orders; negatively affecting a contractor's efforts to recruit diverse employees; subjecting

contractors to potential negative publicity due to mischaracterization of raw data without

appropriate context; or disclosing a contractor's trade secrets. Hodge Decl. ¶¶ 20-26; Baxter

Decl. ¶¶ 29-33; Barcon Decl. ¶¶ 19-29; Sobieski Decl. ¶¶ 29-35; Jasinowski Decl. ¶¶ 15-27;

NorthShore ¶¶ 21-23; McKay ¶¶ 14-22; Roberson ¶¶ 24-30.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct hereto.

Executed this 18th day of August, 2023.

/s/

_____

Kelechi Ahaghotu
Branch Chief of Information Services
Office of Federal Contract Compliance
    Programs
U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC 20210

# EXHIBIT A

**Karamoko, Arginia - SOL**

| | |
|---|---|
| **From:** | Will Evans <wevans@revealnews.org> |
| **Sent:** | Thursday, January 10, 2019 7:13 PM |
| **To:** | FOIARequests |
| **Cc:** | Victoria Baranetsky |
| **Subject:** | FOIA request - OFCCP |

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:


**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**


I am requesting this data in electronic format, by email.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."


There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)


I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608
--
Will Evans
reporter
o: 510-809-2209



www.revealnews.org



**Shawn Musgrave <smusgrave@revealnews.org>**

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                    Thu, Oct 14, 2021 at 2:41 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **FOIARequests** <FOIARequests@dol.gov>
Date: Tue, Jan 15, 2019 at 2:35 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **872421**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Thursday, January 10, 2019 7:13 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**

I am requesting this data in electronic format, by email.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

EXHIBIT B

**Karamoko, Arginia - SOL**

| | |
|---|---|
| **From:** | Will Evans <wevans@revealnews.org> |
| **Sent:** | Monday, March 25, 2019 1:57 PM |
| **To:** | FOIARequests |
| **Subject:** | FOIA request - OFCCP |

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:


## * A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.


I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."


There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)


I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or
wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608


--
Will Evans
reporter
o: 510-809-2209



www.revealnews.org



Shawn Musgrave <smusgrave@revealnews.org>

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                      Thu, Oct 14, 2021 at 2:38 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Mon, Mar 25, 2019 at 1:32 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **875877**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, March 25, 2019 1:57 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209

[www.revealnews.org](http://www.revealnews.org)


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
[www.revealnews.org](http://www.revealnews.org)

EXHIBIT C

**U.S. Department of Labor**

Office of Federal Contract
Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUL 18 2019

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 872421

Dear Mr. Evans:

This letter is a follow-up to your Freedom of Information Act (FOIA) request submitted to the
Office of Federal Contract Compliance Programs (OFCCP). Please refer to the above-referenced
FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2016. As you know from your earlier requests, in accordance with 29 CFR §
70.26, OFCCP is required to notify submitters that their business information has been requested
under the FOIA to give them an opportunity to object in writing to disclosure of any specified
portion of the requested information.

Though you request is reasonably described, we have determined that there are more than
100,000 responsive records. Reaching out to each of the companies affected by your voluminous
request would overwhelm the OFCCP FOIA unit for the foreseeable future, and the cost in
sending more than 100,000 letters would be unduly burdensome. If you wish to narrow the scope
of your request, please send a revised request to the address referenced above or send an e-mail
to OFCCP_NO_FOIA@dol.gov. In the event that we do not receive a response from you within
thirty (30) days from the date of this letter, we will administratively close your request.

Should you have questions regarding your request, please contact this office at (202) 693-0101
or by email at OFCCP_NO_FOIA@dol.gov. If you need further assistance or would like to
discuss any aspect of your request, please do not hesitate to contact the DOL FOIA Public
Liaison, Thomas Hicks, at (202) 693-5427.

Alternatively, you may contact the Office of Government Information Services within the
National Archives and Records Administration (OGIS) to inquire about the mediation services
they offer. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD
20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at (202) 741-
5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

Sincerely,

D. Lissette Geán
Special Assistant

EXHIBIT D



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: re FOIA 872421
1 message

---

**Will Evans** <wevans@revealnews.org>                                                     Wed, Nov 9, 2022 at 3:34 PM
To: Dara Gray <dgray@revealnews.org>


---------- Forwarded message ---------
From: **Will Evans** <wevans@revealnews.org>
Date: Thu, Aug 8, 2019 at 1:10 PM
Subject: re FOIA 872421
To: Bruce Andersen - OFCCP <Andersen.Bruce@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>


Dear FOIA Officer,
This is in regards to your July 18, 2019 letter requesting that I narrow my original request because it would be unduly
burdensome to notify all affected companies. The notification requirements, however, do not apply here because no
exemption applies. The agency, in fact, has previously determined that no exemption applies and has released Type 2
EEO-1 reports in response to previous FOIA requests. Because the agency does not need to notify any companies,
providing a spreadsheet is not unduly burdensome, and there is no need to narrow the request.
Thank you for your work on this request.
Best,
Will Evans
--
Will Evans
reporter
o: 510-809-2209



www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

---

📄 **OFCCP FOIA 872421.pdf**
   478K

# EXHIBIT E

| | |
|---|---|
| **From:** | Will Evans |
| **To:** | FOIARequests |
| **Subject:** | FOIA request - OFCCP |
| **Date:** | Friday, September 11, 2020 8:27:30 PM |
| **Attachments:** | Judge Westmore decision Dec 10 2019.pdf |

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**A  rea  heet of all con oli ate   T   e 2  EEO-1 re ort  for all fe eral contractor  for 201 .**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **nee   not  e follo  e**  if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **nee   not  e follo  e**  the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **a  fe eral contractor EEO-1 ha e  een eter ine  to e  u lic recor   that   ut e i clo e  not confi ential co   ercial infor  ation**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



www.revealnews.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE CENTER FOR INVESTIGATIVE
REPORTING, et al.,

        Plaintiffs,

      v.

U.S. DEPARTMENT OF LABOR,

        Defendant.

Case No.  4:19-cv-01843-KAW

**ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT**

Re: Dkt. Nos. 24, 29

      On August 23, 2019, the U.S. Department of Labor filed a motion for summary judgment on the grounds that the Government was justified in withholding documents under the Freedom of Information Act's Exemption 4. On September 30, 2019, Plaintiffs, The Center for Investigative Reporting and Will Evans, filed a cross-motion for summary judgment.

      On December 5, 2019, the Court held a hearing, and after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, DENIES Defendant's motion for summary judgment, and GRANTS Plaintiffs' cross-motion for summary judgment.

## I.    BACKGROUND

      Plaintiff the Center for Investigative Reporting ("CIR") is a nonprofit, investigative news organization that publishes *Reveal*, an online news site, and has a weekly public radio show with approximately one million listeners per week. (Compl., Dkt. No. 1 ¶ 13.)  Plaintiff, Will Evans, is a staff reporter for *Reveal* and an employee of CIR. (Compl. ¶ 14.)  Defendant U.S. Department of Labor ("DOL") oversees the Office of Federal Contract Compliance Programs ("OFCCP"). (Compl. ¶ 15.)

      On January 4, 2018, Plaintiffs submitted a Freedom of Information Act ("FOIA") request

United States District Court
Northern District of California

Case 4:19-cv-01843-YGR   Document 59   Filed 12/16/19   Page 42 of 132

to DOL's OFCCP seeking disclosure of federal contractors' employment diversity reports (known as EEO-1 reports). (*See* Compl. ¶ 2; Decl. of D. Lissette Geán, "Geán Decl.," Dkt. No. 24-11 at ¶ 13, Ex. 1.)  The request explicitly sought the 2016 EEO-1 Consolidated Report (Type 2) for 55 named companies. (Geán Decl. ¶ 13.)

Companies with 50 or more employees that contract with the federal government must submit annual reports using Standard Form 100, commonly known as "EEO-1 report," to the Joint Reporting Committee ("JRC"). 41 C.F.R. § 60-1.7(a).  Companies that do business at two or more physical addresses (i.e. establishments) must file an EEO-1 Consolidated Report (Type 2) to that web portal. U.S. EQUAL EMP'T OPPORTUNITY COMM'N, Fact Sheet for EEO-1 Survey Filers, https://www.eeoc.gov/employers/eeo1survey/fact_sheet_filers.cfm (last visited Dec. 4, 2019). EEO-1 Type 2 reports require companies to report the total number of employees across all their establishments by race/ethnicity, gender, and job category. U.S. EQUAL EMP'T OPPORTUNITY COMM'N, Memorandum from EEO-1 Joint Reporting Committee on Computer Printed EEO-1 Reports- Required Format (Rev 3/2007) to Multi-establishment Private Employers (July 2007), https://www.eeoc.gov/employers/eeo1survey/upload/compfiling-multi.pdf (last visited Dec. 4, 2019). These reports help OFCCP monitor the contracting companies' compliance with Executive Order No. 11,246 which prohibits employment discrimination by government contractors. (Geán Decl. ¶ 5.)

The Equal Employment Opportunity Commission ("EEOC") collects similar data for employers with 100 or more employees. (Geán Decl. ¶ 8.)  To avoid duplication of efforts and reduce the administrative burden on companies, EEOC and OFCCP formed the JRC to administer the EEO-1 reporting system in a manner that establishes a single data collection to meet the statistical needs of both agencies. *See id.*  The JRC web portal is managed by the EEOC, which collects the information and shares with OFCCP the reports from the companies subject to the OFCCP's jurisdiction. (Geán Decl. ¶ 9.)

On March 13, 2018, then-Special Assistant to the Deputy Director, D. Lissette Geán, informed Plaintiffs that OFCCP identified only 36 of the named 55 companies as federal

contractors subject to OFCCP's jurisdiction. (Geán Decl. ¶ 15, Ex. 3.)[1]  On March 14, 2018, Ms. Geán, notified those 36 federal contractors of the plaintiffs' FOIA request for their EEO-1, Type 2 information. (Geán Decl. ¶ 16.) The notice was sent out pursuant to the notice requirement for confidential commercial information as described in DOL's duly promulgated regulation, 29 C.F.R. § 70.26. (Geán Decl. ¶ 16.)  The letters informed the companies that they had 30 days from receipt of the letter to object in writing, and that their failure to respond would result in the release of their EEO-1, Type 2 data to Plaintiffs. (Geán Decl. ¶¶ 17-19, Ex. 4.)

On April 18, 2018, Ms. Geán sent a second notice to submitters who had not objected within the initial 30 days. (Geán Decl. ¶ 20, Ex. 5.)  The April 18, 2018 letters referenced the March 14, 2018 letters, and informed those submitters that if they failed to object by close of business on May 31, 2018, their EEO-1 Type 2 data will be released to the plaintiff-requesters. (Geán Decl. ¶ 21, Ex. 5.) Also on April 18, 2018, Ms. Geán separately informed Plaintiffs that, as of the date of that letter, 14 of the 36 companies objected to the release of their data on the grounds of FOIA Exemption 4. (Geán Decl. ¶ 22, Ex. 6.)

By May 31, 2018, a total of 20 of the 36 companies submitted written objections to DOL. (Geán Decl. ¶ 23.) On April 18, 2018 and on July 5, 2018, DOL sent each of the 20 objecting submitters a letter informing them that DOL "concurred with their assertions that their EEO-1 reports were exempt from mandatory disclosure pursuant to Exemption 4 of FOIA." (Geán Decl. ¶ 24, Ex. 7.)  As such, DOL informed these objectors that it would not release their EEO-1 Type 2 data to Plaintiffs. *Ids.*

On August 14, 2018, Ms. Geán, sent a letter to Plaintiffs confirming that one of companies in the original FOIA request, Trimble Navigation, had been removed from the request. (Geán Decl. ¶ 25, Ex. 8.) In addition, by the date of the letter, Ms. Geán informed Plaintiffs that 15 submitters had not objected to the release of their EEO-1 Type 2 data. (Geán Decl. ¶ 26.) Subsequently, on August 16, 2018, via e-mail, OFCCP released the EEO-1 Type 2 data for those

---

[1] The Court finds that the declaration makes a sufficient showing that DOL performed a proper search to identify those companies that were currently federal contractors, so the Court will not address Plaintiffs argument that a proper search was not performed.

United States District Court
Northern District of California

15 submitters who failed to timely object to the release of their EEO-1 data by May 31, 2018.
(Geán Decl. ¶ 27, Ex. 9.)

On February 22, 2019, OFCCP informed Plaintiffs that it would delay issuing a final
response to this FOIA request pending the outcome of the Supreme Court decision in *Argus
Leader*. (Geán Decl. ¶ 28, Ex. 10.)

On March 1, 2019, Plaintiffs submitted an administrative appeal pursuant to 29 C.F.R. §
70. (Geán Decl. ¶ 29, Ex. 11.)  On March 21, 2019, DOL acknowledged receipt of the appeal.
(Geán Decl. ¶ 30.)

On April 9, 2019, Plaintiffs filed this action.  After the case was filed, additional
companies decided to release the information. (Geán Decl. ¶ 32.)  As a result, the pending motions
only pertains to DOL's decision to withhold the EEO-1 Type 2 data for the following companies:
Xilinx, Applied Materials, Inc., Equinix, Gilead Sciences, Inc., Synopsys, Inc., Docusign, Inc.,
Agilent Technologies, Box, and Oracle America, Inc., and Fitbit, Inc. (Def.'s Mot. at 6.)

On August 23, 2019, Defendant filed a motion for summary judgment. (Def.'s Mot., Dkt.
No. 24.)  On September 30, 2019, Plaintiffs filed an opposition to the motion for summary
judgment and cross-motion for summary judgment. (Pls.' Opp'n, Dkt. No. 29.)  Also on
September 30, 2019, the Reporters Committee for Freedom of the Press filed an amicus curiae
brief. (Amicus Br., Dkt. No. 28-1.)  On October 28, 2019, Defendant filed an opposition to the
cross-motion and a reply in support of its motion for summary judgment. (Def.'s Reply, Dkt. No.
34.)  On November 12, 2019, Plaintiffs filed a surreply to Defendant's motion for summary
judgment and a reply in support of the cross-motion. (Pl.'s Surreply, Dkt. No. 35.)

## II.    LEGAL STANDARD

### A.    The Freedom of Information Act ("FOIA")

"Congress enacted FOIA to overhaul the public-disclosure section of the Administrative
Procedure Act (APA). . . ." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011).  The intent behind
the FOIA was to "clos[e] the loopholes which allow agencies to deny legitimate information to the
public." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150 (1989) (citations and quotations
omitted).  Its purpose was to "ensure an informed citizenry, vital to the functioning of a

United States District Court
Northern District of California

democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, (1989) (citations and quotations omitted).  Accordingly, FOIA mandates a "strong presumption in favor of disclosure," with "disclosure, not secrecy, [being its] . . . dominant objective . . . ." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

"At the same time, the FOIA contemplates that some information can legitimately be kept from the public through the invocation of nine 'exemptions' to disclosure." *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 687 (9th Cir. 2012) (citing 5 U.S.C. § 552(b)(1)-(9)); *see also Tax Analysts*, 492 U.S. at 150-51 (agency must disclose records unless the records may be withheld pursuant to one of the enumerated exemptions listed in § 552(b)); *Lion Raisins, Inc. v. U.S. Dep't of Agriculture*, 354 F.3d 1072, 1079 (9th Cir. 2004) (the FOIA requires full agency disclosure except where specifically exempted).

**B.     Motion for Summary judgment**

Summary judgment is the proper avenue for resolving a FOIA case.  *See, e.g., Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114, 1115 (9th Cir. 1988).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

To prevail on a motion for summary judgment in a FOIA case, an agency must demonstrate that, drawing all reasonable inferences in the light most favorable to the requester, there is no genuine issue of material fact with regard to the agency's compliance with FOIA, both in terms of conducting a search reasonably calculated to uncover all relevant documents and withholding only those documents or pieces of information that fall within one of the specified exemptions.  *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 986 (9th Cir. 2009); *Kamman v. IRS*, 56 F.3d 46, 49 (9th Cir. 1995); *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

### III.     DISCUSSION

The instant motion pertains to DOL's decision to withhold ten EEO-1 reports pursuant to FOIA's Exemption 4. (*See* Def.'s Mot. at 6.)

United States District Court
Northern District of California

5

**A.    Whether the Diversity Reports are Exempt from Disclosure under Exemption 4.**

"Exemption 4 shields from mandatory disclosure 'commercial or financial information obtained from a person and privileged or confidential.'" *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) ("*Argus Leader*") (quoting 5 U.S.C. § 552(b)(4)).  There is no dispute that the submitting companies constitute persons under FOIA, as the definition includes corporations. 5 U.S.C. § 551(2).  Thus, the Court will address whether the information sought is commercial or financial in nature and whether it is privileged or confidential.

**i.    Commercial or Financial**

Defendant argues that the documents sought are commercial in nature, because it relates to the contractors' respective business strategies, and could cause financial harm to the companies if the information is released. (*See* Def.'s Mot. at 10.)  Plaintiffs argue that the information sought is not commercial or financial, rendering Exemption 4 inapplicable. (Pls.' Opp'n at 12.)

Courts "have consistently held that the terms 'commercial' and 'financial' in the exemption should be given their ordinary meanings." *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 704 F.2d 1280, 1290 (D.C. Cir. 1983) (citations omitted).  Generally, information is deemed commercial if it relates to the commercial activity of a business, but "not every bit of information submitted to the government by a commercial entity qualifies for protection under Exemption 4[.]" *Id.* at 1290; *see also Bd. of Trade of City of Chicago v. Commodity Futures Trading Comm'n,* 627 F.2d 392, 403 n. 78 (D.C. Cir. 1980), abrogated on other grounds by *U. S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 102 S. Ct. 1957, 72 L. Ed. 2d 358 (1982).  Indeed, a list of names and addresses of employees, which the employer was required to submit to the Government, was not considered financial or commercial under Exemption 4. *Getman v. N.L.R.B.,* 450 F.2d 670, 673 (D.C. Cir. 1971).

Here, the EEO-1 reports require federal contractors to furnish the composition of their workforce broken down by gender, race/ethnicity, and general job category. *See* U.S. EQUAL EMP'T OPPORTUNITY COMM'N, Sample EEO-1 Report, https://www.eeoc.gov/employers/eeo1survey/upload/eeo1-2-2.pdf (last visited Dec. 3, 2019). There is no salary information, sales figures, departmental staffing levels, or other identifying

United States District Court
Northern District of California

6

information in these reports. Rather, the diversity reports merely disclose the workforce

composition to ensure compliance with Executive Order 11,246, which prohibits employment

discrimination by federal contractors.

Even so, the Government contends that the information is "commercial." In support of this

assertion, Defendant submitted supporting declarations from several of the objecting submitters.

For example, Julie Crane of Applied Materials, contends that the information furnished in the

EEO-1 concerns

> its labor strategy, demographics, recruiting, and allocations of resources across its segments. Disclosing the EEO-1 information would provide its competitors insights into its strategy, operations, recruiting, and labor costs, creating substantial competitive harm. This would only grow over time if EEO-1 information were regularly released, as it would allow competitors to discern shifts and strategies for the business going forward, in a highly competitive field.

(Decl. of Julie Crane, "Crane Decl.," Dkt. No. 24-2 at ¶ 6.)  Similarly, Kelly Kayser, of Equinix,

also stated that Equinix's EEO-1 concerns

> its labor strategy, demographics, recruiting, and allocations of resources across its segments. Disclosing the EEO-1 information would provide its competitors insights into its strategy, operations, recruiting, and labor costs, creating substantial competitive harm. This would only grow over time if EEO-1 information were regularly released, as it would allow competitors to discern shifts and strategies for the business going forward, in a highly competitive field.

(Decl. of Kelly Kayser, "Kayser Decl.," Dkt. No. 24-3 at ¶ 6.) The Court notes that these

conclusory declarations have other similarities beyond the verbatim rationale that the requested

information are commercial.  The Court, however, notes that the EEO-1 form does not ask

submitting companies to explain how resources are allocated across a company's "segments."

Rather, the report is organized by job category, such as "Professionals," "Sales Workers,"

"Operatives," "Craft Workers," "Laborers and Helpers," etc.  It does not request demographic

information by division, department, or "segment." The data sought is companywide.

Another declaration claims that the workforce data provided could make the company

vulnerable to having its "diverse talent" poached by its competitors. (Decl. of Tania Barrios,

"Barrios Decl.," Dkt. No. 24-1 ¶ 4.)  Ms. Barrios attests that, when employees are lured away by

other companies, her employer, Xilinx, "lose[s] the talent and experience of the departing

Case 3:21-cv-01843-WHA   Document 59   Filed 08/18/23   Page 48 of 132

United States District Court
Northern District of California

employees and it would lose the significant investment it has made in training those employees." *Id.* at 4. Additionally, Xilinx would incur substantial cost in attempting to fill the positions vacated by those departed employees. *Id.* While lost talent costs companies money, there is a significant disconnect between access to workforce composition and poaching "diverse talent." The Court finds the claim that the EEO-1 reports would make it easier for competitors to lure away talent to be dubious, since the job categories are so general. For example, the "Professionals" category includes most jobs that require a bachelors or graduate degree, including "accountants and auditors; airplane pilots and flight engineers; architects; artists; chemists; computer programmers; designers; dieticians; editors; engineers; lawyers; librarians; mathematical scientists; natural scientists; registered nurses; physical scientists; physicians and surgeons; social scientists; teachers; and surveyors." U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEO-1 Survey Fact Sheet for Filers, https://www.eeoc.gov/employers/eeo1survey/2007instructions.cfm (last visited Dec. 4, 2019). Since there is no breakdown by department, the total number of professionals reported not only includes the company's computer programmers and engineers, but also its lawyers and accountants. Moreover, even without access to general demographic information, there is nothing stopping competitors from recruiting highly coveted female and minority employees via headhunters or networking websites, such as LinkedIn or Dice. (*See* Barrios Decl. ¶ 4.) Regardless, concerns regarding poaching go more to the confidentiality element of the exemption than the commercial one.

Without addressing every declaration submitted by the Government, the Court notes that other declarations misrepresent the breadth of information contained in the EEO-1 reports. For example, the declaration of Nancy Lewis-Treolo, Senior Director of HR Operations at Docusign, states that the "EEO-1 report contains highly sensitive commercial information, including the number of its employees, the types of positions they hold, the span of managerial control, and the distribution of those employees within various teams." (Decl. of Nancy Lewis-Treolo, "Lewis Treolo Decl.," Dkt. No. 24-6 at ¶ 6.) As discussed above, the report does not provide information regarding the distribution of employees within various divisions, departments, segments or "teams." Rather, the information sought is general job categories and the data provided is

companywide.

In its reply, Defendant cites to *100Reporters LLC v. United States Dep't of Justice*, 248 F. Supp. 3d 115, 137 (D.D.C. 2017), in support of its contention that the demographic information is commercial because "[i]nformation that is instrumental to a commercial interest is sufficiently commercial for the purpose of Exemption 4." (Def.'s Reply at 2.)  In *100Reporters*, the court found that the Three Year Work Plan documents were commercial because they "set forth the steps the Monitor planned to take to evaluate Siemens' compliance programs… [and] reflect[ed] 'Siemens' business operations, structure, and compliance controls.'" *Id.* at 137.  "For example, the Monitor's first work plan describes 'the number of Siemens employees in each country, new orders, new government orders, joint ventures and business partnerships, and Siemens' business development strategy across different sectors of the economy.'" *Id.* [2]  In sum, the documents found to be commercial in *100Reporters* reflect a level of detail not contained in the EEO-1 reports at issue here. Thus, the Government's reliance on *100Reporters* is misplaced.

Finally, the Government argues that "[t]he various job categories as well as the number of people hired in each category contained in the EEO-1, Type 2 reports is instrumental to each submitter's ability to carry out its commercial interests. Businesses cannot engage in commerce without the sufficient personnel in specified job categories, which is thus related to the businesses' commercial enterprise." (Def.'s Reply at 2.)  Essentially, the Government is asking the Court find exempt any statistical information pertaining to employees simply because the business is a commercial enterprise. This expansive interpretation has been rejected. *See Getman,* 450 F.2d at 673. At the hearing, the Court asked the Government how the demographic information was

---

[2] The Court notes that, after an *in camera* review to determine segregability, the district court found that most of the documents withheld were not exempt, because they "consist[ed] mostly of general descriptions of the Monitor's past and future activities with very few details about Siemens' business operations." *100Reporters LLC v. United States Dep't of Justice*, 316 F. Supp. 3d 124, 140 (D.D.C. 2018). The district court did, however, find the "Countries of Interest" section, which included "the number of Siemens employees in each country" to be exempt, but that section also included information pertaining to "new orders, new government orders, joint ventures and business partnerships, and Siemens' business development strategy across different sectors of the economy," so it is possible that the labor information was not easily segregated from the commercial information. *See id.* at 141 (internal quotations omitted). Nevertheless, the undersigned is not bound by the district court's decision.

9

1    commercial, and the Government argued that the information would reveal each submitting

2    company's organization chart, corporate structure, and how it allocates resources.  As discussed

3    above, it is impossible to discern a corporation's structure given the EEO-1's general job

4    categories, and the furnished information is companywide rather than by department.

5           Accordingly, in light of the absence of information pertaining to specific positions or

6    departments, the Court finds that the Government has failed to make a showing that the

7    demographic information contained in the EEO-1 reports is commercial.  As a result, the

8    Government was not justified in applying Exemption 4 to the EEO-1 reports, and they must be

9    produced unredacted.

10          **ii.    Confidentiality**

11          Since the information sought is not commercial in nature, the Court need not address

12   whether the information is confidential under *Argus Leader.*

13          Nonetheless, the Court is not convinced that the information sought would be confidential.

14   In *Argus Leader*, the Supreme Court found that uncontested testimony established that the

15   information was not disclosed, or made "publicly available 'in any way[,]'" suggested that it was

16   confidential. 139 S. Ct. at 2363.  To the contrary, here, at least one of the objecting companies,

17   Gilead, published a summary of the EEO-1 data in its annual report, and included a notation that

18   the information was based on the company's 2016 EEO-1 filing. (*See* Suppl. Decl. of D. Lissette

19   Geán, Dkt. No. 34-1 ¶¶ 13-15; Gilead Sciences, 2016 Year in Review report at 24,

20   http://investors.gilead.com/static-files/33588c5a-7f81-437a-b35a-379514d49eff (last visited Dec.

21   6, 2019).)  While the Year in Review's demographic information did not provide all data points

22   from the EEO-1 report, the information disclosed was substantial enough to undermine the

23   Government's claim of confidentiality, and call into doubt the supporting declaration from

24   Gilead's corporate representative that the company treats this information as private and "does not

25   release its EEO-1 reports to the general public...." (Decl. of Mirelle King, Dkt. No. 24-4 at ¶ 5.)

26          Thus, while the Court need not determine whether the information sought is confidential,

27   there is a significant possibility that at least some of the reports may not be.

28

Case 3:22-cv-07182-WHA   Document 35   Filed 08/18/23   Page 51 of 132

**B.      Whether the Foreseeable Harm Standard is Satisfied.**

Even if the information was exempt, the Government has failed to carry its burden of showing that foreseeable harm would result should the documents be released.

In 2016, Congress passed the FOIA Improvement Act of 2016 ("FIA"), which amended FOIA to limit the circumstances under which an agency may withhold records from the public. Among other things, the FIA introduced the foreseeable harm standard, which agencies must satisfy for all FOIA requests filed **after** the bill's enactment (June 30, 2016). P.L. 114-185, 130 Stat. 538 (2016) (emphasis added). The foreseeable harm standard prohibits agencies from withholding information unless (1) the agency reasonably foresees that disclosure of the record would harm an interest protected by an exemption, or (2) the disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A)(i). Consequently, even if information falls within the scope of a discretionary exemption, it cannot be withheld from the public unless the agency also shows that disclosure will harm the interest protected by that exemption. *Id.*; *see also Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 98 (D.D.C. 2019).

Here, Plaintiffs argue that even if the reports would be otherwise exempt under Exemption 4, the Government has failed to meet its burden under the FIA, because it has not shown that foreseeable harm would result if the records were released. (Pl.'s Opp'n at 13; Amicus Br. At 4.)

Defendant argues that to impose the foreseeable harm standard would render *Argus Leader* meaningless. (Def.'s Reply at 7.)  The Court disagrees. The substantial competitive harm test set forth in *National Parks & Conservation Association v. Morton,* 498 F.2d 765, 768 (D.C. Cir. 1974)*,* was fashioned from legislative history, rather than statute, which was the grounds for its abrogation. *Argus Leader*, 139 S. Ct. at 2364.  Post-FIA, the foreseeable harm standard applies to all exemptions, and is not restricted to Exemption 4.  As discussed at the hearing, the FOIA request in *Argus Leader* was filed before FIA was enacted, so the foreseeable harm standard was not applicable. In fact, the Supreme Court did not address the validity of the foreseeable harm standard.  Today, FIA codifies the requirement that the agency articulate a foreseeable harm to an interest protected by an exemption that would result from disclosure. Here, the Government does not attempt to make such a showing, and instead relies on *Argus Leader* as the reason why it need

11

1    not do so.

2         Accordingly, the Court finds that the Government has failed to carry its burden under the

3    FIA's foreseeable harm standard.

4        **C.**    **Segregation**

5         Finally, if the agency determines that full disclosure is not possible, it is required to

6    consider whether partial disclosure is possible and to "take reasonable steps necessary to segregate

7    and release nonexempt information[.]" 5 U.S.C. § 552(a)(8)(ii).  Even if the Government showed

8    that its application of Exemption 4 was justified, and there was some foreseeable harm, it would

9    have to take reasonable steps to redact the documents.  It made no such attempt.

10        At the hearing, the Court asked Defendant why it could not, at the very least, redact the

11   documents and produce the total numbers.  The Government did not have a response, and asked if

12   it could "look into" that.  The Government is free to look into the feasibility of segregation;

13   however, it had an obligation to segregate and release nonexempt information when the request

14   was made, which it did not do.

15        Accordingly, the Court declines to delay its ruling for that purpose, and finds that the

16   Government did not attempt to segregate nonexempt information as required by statute.

17             **IV.**    **CONCLUSION**

18        In light of the foregoing, the Court DENIES the Government's motion for summary

19   judgment and GRANTS Plaintiffs' cross-motion for summary judgment.  The Government shall

20   produce the 10 remaining EEO-1 reports within 30 days of this order, and shall do so without

21   redaction.

22        IT IS SO ORDERED.

23   Dated: December 10, 2019

24                              KANDIS A. WESTMORE

25                              United States Magistrate Judge

26

27

28

United States District Court
Northern District of California

EXHIBIT F



Shawn Musgrave <smusgrave@revealnews.org>

---

## Fwd: Acknowledgment
1 message

**Will Evans** <wevans@revealnews.org>                                    Fri, Oct 15, 2021 at 6:51 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Fri, Sep 18, 2020 at 12:50 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to the Office of Federal Contract Compliance Programs (OFCCP) with tracking number 897123. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Friday, September 11, 2020 8:26 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **as federal contractor EEO-1s have been determined to be public records that must be disclosed, not confidential commercial information**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



[www.revealnews.org](http://www.revealnews.org)

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

EXHIBIT G

**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



October 2, 2020


Via Electronic Mail

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request submitted to *foiarequest@dol.gov*.  The Office of the Solicitor assigned your request to the Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020.  Please refer to the above-referenced FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be assessed, excluding charges for the first 100 pages.  You will receive written notification if the total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data.  Once we compile the data, we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required to notify submitters that their information has been requested under the FOIA to give them an opportunity to object in writing to disclosure of any specified portion of the requested information.  For those submitters who do not object, we will provide the information with any necessary redactions consistent with FOIA.  For those submitters who do object, OFCCP will evaluate any response provided by the submitter as to why the requested information should be withheld and make its own determination as to whether the specific facts and relevant law warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill. Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i). We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor. As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN  Digitally signed by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

EXHIBIT H



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

**Dara Gray** <dgray@revealnews.org>                                  Tue, Nov 15, 2022 at 3:55 PM
To: Dara Gray <dgray@revealnews.org>

---

---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Fri, Dec 11, 2020 at 4:41 PM
Subject: Re: Freedom of Information Act Request Acknowledgement – Tracking No. 897123
To: OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL
<Hicks.Thomas@dol.gov>


VIA EMAIL

Doris Lissette Geán
FOIA Manager
Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
OFCCP_NO_FOIA@dol.gov


Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán:

     We are following up on your e-mail correspondence dated November 7, 2020, and we write seeking an update as to the status of FOIA Request No. 897123.  We would also like to remind the Department that Judge Westmore's opinion remains in effect, *see Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019), as a stay was granted only as to Synopsys's records, *see Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, ECF No. 79 (July 20, 2020). Unless and "until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected."  *United States v. Mine Workers*, 330 U.S. 258, 294 (1947) (citation omitted).

     Again, thank you for your assistance for this matter.  We look forward to the expeditious fulfillment of the request and to the avoidance of unnecessary litigation.

Sincerely,


Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Report, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

enc: PDF copy

On Sat, Nov 7, 2020 at 1:50 PM OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov> wrote:

Good afternoon Ms. Gutierrez,

We acknowledge receipt of your email/letter.  We are reviewing it and will get back to them shortly.

Thank you,

**D. Lissette Geán**

FOIA Manager

Office of Federal Contract Compliance Programs

---

**From:** Alexandra Gutierrez <agutierrez@revealnews.org>
**Sent:** Friday, October 30, 2020 8:56 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>; Will Evans <wevans@revealnews.org>; Hicks, Thomas - SOL <Hicks.Thomas@dol.gov>
**Subject:** Re: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

VIA EMAIL

Doris Lissette Geán

FOIA Manager

Department of Labor

200 Constitution Avenue, N.W.

Washington, D.C. 20210

OFCCP_NO_FOIA@dol.gov

Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán:

We received your letter dated October 2, 2020, acknowledging FOIA Request No. 897123 made by Center for Investigative Reporting ("CIR") reporter Will Evans.  That request seeks a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018, and it is a follow-on request to FOIA Request No. 875877 (seeking same for 2017) and 872421 (same for 2016).

CIR understands that the Department of Labor intends to act in contravention of a federal court decision and grant EEO-1 submitters the opportunity to object in writing to disclosure of information pertaining to them.  CIR would like to remind DOL that, just last year, Judge Westmore addressed CIR's request for 2016 EEO-1 report data and concluded that the "Government was not justified in applying Exemption 4" to this information, requiring the EEO-1 reports to "be produced unredacted."  *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019).

The Government chose not to appeal this still-binding ruling.  *See Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, 2020 WL 554001, at *1 (N.D. Cal. Feb. 4, 2020) (noting DOL's decision "that it would not be appealing the December 10, 2019 order").  Moreover, all but one of the relevant EEO-1 submitters decided against intervention.  Although the District Court has permitted a single third party, Synopsys, Inc., to intervene for the limited purpose of appealing the December 10, 2019 order, *see Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, No. 4:19-CV-01843-KAW, ECF No. 79 (July 20, 2020), the Government has indeed noticed an intention to cross-appeal and oppose that intervention, *see id.*, ECF No. 93 (Sept. 18, 2020).  The December 10, 2019 order generally remains in effect, as the parties, including the Government, stipulated that it would only be stayed as to the "disclosure of the requested Synopsys information."  *Id.*, ECF No. 87, ¶ 2 (July 28, 2020).

Given the continuing force of the December 10, 2019 order and the Government's current position on this litigation, CIR is perplexed by DOL's current plan of action as to FOIA Request No. 897123.  We hope this clarifies any existing misunderstanding and allows us to avoid needless, repetitive litigation.  We thank you in advance for your fulfillment of this request.

Sincerely,

Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
        Will Evans, Report, Center for Investigative Reporting
        Thomas Hicks, DOL FOIA Public Liaison

enc: PDF copy

--
Dara Gray
First Amendment Fellow
c: (404) 395-2356



📄 **FOIAReq897123_Dec112020Letter.pdf**
414K

EXHIBIT I



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123

**Will Evans** <wevans@revealnews.org>                                    Thu, Sep 30, 2021 at 10:30 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---

---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Thu, Jan 7, 2021 at 9:13 AM
Subject: Re: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL <hicks.thomas@dol.gov>

VIA E-MAIL

    Doris Lissette Geán
    FOIA Manager
    Department of Labor
    200 Constitution Avenue, N.W.
    Washington, D.C. 20210
    OFCCP_NO_FOIA@dol.gov

Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán,

We are following up on your December 18, 2020 e-mail. While we are considering are options as to the Department of Labor's current position as to our reporter's request, we seek answers to the following questions:

    1. When did the Department provide E.O. 12600 notices to submitters?
    2. Have any submitters responded, either objecting or consenting?
    3. For those submitters who have consented or have waived their opportunity to object due to the passage of a reasonable amount of time, would the Department be able to provide their submitted reports on a rolling basis.

We appreciate your attention to these inquiries.

Sincerely,

Alexandra M. Gutierrez

cc:     D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
        Will Evans, Reporter, Center for Investigative Reporting
        Thomas Hicks, DOL FOIA Public Liaison

On Fri, Dec 18, 2020 at 9:32 AM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:
    Via Electronic Mail

    Dear Ms. Gutierrez:

    We have received your December 11, 2020, e-mail inquiring about outstanding FOIA requests that,
    combined, seek two years (2016 and 2018) of EEO-1 consolidated (Type 2) reports for all federal
    contractors.

    As you are aware, we have complied with the district court's order and released the 2016 reports of the
    individual submitters who have not appealed the court's decision in the matter of *Ctr. for Investigative
    Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). Your outstanding FOIA
    requests seek the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from
    countless industries whose reports are not subject to that court order.

    We continue to be subject to Executive Order 12600 and are obligated to notify submitters of requests for
    their potentially confidential commercial information. *See* 29 C.F.R. § 70.26. Under Executive Order
    12600, we must afford submitters a reasonable period of time to object to the disclosure of any portion of
    the information and to state all grounds upon which disclosure is opposed.  The submitters that are the
    subject of your request have not had the opportunity to demonstrate whether their EEO-1, Type 2 reports
    contain confidential commercial information.  Moreover, while we do not believe that the Northern
    California's District Court's decision in *Center for Investigative Reporting* has precedential effect on all
    EEO-1, Type 2 reports, we note that this matter is currently on appeal before the U.S. Court of Appeals for
    the Ninth Circuit and there is still a chance that the district court's holding may be overturned.


    Sincerely,




    D. Lissette Geán

    FOIA Manager


--
Alexandra M. Gutierrez
First Amendment Fellow
**(c)** 907-209-1799



--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

EXHIBIT J

| From: | OFCCP NO FOIA |
|---|---|
| To: | "Will Evans" |
| Bcc: | Gean, Lissette - OFCCP |
| Subject: | RE: amendment request |
| Date: | Tuesday, May 11, 2021 12:05:00 PM |

Dear Mr. Evans,

We have modified request 872421 to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2018.

We will administratively close request 897123.

Cordially,

Bruce Andersen
The OFCCP FOIA Team

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, May 10, 2021 1:02 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** amendment request

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

I would like to amend my FOIA request #872421 to include a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017 and 2018 as well as 2016.

If you agree to this amendment, I will withdraw my separate FOIA #897123 for the 2018 data.

Please let me know.
Thank you very much.
Best,
Will Evans
--
Will Evans
reporter
office: 510-809-2209
cell: 510-333-9584



www.revealnews.org

# EXHIBIT K



Secretary of Labor Martin J. Walsh
Office of the Secretary of Labor
200 Constitution Ave, NW
Room C-2318
Washington, DC 20210

Solicitor of Labor Seema Nanda
Office of the Solicitor of Labor
200 Constitution Ave, NW
Washington, DC 20210

Director Jenny R. Yang
Office of Federal Contract Compliance Programs
200 Constitution Ave, NW
Room C–3325
Washington, DC 20210


May 23, 2022


VIA ELECTRONIC DELIVERY


**Re: FOIA Request No. 872421 and DOL's Wrongful Withholding of EEO-1 Type 2 Forms
That Should be Released and Published Prospectively**


To Whom It May Concern:

The Center for Investigative Reporting ("CIR") writes to object to the agency's
withholding of records requested under the Freedom of Information Act ("FOIA") by our
reporter, Mr. Will Evans.  Mr. Evans's FOIA request, which has been pending for *more than
three years*, seeks disclosure of aggregate workforce diversity data submitted by federal
contractors to the Department of Labor ("DOL")'s Office of Federal Contract Compliance
Programs ("OFCCP").  This withholding is in contravention of legal authority.

According to OFCCP, the agency's extensive delay in responding to this request is due to
its need to consult with thousands of federal contractors to ascertain whether they object to

disclosure of their diversity data.  It is unclear whether OCFPP has attempted to initiate that process.  Nevertheless, CIR disputes that such consultation is appropriate or necessary in the first instance.  The agency's withholding is in direct contravention of law in light of recent court decisions, including a federal district court ordering disclosure of diversity data, an opinion which the DOL did not appeal and which the U.S. Ninth Circuit Court of Appeals left undisturbed, as discussed below.  These records should be disclosed immediately.  Regardless, even if the agency wanted to formalize this disclosure process moving forward, by proactively publishing these records on its website, it could provide a broad notice to companies, instead of reaching out to federal contractors individually.  According to agency rules, DOL has the authority to expedite its consultation process by publishing notices in the Federal Register.

In light of its obligations under FOIA, CIR demands DOL disclose the requested records and prospectively publish these records online.  If DOL fails to act and continues to withhold these records, CIR will be required to file suit under FOIA, yet a third time.

## I.      Background on EEO-1 Reports

Since 1966, certain federal contractors have been required to submit workforce demographic data to the U.S. Equal Opportunity Commission on an annual basis.[1]  OFCCP uses these diversity reports, the EEO-1 Consolidated Reports (Type 2) ("EEO-1 Type 2 reports") to evaluate contractors' compliance with anti-discrimination laws, particularly Executive Order 11246.[2]  For decades, momentum has been growing to make the diversity data in EEO-1 Type 2 reports accessible and keep federal contractors accountable to the public.  As far back as 1974, courts have required EEO-1 Type 2 reports to be disclosed under FOIA.[3]  Many companies now post their reports online as part of their own social responsibility commitments.[4]  Members of

---

[1] *See* 41 C.F.R. § 60-1.7(a).

[2] *See* 30 Fed. Reg. 12,319 (Sept. 28, 1965).

[3] As OFCCP explains on its website, "[C]ourts have ruled that the Title VII prohibition against disclosure does not apply to OFCCP's collection of EEO-1 data." OFCCP, *Freedom of Information Act (FOIA) Frequently Asked Questions*, https://www.dol.gov/agencies/ofccp/ faqs/foia (citing *Sears Roebuck & Co. v. Gen. Servs. Admin.*, 509 F.2d 527, 529 (D.C. Cir. 1974) as one such ruling).

[4] For example, Intel proactively began posting diversity reports online in 2008. Intel, *Workforce Demographics*, 2008, http://web.archive.org/web/20081224004419/http://www.intel.com/intel/ diversity/divpractice.htm.  Google began posting its diversity data in 2014 after a similar FOIA lawsuit, and Microsoft followed suit in 2015.  Murrey Jacobson, *Google finally discloses its diversity record, and it's not good*, PBS NEWSHOUR, May 28, 2014, https://www.pbs.org/ newshour/nation/google-discloses-workforce-diversity-data-good; Laura Lorenzetti, *Microsoft releases diversity stats: How the tech giant sizes up*, FORTUNE, Jan. 5, 2015, https://fortune.com/ 2015/01/05/microsoft-eeo-1-diversity-tech.

1400 65th, Suite 200  Emeryville, CA 94608
PHONE  510 809 3160 ▮▮▮▮▮▮▮▮▮▮                    TWITTER @CIRonline
▮▮▮▮▮▮▮▮▮ WEB cironline.org ▮▮▮▮▮▮▮▮▮

Congress[5] and legislative commissions,[6] civil rights activists,[7] and scholars have been calling for this data to be more accessible, including in response to CIR's reporting.  In March 2019, after CIR sued DOL for diversity data the first time, Representative Emanuel Cleaver II wrote to the DOL stating this data should not be withheld under Exemption 4, as EEO-1 reports "enumerate the diversity of firms accepting the taxpayer money."[8]

As part of his reporting for CIR over the last decade, Mr. Evans has submitted numerous FOIA requests to OFCCP for EEO-1 Type 2 reports and data.  In addition to the FOIA request addressed herein, Mr. Evans has previously requested EEO-1 Type 2 reports regarding specific companies and CIR has previously sued DOL twice over its refusal to release these reports on the basis of Exemption 4.  The first of these lawsuits was voluntarily dismissed in 2018 after DOL reversed its prior determination that five companies' reports were exempt.[9]  In the second lawsuit, the court granted summary judgment to CIR, ruling in December 2019, "the Government failed to make a showing that the demographic information contained in the EEO-1 reports is commercial.[10]  As a result, the Government was not justified in applying Exemption 4 to the EEO-1 reports, and the court ruled they "must be produced unredacted."[11]  The government chose not to appeal that ruling and the U.S. Ninth Circuit Court of Appeals recently

---

[5] Members of Congress have called for greater access to diversity reports, both via companies' proactive disclosures and via OFCCP's disclosures under FOIA.  *See, e.g.*, Jessica Guyun, *Barbara Lee calls on Apple, tech holdouts to release diversity data*, USA TODAY, Aug. 4, 2015, https://www.usatoday.com/story/tech/2015/08/04/barbara-lee-black-caucus-federal-diversity-data- apple/31128479.

[6] The Federal Glass Ceiling Commission, created by the Civil Rights Act of 1991, stated in its 1995 report that the government should "explore the possibility of mandating public release of EEO-1 forms for Federal contractors and publicly-traded corporations."  GLASS CEILING COMM'N, *A Solid Investment: Making Full Use of the Nation's Human Capital* 42-43, Nov. 1, 1995, https://ecommons.cornell.edu/handle/1813/79349.

[7] For example, civil rights activist Rev. Jesse Jackson has called on companies to release diversity statistics.  *See* Salvador Rodriguez, *Jesse Jackson Gives Uber a Diversity Deadline*, INC.COM, Jan. 5, 2017, https://www.inc.com/salvador-rodriguez/uber-diversity-jesse-jackson.html.

[8] Letter from Emanuel Cleaver II, Member of Congress, U.S. House of Representatives, to Alexander Acosta, Secretary, U.S. Department of Labor (Mar. 6, 2019), https://cleaver.house.gov/sites/cleaver.house.gov/files/DOL FOIA.pdf.

[9] *Ctr for Investigative Reporting v. Dep't of Labor*, No. 3:18-cv-02008 (N.D. Cal. Dec. 21, 2018).

[10] *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. Dec. 10, 2019).

[11] *Id.*

3

left it undisturbed following a belated challenge by the single holdout company whose data was at issue.[12]

OFCCP asserts that DOL regulations and Executive Order 12600 require notification to individual submitters to consult if this information qualifies as "confidential commercial information."[13]  First, the very same DOL regulations allow such notification "by posting or publishing notice reasonably likely to accomplish such notification" in cases where "notification to a voluminous number of submitters is required."[14]  Second, either time-consuming and burdensome notification process directly contradicts a federal court opinion requiring disclosure.  Now that EEO-1 Type 2 reports have been ruled as outside the scope of Exemption 4, any such consultation is in contravention of a federal court decision.  The agency's own prior actions confirm this conclusion.  In a similar context, DOL released data online regarding workplace injuries and illnesses for tens of thousands of employers — without consulting with each company individually — after courts ruled this data is outside the scope of Exemption 4.[15]

## II.    Procedural History

Mr. Evans submitted the requested EEO-1 Type 2 data for all federal contractors more than three years ago, in January 2019.  He initially submitted three separate requests for annual data for the years 2016, 2017, and 2018.  *See* Exhibits A, B, and C.[16]  In May 2021, at OFCCP's request, Mr. Evans agreed to combine these requests into one FOIA request for all three years' worth of data.  *See* Exhibit D.  That combined request has been assigned OFCCP tracking number 872421.  *Id.*

On numerous occasions, OFCCP indicated that Mr. Evans's request required company-by-company consultation which posed logistical challenges due to the volume of federal contractors who might object to disclosure of their diversity data.  For example, in July 2019, the OFCCP FOIA office estimated that there were "more than 100,000 responsive records"

---

[12] *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022), https://cdn.ca9.uscourts.gov/ datastore/opinions/2022/05/12/20-16416.pdf (dismissing company's untimely appeal for lack of jurisdiction).

[13] 29 C.F.R. § 70.26; *see also* OFCCP FOIA website, *supra* note 3.

[14] 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.")

[15] DOL, *U.S. Department of Labor Releases Work-Related Injury and Illness Data*, Sept. 4, 2020, https://www.dol.gov/newsroom/releases/osha/osha20200904; *see also Ctr. for Investigative Reporting v. Dep't of Labor*, No. 4:18-cv-02414, 2020 WL 2995209 (N.D. Cal. June 4, 2020); *Public Citizen Foundation v. Dep't of Labor*, No. 1:18-cv-00117 (D.D.C. June 23, 2020).

[16] The FOIA request for the 2016 EEO-1 Type 2 data was submitted on January 10, 2019, and assigned tracking number 872421.  Ex. A.  The FOIA request for the 2017 data was submitted on March 25, 2019, and assigned tracking number 875877.  Ex. B.  The FOIA request for the 2018 data was submitted on September 11, 2020, and assigned tracking number 897123.  Ex. C.

4

pertaining to the 2016 data, and that "the cost in sending more than 100,000 letters would be unduly burdensome." *See* Exhibit E. Following the December 2019 ruling in CIR's favor, OFCCP suggested the court's ruling did not have any "precedential effect" and that it was obligated to consult individual federal contractors in response to Mr. Evans's request for aggregate data. *See* Exhibit F at 2. In December 2020, for example, OFCCP estimated that this request involved "the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries." *Id.*

Since January 2021, OFCCP has not answered CIR's questions about what steps, if any, the agency has taken to date to consult with companies whose data is at issue in Mr. Evans's request. *Id.* at 1.

## III. Discussion

The Freedom of Information Act seeks "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Under FOIA, "each agency . . . shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A). "Congress underscored the importance it attached to prompt responses by allowing judicial recourse, bypassing administrative exhaustion, if an agency fails to meet statutory timetables for disclosure or to justify its delay in making nonexempt records available upon request." *Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 775–76 (D.C. Cir. 2018). "[A]n agency's compliance with FOIA depends upon its good faith effort and due diligence to comply with all lawful demands for records in as short a time as is possible." *Id.* at 781 (cleaned up).

Here, more than *three years* after receiving Mr. Evans's initial request, OFCCP has failed to fulfill it. OFCCP has justified this extensive delay based on its suggestion that the federal court's decision in the Northern District of California did not have precedential effect and the difficulty of notifying thousands of companies whose data is at issue. Ex. F at 2. CIR asserts that this position is faulty and to remedy the circumstances the agency should: 1) immediately disclose the requested records and 2) proactively notify all companies moving forward that these records will be disclosed.

### A. OFCCP is Bound by Court Decisions Requiring Disclosure of EEO-1 Type 2 Reports.

By continuing to withhold the long-overdue diversity data, OFCCP is acting outside the bounds of law. Contrary to the agency's suggestion, Judge Westmore's ruling that diversity data is outside Exemption 4 does, in fact, have "precedential effect," particularly since the Ninth Circuit left that decision undisturbed. The plain text of FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant,'" and agencies must comply with court disclosure orders. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Under the "law of the circuit doctrine, a published decision of [a federal appellate] court constitutes binding authority which must be

5

followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (cleaned up).

Here, both the district court and the appeals court decisions create binding law on the agency. Just two years ago, Judge Westmore ruled on CIR's request for 2016 EEO-1 report data and concluded that the "Government was not justified in applying Exemption 4" to this information, requiring the EEO-1 reports to "be produced unredacted." *Ctr. for Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). DOL elected not to appeal that decision, and subsequently the U.S. Ninth Circuit Court of Appeals found it lacked jurisdiction to disturb Judge Westmore's order. *Evans v. Synopsys*, No. 20-16416 (9th Cir. May 12, 2022). The December 10, 2019 order generally remains in effect, as the parties, including the Government, stipulated that it would only be stayed as to the "disclosure of the requested Synopsys information." *Ctr. for Investigative Reporting*, No. 4:19-cv-01843, ECF No. 87, ¶¶ 2-3 (N.D. Cal. July 28, 2020). Given that the December 10, 2019 order remains in force, that the Government chose not to appeal it, and that the Government opposed the company's attempt to intervene for the sole purpose of appealing it, CIR is perplexed by DOL's current plan of action as to FOIA Request No. 872421. According *Kissinger* and *In re Zermeno*, DOL must disclose the records and the agency has not presented any other to the contrary. We hope this clarifies any remaining confusion and that the agency will disclose the requested records immediately to avoid needless, repetitive litigation – for a third time.

### B.  OFCCP Should Proactively Publish the Requested Records on Its Website.

The same DOL regulation OFCCP invokes to justify its delay also offers a solution for future requests involving EEO-1s: To mitigate the burden and expense of notifying a "voluminous number of submitters," OFCCP can notify all companies simultaneously by posting a notice on its website before proactively publishing these records on its website. 29 C.F.R. § 70.26(c); *see also* 29 C.F.R. § 70.26(j) ("Where notification of a voluminous number of submitters is required, such notification may be accomplished by posting and publishing the notice in a place reasonably calculated to accomplish notification.").

OFCCP has various options for notifying companies by publication. It could publish a notice in the Federal Register, as DOL previously did to alert companies about a FOIA lawsuit and underlying request.[17] Another agency with similar regulations about "voluminous" notifications recently published notices in the Federal Register.[18] Alternatively, OFCCP could

---

[17] 71 Fed. Reg. 20,732 (April 21, 2006), *available at* https://www.federalregister.gov/documents/2006/04/21/06-3795/freedom-of-information-act-notice-of-lawsuit (notice from the Occupational Health and Safety Administration regarding air sampling data). *See also Finkel v. Dep't of Lab.*, No. CIV A 05-5525, 2007 WL 1963163, at *2 (D.N.J. June 29, 2007).

[18] 81 Fed. Reg. 75,838 (Nov. 1, 2016), *available at* https://www.federalregister.gov/documents/2016/11/01/2016-26412/freedom-of-information-act-notice-of-lawsuit (notice from the U.S. Fish and Wildlife Service regarding FOIA request and lawsuit for data about import and export of wildlife specimens); 81 Fed. Reg. 85,255 (Nov. 25,

issue a press release, as DOL did regarding disclosure of its workplace injury data.[19]  Whatever the venue, DOL should avail itself of its regulatory authority to notify the "voluminous" number of companies – and begin to proactively publishing these records online, as other DOL components such as OSHA have done with comprehensive datasets after courts ruled that they could not be withheld.

## IV.   Conclusion

Rather than continue to delay Mr. Evans's long-overdue request for EEO-1 Type 2 data, DOL should disclose the requested records.  Moving forward it should exercise its authority to notify companies and begin proactive publication.  We request that OFCCP respond to this letter **within two weeks of receipt** to discuss any clarifying points and the agency's intended course of action to resolve this matter.  You may reach me at vbaranetsky@revealnews.org or (201) 306-4831.

Sincerely,

Victoria D. Baranetsky
General Counsel
The Center for Investigative Reporting

cc:     Will Evans, Senior Reporter and Producer, The Center for Investigative Reporting
        Shawn Musgrave, First Amendment Fellow, The Center for Investigative Reporting

2016), *available at* https://www.federalregister.gov/documents/2016/11/25/2016-28379/freedom-of-information-act-notice-of-lawsuit (same).  *See also* 43 C.F.R. § 2.27(b) ("If a voluminous number of submitters are involved, [a bureau of the Department of the Interior] may publish a notice in a manner reasonably calculated to reach the attention of the submitters (for example, in newspapers or newsletters, the bureau's Web site, or the Federal Register) instead of providing a written notice to each submitter.").
[19] *Supra* note 15.

7



# Exhibit A

Case 3:22-cv-07182-WHA Document 35 Filed 08/18/23 Page 80 of 132



**Shawn Musgrave <smusgrave@revealnews.org>**

---

# Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                        Thu, Oct 14, 2021 at 2:41 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---

---------- Forwarded message ---------
From: **FOIARequests** <FOIARequests@dol.gov>
Date: Tue, Jan 15, 2019 at 2:35 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **872421**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC  20210

T: (202) 693-5531 | F: (202) 693-5389 |  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Thursday, January 10, 2019 7:13 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Cc:** Victoria Baranetsky <vbaranetsky@revealnews.org>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:


**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016.**


I am requesting this data in electronic format, by email.


There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.


Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."


Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."


There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)


I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

--

Will Evans

reporter

o: 510-809-2209



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit B

Case 3:22-cv-07182-WHA Document 35 Filed 08/18/23 Page 84 of 132



**Shawn Musgrave** <smusgrave@revealnews.org>

---

## Fwd: Acknowledgment

**Will Evans** <wevans@revealnews.org>                                    Thu, Oct 14, 2021 at 2:38 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Mon, Mar 25, 2019 at 1:32 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to OFCCP with tracking number **875877**. When they begin processing it, you will be able to track its progress at www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor l Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 l Washington, DC  20210

T: (202) 693-5531 l F: (202) 693-5389 l  E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, March 25, 2019 1:57 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," as OFCCP has already determined that Type 2 EEO-1 reports are not subject to Exemption 4 of the Freedom of Information Act. (see CIR v USDOL, Case No. 3:18-cv-2008 JCS)

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608


--

Will Evans

reporter

o: 510-809-2209

www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

# Exhibit C

Case 3:23-cv-01829-WHA Document 135 Filed 08/18/23 Page 88 of 132



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Acknowledgment
1 message

---

**Will Evans** <wevans@revealnews.org>                    Fri, Oct 15, 2021 at 6:51 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Karamoko, Arginia - SOL** <Karamoko.Arginia@dol.gov>
Date: Fri, Sep 18, 2020 at 12:50 PM
Subject: Acknowledgment
To: Will Evans <wevans@revealnews.org>
Cc: Oliver, Ramona - SOL <Oliver.Ramona@dol.gov>, OFCCP NO FOIA <OFCCP_NO_FOIA@dol.gov>

Hello:

Your request has been assigned to the Office of Federal Contract Compliance Programs (OFCCP) with
tracking number **897123**. When they begin processing it, you will be able to track its progress at
www.dol.gov/foia. If you need to contact them about it for any reason, please submit your inquiry through
ofccp_no_foia@dol.gov or phone 202-693-0101. In addition, it would be helpful to include the tracking
number in the Subject line of any submission to the agency or to have it available at the time of a call.

Sincerely,

**Arginia Karamoko**

Government Information Specialist, Office of Information Services

Office of the Solicitor | Management & Administrative Legal Services

U.S. DEPARTMENT OF LABOR

200 Constitution Ave., N.W., N-2420 | Washington, DC 20210

T: (202) 693-5531 | F: (202) 693-5389 | E: karamoko.arginia@dol.gov

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Friday, September 11, 2020 8:26 PM
**To:** FOIARequests <FOIARequests@dol.gov>
**Subject:** FOIA request - OFCCP

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.**

I am requesting this data in electronic format, by email. Fulfilling this request is not unduly burdensome because there is no need to notify federal contractors.

There is an exception to the notice requirements of 29 CFR 70.26 and Executive Order 12600 that applies here, as will be explained below. Notice to the contractors is not required.

Under 29 CFR 70.2(G)(5) and Executive Order 12600 Sec.8(e), the notice requirements **need not be followed** if the information has not been designated by the submitter, unless OFCCP "has reason to believe that disclosure of the information would result in substantial competitive harm."

Under 29 CFR 70.2(G)(6) and Executive Order 12600 Sec.8(f), the notice requirements **need not be followed** the designation made by the submitter "appears obviously frivolous."

There is no substantial reason to believe that disclosure of the information would result in competitive harm, so the information should be released without notice for any contractor. Even if a contractor has designated it as confidential, that designation should be considered "obviously frivolous," **as federal contractor EEO-1s have been determined to be public records that must be disclosed, not confidential commercial information**. Please see the Dec. 10, 2019 ruling by Judge Kandis Westmore in U.S. District Court for the Northern District of California, 4:19-cv-01843-KAW (attached).

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608



www.revealnews.org

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org



**U.S. Department of Labor**

Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210

October 2, 2020

Via Electronic Mail

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Mr. Evans:

This letter is to acknowledge receipt of your Freedom of Information Act (FOIA) request submitted to *foiarequest@dol.gov*. The Office of the Solicitor assigned your request to the Office of Federal Contract Compliance Programs (OFCCP) on September 18, 2020. Please refer to the above-referenced FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2018.

We consider you to be a representative of the news media as defined by the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(3), therefore, only reproduction costs will be assessed, excluding charges for the first 100 pages. You will receive written notification if the total estimated fee for processing your request exceeds $25.00.

OFCCP's National Office will process your request for EEO-1 data. Once we compile the data, we will send a letter to the submitters notifying them of the request for their EEO-1 data.

In accordance with 29 CFR § 70.26 and Executive Order 12600, because your request covers information that may be protected from disclosure under FOIA Exemption 4, OFCCP is required to notify submitters that their information has been requested under the FOIA to give them an opportunity to object in writing to disclosure of any specified portion of the requested information. For those submitters who do not object, we will provide the information with any necessary redactions consistent with FOIA. For those submitters who do object, OFCCP will evaluate any response provided by the submitter as to why the requested information should be withheld and make its own determination as to whether the specific facts and relevant law warrant disclosure or withholding of the requested information.

Due to the volume and complexity of the FOIA requests we have received, we anticipate that providing a full response will take longer than 20 business days to fulfill. Accordingly, OFCCP will take an additional 10 business days to fulfill your request as afforded by the FOIA at 5 U.S.C. § 552(a)(6)(B)(i). We will contact you if we are unable to fulfill your request in 30 business days.

We consider you a "news media" type of requestor. As a "news media" requestor, we charge you for photocopying after the first 100 pages in accordance with the U.S. Department of Labor FOIA regulations at 29 CFR § 70.40(c)(4). DOL's FOIA regulations at 29 CFR § 70.42(a) deem that the filing of a FOIA constitutes an agreement by the requester to pay all fees up to $25.00.

If you need further assistance or would like to discuss any aspect of your request, please do not hesitate to contact this office at (202) 693-0101 or by email at OFCCP_NO_FOIA@dol.gov. Alternatively, you may wish to contact the DOL FOIA Public Liaison, Thomas Hicks, at (202) 693-5427 or by email at hicks.thomas@dol.gov.

You may also contact the Office of Government Information Services (OGIS), within the National Archives and Records Administration (NARA), to inquire about the mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001. You can also reach that office by email at ogis@nara.gov, by phone at (202) 741-5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. In the appeal, you must state in writing the grounds for the appeal, and may include any supporting statements or arguments, but such statements are not required. To facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. Clearly mark "Freedom of Information Act Appeal" on the envelope and letter of the appeal. You must make any amendment to the appeal in writing and we must receive it prior to a decision. Address the appeal to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. You may submit your appeal by email to foiaappeal@dol.gov. The Department does not accept appeals submitted to any other email address.

Sincerely,

DORIS GEAN   Digitally signed
             by DORIS GEAN

Doris Lissette Geán
FOIA Manager

2

# Exhibit D

Case 3:22-cv-07182-WHA Document 35 Filed 08/18/23 Page 94 of 132



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: amendment request

**Will Evans** <wevans@revealnews.org>
To: Shawn Musgrave <smusgrave@revealnews.org>

Thu, Sep 30, 2021 at 10:28 PM

---------- Forwarded message ---------
From: **OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Date: Tue, May 11, 2021 at 9:05 AM
Subject: RE: amendment request
To: Will Evans <wevans@revealnews.org>


Dear Mr. Evans,


We have modified request 872421 to include a spreadsheet of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2018.


We will administratively close request 897123.


Cordially,


Bruce Andersen

The OFCCP FOIA Team

---

**From:** Will Evans <wevans@revealnews.org>
**Sent:** Monday, May 10, 2021 1:02 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** amendment request


CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.


Dear FOIA Officer,


I would like to amend my FOIA request #872421 to include a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2017 and 2018 as well as 2016.

Case 3:22-cv-07182-WHA Document 135-1 Filed 08/18/23 Page 95 of 132

If you agree to this amendment, I will withdraw my separate FOIA #897123 for the 2018 data.


Please let me know.
Thank you very much.
Best,

Will Evans
--

Will Evans

reporter

office: 510-809-2209

cell: 510-333-9584





[www.revealnews.org](http://www.revealnews.org)


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
[www.revealnews.org](http://www.revealnews.org)

# Exhibit E

**U.S. Department of Labor**

Office of Federal Contract
Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



JUL 18 2019

Will Evans
The Center for Investigative Reporting
1400 65th Street, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request Acknowledgement – Tracking No. 872421

Dear Mr. Evans:

This letter is a follow-up to your Freedom of Information Act (FOIA) request submitted to the
Office of Federal Contract Compliance Programs (OFCCP). Please refer to the above-referenced
FOIA tracking number in any future correspondence regarding your FOIA request.

You requested a spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal
contractors for 2016. As you know from your earlier requests, in accordance with 29 CFR §
70.26, OFCCP is required to notify submitters that their business information has been requested
under the FOIA to give them an opportunity to object in writing to disclosure of any specified
portion of the requested information.

Though you request is reasonably described, we have determined that there are more than
100,000 responsive records. Reaching out to each of the companies affected by your voluminous
request would overwhelm the OFCCP FOIA unit for the foreseeable future, and the cost in
sending more than 100,000 letters would be unduly burdensome. If you wish to narrow the scope
of your request, please send a revised request to the address referenced above or send an e-mail
to OFCCP_NO_FOIA@dol.gov. In the event that we do not receive a response from you within
thirty (30) days from the date of this letter, we will administratively close your request.

Should you have questions regarding your request, please contact this office at (202) 693-0101
or by email at OFCCP_NO_FOIA@dol.gov. If you need further assistance or would like to
discuss any aspect of your request, please do not hesitate to contact the DOL FOIA Public
Liaison, Thomas Hicks, at (202) 693-5427.

Alternatively, you may contact the Office of Government Information Services within the
National Archives and Records Administration (OGIS) to inquire about the mediation services
they offer. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD
20740-6001. You can also reach that office by e-mail at ogis@nara.gov, by phone at (202) 741-
5770, by fax at (202) 741-5769, or by calling toll-free at (877) 684-6448.

If you are not satisfied with the response to this request, you may administratively appeal by writing to the Solicitor of Labor within 90 days from the date of this letter. The appeal must state in writing the grounds for the appeal, and it may include any supporting statements or arguments, but such statements are not required. In order to facilitate processing of the appeal, please include your mailing address and daytime telephone number, as well as a copy of the initial request and copy of this letter. The envelope and letter of the appeal should be clearly marked "Freedom of Information Act Appeal." Any amendment to the appeal must be made in writing and received prior to a decision. The appeal should be addressed to the Solicitor of Labor, Division of Management and Administrative Legal Services, U.S. Department of Labor, 200 Constitution Avenue, NW, Room N2420, Washington, DC 20210. Appeals may also be submitted by email to foiaappeal@dol.gov. Appeals submitted to any other email address will not be accepted.

Sincerely,

D. Lissette Geán
Special Assistant

# Exhibit F



**Shawn Musgrave <smusgrave@revealnews.org>**

---

## Fwd: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123

**Will Evans** <wevans@revealnews.org>               Thu, Sep 30, 2021 at 10:30 PM
To: Shawn Musgrave <smusgrave@revealnews.org>

---------- Forwarded message ---------
From: **Alexandra Gutierrez** <agutierrez@revealnews.org>
Date: Thu, Jan 7, 2021 at 9:13 AM
Subject: Re: Freedom of Information Act Requests – Tracking Nos. 872421 and 897123
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: Victoria Baranetsky <vbaranetsky@revealnews.org>, Will Evans <wevans@revealnews.org>, Hicks, Thomas - SOL <hicks.thomas@dol.gov>

VIA E-MAIL

Doris Lissette Geán
FOIA Manager
Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
OFCCP_NO_FOIA@dol.gov

Re:  Freedom of Information Act Request Acknowledgement – Tracking No. 897123

Dear Ms. Geán,

We are following up on your December 18, 2020 e-mail. While we are considering are options as to the Department of Labor's current position as to our reporter's request, we seek answers to the following questions:

1. When did the Department provide E.O. 12600 notices to submitters?
2. Have any submitters responded, either objecting or consenting?
3. For those submitters who have consented or have waived their opportunity to object due to the passage of a reasonable amount of time, would the Department be able to provide their submitted reports on a rolling basis.

We appreciate your attention to these inquiries.

Sincerely,

Alexandra M. Gutierrez

cc:    D. Victoria Baranetsky, General Counsel, Center for Investigative Reporting
       Will Evans, Reporter, Center for Investigative Reporting
       Thomas Hicks, DOL FOIA Public Liaison

On Fri, Dec 18, 2020 at 9:32 AM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:
Via Electronic Mail

Dear Ms. Gutierrez:

We have received your December 11, 2020, e-mail inquiring about outstanding FOIA requests that, combined, seek two years (2016 and 2018) of EEO-1 consolidated (Type 2) reports for all federal contractors.

As you are aware, we have complied with the district court's order and released the 2016 reports of the individual submitters who have not appealed the court's decision in the matter of *Ctr. for Investigative Reporting v. U.S. Dep't of Labor*, 424 F. Supp. 3d 771, 779 (N.D. Cal. 2019). Your outstanding FOIA requests seek the EEO-1, Type 2 reports of well over 15,000, and possibly over 20,000 submitters from countless industries whose reports are not subject to that court order.

We continue to be subject to Executive Order 12600 and are obligated to notify submitters of requests for their potentially confidential commercial information. *See* 29 C.F.R. § 70.26. Under Executive Order 12600, we must afford submitters a reasonable period of time to object to the disclosure of any portion of the information and to state all grounds upon which disclosure is opposed. The submitters that are the subject of your request have not had the opportunity to demonstrate whether their EEO-1, Type 2 reports contain confidential commercial information. Moreover, while we do not believe that the Northern California's District Court's decision in *Center for Investigative Reporting* has precedential effect on all EEO-1, Type 2 reports, we note that this matter is currently on appeal before the U.S. Court of Appeals for the Ninth Circuit and there is still a chance that the district court's holding may be overturned.


Sincerely,




D. Lissette Geán

FOIA Manager


--
Alexandra M. Gutierrez
First Amendment Fellow
**(c)** 907-209-1799

--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
office: 510-809-2209
cell: 510-333-9584
www.revealnews.org

EXHIBIT L



**Dara Gray <dgray@revealnews.org>**

---

## Fwd: FOIA 872421 - Amendment
1 message

**Will Evans** <wevans@revealnews.org>                                    Wed, Nov 9, 2022 at 2:01 PM
To: Dara Gray <dgray@revealnews.org>

---------- Forwarded message ---------
From: **Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Date: Fri, Jun 3, 2022 at 10:52 AM
Subject: RE: FOIA 872421 - Amendment
To: <wevans@revealnews.org>
Cc: <vbaranetsky@revealnews.org>

Dear Mr. Evans,

We have received your latest email. We will modify request 872421 to include both the 2019 and 2020 data. Your request is now for the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020.

Cordially,

Bruce Andersen

The OFCCP FOIA Team

**From:** Will Evans wevans@revealnews.org
**Sent:** Thursday, June 2, 2022 4:45 PM
**To:** FOIARequests FOIARequests@dol.gov
**Cc:** OFCCP NO FOIA OFCCP_NO_FOIA@DOL.GOV
**Subject:** FOIA request- OFCCP

CAUTION - The sender of this message is external to the DOL network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@dol.gov.

Dear FOIA Officer,

Under the Freedom of Information Act, I am requesting a copy of the following records from OFCCP:

**\* A spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2019 and 2020.**

I am requesting this data in electronic format, by email.

I am a representative of the news media as a reporter with Reveal from The Center for Investigative Reporting, a non-profit investigative journalism organization. This request is made as part of news gathering and not for a commercial use. I respectfully ask that you waive fees related to this request. Please notify me of any charges before fulfilling this request.

Please contact me with any questions at 510-809-2209 or

wevans@revealnews.org

Thank you for your attention to this request.

Sincerely,
Will Evans
Reveal / The Center for Investigative Reporting

PO Box 8307

Emeryville, CA 94608

--

Will Evans

reporter

Reveal from The Center for Investigative Reporting

cell: 510-333-9584

www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

# EXHIBIT M

**U.S. Department of Labor**     Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, D.C. 20210



June 15, 2022

*Via Electronic Mail:* vbaranetsky@revealnews.org

Victoria D. Barenetsky
General Counsel
The Center for Investigative Reporting
1400 65th, Suite 200
Emeryville, CA 94608

RE: Freedom of Information Act Request – Tracking No. 872421

Dear Ms. Baranetsky:

We are in receipt of your correspondence of May 23, 2022, (hereinafter "Baranetsky Correspondence) to Secretary Walsh, Solicitor Nanda, and Director Yang regarding FOIA Request #872421 from Will Evans of the Center for Investigative Reporting (CIR) to the Office of Federal Contract Compliance Programs (OFCCP) for consolidated Type 2 EEO-1 reports for all federal contractors from 2016-2018.[1]  This correspondence has been referred to the undersigned for response.

As an initial matter, the Department of Labor (Department) continues to strongly disagree with CIR's assertion that the Department is in "direct contravention of law" by not immediately disclosing the thousands of EEO-1 reports from 2016-2020 (hereinafter "EEO-1 reports") responsive to FOIA Request #872421.  The recent Northern District of California decision referenced in your letter[2] addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports for which CIR now demands immediate disclosure.  Furthermore, the subsequent Ninth Circuit decisions[3] were limited to purely jurisdictional issues and explicitly did not reach the merits of the district court decision.

We also disagree with CIR's position that OFCCP can proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure.  The Department's disclosure regulations at 29 C.F.R. part 70, consistent with Executive Order 12600, require the Department to provide notice to submitters "whenever it has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but

---

[1] Within the last month, CIR sent a new FOIA request to the Department for Type 2 EEO-1 reports for all federal contractors for the years 2019 and 2020 as well.  As agreed to by Mr. Evans, OFCCP has combined this request with FOIA Request #872421 for processing.
[2] *Ctr. For Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).
[3] *Evans v. Synopsis*, 34 F.4th 762 (9th Cir. 2022); *Synopsis v. Dep't of Labor*, Nos. 20-16414 and 20-16416, Dkt. No. 53-1 (9th Cir. May 12, 2022).

has not yet determined whether the information is protected from disclosure…,"[4] and to provide submitters with a reasonable period of time to object to the disclosure and state their grounds for doing so.  Indeed, were the Department to immediately release all Type 2 EEO-1 reports as CIR recommends, it would be at risk of substantial liability in reverse FOIA actions if the reviewing court(s) found that Exemption 4 did apply to the EEO-1 records, and that in releasing them to the public the Department had violated its own regulations and improperly disclosed the confidential commercial information of thousands of federal contractors.

We do, however, agree with CIR that the Department may effectuate notice to all federal contractors via "posting and publishing the notice in a place reasonably calculated to accomplish notification."[5]  The Department will publish a notice in the Federal Register and on the Department's public-facing website that it has received FOIA requests seeking Type 2 EEO-1 records from all federal contractors that filed them from 2016-2020, and pursuant to its regulations,[6] the Department will provide an opportunity for the submitters to respond.

If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone at (202) 693-0101.

Sincerely,


Kelechi Ahaghotu
Branch Chief of Information Services
Division of Management and Administrative Programs

---

[4] 29 C.F.R. § 70.26(d)
[5] 29 C.F.R. § 70.26(j)
[6] Id. at § 70.26(e) ("A component will allow a submitter a reasonable time to respond to the notice described in [29 C.F.R. § 70.26(c)]…."

# EXHIBIT N



Dara Gray <dgray@revealnews.org>

## FOIA 872421 OFCCP Response to CIR
1 message

**Dara Gray** <dgray@revealnews.org>
To: Dara Gray <dgray@revealnews.org>



Victoria Baranetsky <vbar

## FOIA 872421 OFCCP Response to CIR
9 messages

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Wed, Jun 15, 2022 at 12:50 PM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

June 15, 2022

*Via Electronic Mail:* vbaranetsky@revealnews.org

Victoria D. Barenetsky

General Counsel

The Center for Investigative Reporting

1400 65th, Suite 200

Emeryville, CA 94608

RE: Freedom of Information Act Request – Tracking No. 872421

Dear Ms. Baranetsky:

We are in receipt of your correspondence of May 23, 2022, (hereinafter "Baranetsky Correspondence) to Secretary Walsh, Solicitor Nanda, and Director Yang regarding FOIA Request #872421 from Will Evans of the Center for Investigative Reporting (CIR) to the Office of Federal Contract Compliance Programs (OFCCP) for consolidated Type 2 EEO-1 reports for all federal contractors from 2016-2018. [1] This correspondence has been referred to the undersigned for response.

As an initial matter, the Department of Labor (Department) continues to strongly disagree with CIR's assertion that the Department is in "direct contravention of law" by not immediately disclosing the thousands of EEO-1 reports from 2016-2020 (hereinafter "EEO-1 reports") responsive to FOIA Request #872421. The recent Northern District of California decision referenced in your letter[2] addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports for which CIR now demands immediate disclosure. Furthermore, the subsequent Ninth Circuit decisions[3] were limited to purely jurisdictional issues and explicitly did not reach the merits of the district court decision.

We also disagree with CIR's position that OFCCP can proactively publish the requested EEO-1 reports without providing submitters an opportunity to object to disclosure. The Department's disclosure regulations at 29 C.F.R. part 70, consistent with Executive Order 12600, require the Department to provide notice to submitters "whenever it has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but has not yet determined whether

the information is protected from disclosure…,"[4] and to provide submitters with a reasonable period

of time to object to the disclosure and state their grounds for doing so.  Indeed, were the Department

to immediately release all Type 2 EEO-1 reports as CIR recommends, it would be at risk of substantial

liability in reverse FOIA actions if the reviewing court(s) found that Exemption 4 did apply to the EEO-1

records, and that in releasing them to the public the Department had violated its own regulations and

improperly disclosed the confidential commercial information of thousands of federal contractors.


We do, however, agree with CIR that the Department may effectuate notice to all federal contractors via

"posting and publishing the notice in a place reasonably calculated to accomplish notification."[5]  The

Department will publish a notice in the Federal Register and on the Department's public-facing website

that it has received FOIA requests seeking Type 2 EEO-1 records from all federal contractors that filed

them from 2016-2020, and pursuant to its regulations,[6] the Department will provide an opportunity for

the submitters to respond.


If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone

at (202) 693-0101.


Sincerely,

Kelechi Ahaghotu

Branch Chief of Information Services
Division of Management and Administrative Programs

---

[1] Within the last month, CIR sent a new FOIA request to the Department for Type 2 EEO-1 reports for all federal contractors

for the years 2019 and 2020 as well.  As agreed by Mr. Evans, OFCCP has combined this request with FOIA Request

#872421 for processing.

[2] *Ctr. For Investigative Reporting v. Dep't of Labor*, 424 F. Supp. 3d 771 (N.D. Cal. 2019).

[3] *Evans v. Synopsis*, 34 F.4th 762 (9th Cir. 2022); *Synopsis v. Dep't of Labor*, Nos. 20-16414 and 20-16416, Dkt. No. 53-1

(9th Cir. May 12, 2022).

[4] 29 C.F.R. § 70.26(d)

[5] 29 C.F.R. § 70.26(j)

[6] *Id.* at § 70.26(e) ("A component will allow a submitter a reasonable time to respond to the notice described in

[29 C.F.R. § 70.26(c)]…."

---

📄 **FOIA 872421 OFCCP Response to CIR 2022-06-15.pdf**
317K

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Thu, Jun 16, 2022 at 10:12 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Dear OFCCP,

Thank you for your email. CIR was disappointed the Office did not provide a production timeline or more concrete
idea of when these records would be released - given how much time has elapsed since the request was filed.
CIR also strongly disagrees with the agency's interpretation of the case law in the Ninth Circuit.

To avoid needless next steps, please let me know your when you and counsel are available to speak early next
week to provide a clearer timeline on this matter.

Kind regards,
Victoria
[Quoted text hidden]

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Wed, Jun 22, 2022 at 2:32 PM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>, "Bickerstaffe, Keir - SOL" <Bickerstaffe.Keir@dol.gov>, "cc: Whitten, Emily S - SOL" <Whitten.Emily.S@dol.go
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Hello,

I'd like to follow up and again, request if there is a time we can speak about this matter.

Regards,
Victoria

[Quoted text hidden]

---

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Mon, Jun 27, 2022 at 2:36 PM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

*By Electronic Mail*

Dear Ms. Baranetsky,

This email responds to yours of June 16, 2022, and specifically your request for a clearer timeline regarding FOIA
#872421, which, as revised, requests that OFCCP disclose Type 2 EEO-1 data for all federal contractors from 2015-2020.
In July, the Department anticipates publishing a notice in the Federal Register to inform contractors of the FOIA request
for contractors' EEO-1 data. This notice will provide contractors with 30 days to submit written objections to the
disclosure of their EEO-1 data pursuant to Exemption 4 of FOIA. At the conclusion of that 30 days, OFCCP will
ascertain which contractors have objected to disclosure, and which have not. As soon as possible thereafter, OFCCP
will disclose to CIR the EEO-1 data for all contractors that have not objected to disclosure. In addition to the Federal
Register notice, OFCCP will also announce this FOIA request through other means, such as its GovDelivery listserv,
which includes a large number of federal contractors.

For those contractors that have submitted written objections, OFCCP will review the objections submitted and make an
independent assessment for each as to whether the information should be withheld under FOIA Exemption 4. At this time,
we cannot estimate how long this process will take. We do not know how many contractors will object, but given that there
were approximately 25,000 unique filers of Type 2 EEO-1 data from 2015-2020, we anticipate that the number of objectors
will be in the thousands. OFCCP will devote significant resources to review and assess these objections as quickly as
possible, but we note that the scope of this request, and the number of objections that OFCCP will receive and need to
evaluate, is unprecedented.

We hope that this clarifies for CIR the agency's timeline with regard to this matter. If you have any questions,
please contact us via email at OFCCP_NO_FOIA@dol.gov, or by telephone at (202) 693-0101.

[Quoted text hidden]

---

**Victoria Baranetsky** <vbaranetsky@revealnews.org>
Thu, Jun 30, 2022 at 11:38 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: wevans@revealnews.org, smusgrave@revealnews.org
Bcc: Brendan Gilligan <bgilligan@revealnews.org>

Thank you for your response. I would like to confirm: (1) **when in July** does the agency anticipate publishing
this announcement on the federal register?; (2) will the agency be producing the records on a rolling

basis?; and, (3) can the agency please point to the agency regulations it is using for guidance on its procedure in this case.

While we appreciate the attention and resources now allocated to this matter, I will note that this request is now **multiple years old.** And given the decision from N.D. Cal is <u>on point</u>, we are dismayed and confused by the agency's decision to withhold these records claiming that they have no "binding effect." See OFCCP Letter to CIR, dated June 15, 2022 (stating N.D. Cal. "addressed only 10 EEO-1 reports of select companies from 2016 and does not have any binding effect as to the other EEO-1 reports"). The agency has provided absolutely no reasoning as to why identical forms should not be released simply because they are more numerous and from a different calendar year that those at issue in Judge Westmore's order. I cannot imagine the Northern District of California would find a meaningful distinction, but instead would only see this decision as the agency ignoring the law of the circuit. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc), aff'd sub nom. Arizona v. Inter Tribal Council of Ariz., Inc., 570 U.S. 1 (2013) (discussing law of the circuit); *see also Barapind v. Enomoto*, 400 F.3d 744, 751 (9th Cir. 2005) (en banc).

Regards,
Victoria

On Mon, Jun 27, 2022 at 2:34 PM Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov> wrote:

[Quoted text hidden]

[Quoted text hidden]

---

**Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Wed, Jul 6, 2022 at 8:49 AM
To: vbaranetsky@revealnews.org
Cc: wevans@revealnews.org, smusgrave@revealnews.org

Dear Ms. Baranetsky,

Thank you for your email dated June 30, 2022. We write to address the questions you raised. We plan to publish our announcement on the Federal Register by the end of July. The Federal Register controls its own publication schedule, so it is difficult to provide more precision than that.

We anticipate beginning production on a rolling basis starting 30 days after publication of the Federal Register notice. However, until we see how many objections we receive and whether they are from individual submitters or trade associations on behalf of their members, we cannot provide precise details on what the rolling production will look like. As we indicated in our earlier email, we will begin production of the Type 2 reports of those EEO-1 submitters who do not object, or do not have objections raised on their behalf within 30 days of the publication of the notice in the Federal Register. For submitters that do object, as we said in our email, OFCCP will need to do individualized analyses of the objections. If OFCCP determines that the objections do not meet the standards for FOIA Exemption 4, OFCCP will notify the submitter that it intends to disclose. At that point, submitters may file reverse FOIA actions against OFCCP to prevent disclosure.

The relevant agency regulations regarding these procedures are found at 29 C.F.R. § 70.26.

[Quoted text hidden]

---

**Shawn Musgrave** <smusgrave@revealnews.org>
Fri, Aug 5, 2022 at 10:49 AM
To: Office of Federal Contract Compliance Programs <ofccp_no_foia@dol.gov>
Cc: vbaranetsky@revealnews.org, wevans@revealnews.org

Hello,

Please advise on the status of OFCCP's publication to the Federal Register on this matter. In prior correspondence, the government indicated it would publish a notice by the end of July. To our knowledge, this notice has not been published.

Best,
Shawn

[Quoted text hidden]

--
Shawn Musgrave
First Amendment Fellow
*Admitted in California*
*Pronouns: he/him/his*
c: (510) 809-3165



---

**OFCCP NO FOIA** <OFCCP_NO_FOIA@dol.gov>
Fri, Aug 5, 2022 at 12:37 PM
To: Shawn Musgrave <smusgrave@revealnews.org>, OFCCP NO FOIA
<OFCCP_NO_FOIA@dol.gov>
Cc: "vbaranetsky@revealnews.org" <vbaranetsky@revealnews.org>,
"wevans@revealnews.org" <wevans@revealnews.org>

Good afternoon,

We would like to inform you that OFCCP sent our Federal Register Notice to the Federal Register

for publication yesterday.  Once we receive a publication date, we will contact

you with that information.

Respectfully,

Kelechi Ahaghotu | Supervisory Government Information Specialist

Branch Chief of Information Services

Department of Labor

Office of Federal Contract Compliance Programs

Division of Management and Administrative Programs

---

**From:** Shawn Musgrave <smusgrave@revealnews.org>
**Sent:** Friday, August 5, 2022 1:50 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Cc:** vbaranetsky@revealnews.org; wevans@revealnews.org
**Subject:** Re: FOIA 872421 OFCCP Response to CIR

CAUTION - The sender of this message is external to the DOL network.

Please use care when clicking on links and responding with sensitive information.

Send suspicious email to spam@dol.gov.

Hello,

Please advise on the status of OFCCP's publication to the Federal Register on this matter.

In prior correspondence, the government indicated it would publish a notice by the end of July.

To our knowledge, this notice has not been published.

Best,

Shawn

On Wed, Jul 6, 2022 at 8:46 AM Office of Federal Contract Compliance Programs

<ofccp_no_foia@dol.gov> wrote:

Dear Ms. Baranetsky,

Thank you for your email dated June 30, 2022. We write to address the questions
you raised.  We plan to publish our announcement on the Federal Register by the
end of July.  The Federal Register controls its own publication schedule, so it is
difficult to provide more precision than that.

We anticipate beginning production on a rolling basis starting 30 days after publication
of the Federal Register notice.  However, until we see how many objections we receive
and whether they are from individual submitters or trade associations on behalf of their
members, we cannot provide precise details on what the rolling production will look like.
As we indicated in our earlier email, we will begin production of the Type 2 reports of
those EEO-1 submitters who do not object, or do not have objections raised on their behalf
within 30 days of the publication of the notice in the Federal Register. For submitters
that do object, as we said in our email, OFCCP will need to do individualized analyses
of the objections.  If OFCCP determines that the objections do not meet the standards
for FOIA Exemption 4, OFCCP will notify the submitter that it intends to disclose.
At that point, submitters may file reverse FOIA actions against OFCCP to prevent disclosure.
The relevant agency regulations regarding these procedures are found at 29 C.F.R. § 70.26.
If you have any questions, please contact us via email at OFCCP_NO_FOIA@dol.gov,
or by telephone at (202) 693-0101.


Sincerely,

Kelechi Ahaghotu

Branch Chief of Information Services

Division of Management and Administrative Programs

--
Dara Gray
First Amendment Fellow
c: (404) 395-2356



EXHIBIT O

| |
|---|
| From Email : ofccp_no_foia@DOL.GOV |
| To Email : wevans@revealnews.org; |
| Cc Email : smusgrave@revealnews.org; vbaranetsky@revealnews.org |
| Bcc Email : ofccp_no_foia@DOL.GOV |
| Subject : FOIA 872421 Evans - Clarification |
| Date Sent : 7/20/2022 2:23:59 PM |
| Attachments : |
| Email Body : Dear Will, Per my phone call, I am seeking a bit of clarification.  EEO-1 filers indicate on the EEO-1 form whether they are a "prime contractor or first-tier subcontractor." Your request asked for EEO-1 data from "contractors." Can you confirm that your request intended to seek all Type 2 EEO-1 data from 2016-2020 in OFCCP's possession, that is, for prime contractors and first-tier subcontractors? If so, can you please send us confirmation in writing (i.e., email)? This will help expedite publishing the notice in the Federal Register. Many thanks, Bruce |

EXHIBIT P



**Dara Gray <dgray@revealnews.org>**

---

## RE: FOIA 872421
1 message

---

**Dara Gray** <dgray@revealnews.org>                                    Tue, Nov 15, 2022 at 3:39 PM
To: Dara Gray <dgray@revealnews.org>

---------- Forwarded message ---------
From: **Office of Federal Contract Compliance Programs** <ofccp_no_foia@dol.gov>
Date: Tue, Nov 1, 2022 at 9:34 AM
Subject: RE: FOIA 872421
To: <Wevans@revealnews.org>


Dear Mr. Evans:

As part of its final response, OFCCP intends to release to you the names of those federal contractors that objected under an applicable FOIA exemption and whose data was removed from public release.

Cordially,

Bruce Andersen




**From:** Will Evans <wevans@revealnews.org>
**Sent:** Tuesday, October 18, 2022 4:56 PM
**To:** OFCCP NO FOIA <OFCCP_NO_FOIA@DOL.GOV>
**Subject:** re: FOIA 872421


**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**


Dear Mr. Andersen,

When providing responsive records for my previous requests of EEO-1 data, your office's past practice has been to provide a list of companies that objected to the release of their EEO-1 data. We expect that you will do so for request #87242 as well. Please let me know if that's correct.

Thank you,

Will

--

Will Evans

reporter

Reveal from The Center for Investigative Reporting

cell: 510-333-9584

www.revealnews.org


--
Will Evans
reporter
Reveal from The Center for Investigative Reporting
cell: 510-333-9584
www.revealnews.org

EXHIBIT Q

| From: | Eltoweissy, Somayah M - OFCCP |
|---|---|
| To: | Ahaghotu, Kelechi U - OFCCP |
| Cc: | Spalding, Candice - OFCCP |
| Subject: | FW: EEO-1 (Type 2) Data for FOIA Requests |
| Date: | Friday, July 15, 2022 2:31:50 PM |
| Attachments: | Type 2 EEO-1.zip |
| | image001.jpg |

---

**From:** Eltoweissy, Somayah M - OFCCP
**Sent:** Friday, June 10, 2022 12:26 PM
**To:** Andersen, Bruce - OFCCP <Andersen.Bruce@dol.gov>; Spalding, Candice - OFCCP <Spalding.Candice@dol.gov>
**Cc:** Kaiser, Javaid - OFCCP <Kaiser.Javaid@dol.gov>; Smith, Kelley - OFCCP <Smith.Kelley.J@dol.gov>; Ahaghotu, Kelechi U - OFCCP <Ahaghotu.Kelechi.U@dol.gov>; Fort, Harvey D - OFCCP <Fort.Harvey.D@dol.gov>; Lutz, Alissa S - OFCCP <Lutz.Alissa.S@dol.gov>
**Subject:** RE: EEO-1 (Type 2) Data for FOIA Requests

Good afternoon,

Please see attached zip folder with EEO-1 data (Type 2 reports) for federal contractors for 2016 – 2020. Only respondents who responded Yes to Question C3 (below) are included. The files were prepared as CSVs, as requested, so leading zeroes for these variables are dropped: COMPANY, UNIT, ZIPCODE, and DUNS.

> *Question C3. Does the company or any of its establishments (a) have 50 or more employees (2) are prime contractors or first-tier subcontractors; (3) have a contract, subcontract, or purchase order amounting to $50,000 or more AND (4) are not exempt as provided for by 41 CFR 60-1.5; OR serve as depositories of Government funds in any amount; or are financial institutions which are issuing and paying agents for U.S. Savings Bonds and savings notes?*

The number of unique federal contractors that submitted Type 2 EEO-1s from 2016-2018 is **20,655**. The number of additional unique federal contractors that submitted Type 2 EEO-1s in 2019-2020 is **3,699**.
The number of contractors by year:

| Year(s) | Unique federal contractors that submitted Type 2 EEO-1 |
|---|---|
| 2016 | 15,144 |
| 2017 | 15,406 |
| 2018 | 16,908 |
| 2019 | 13,871 |
| 2020 | 13,670 |

Thank you,

**Somayah Eltoweissy**

Scheduling and Jurisdiction Branch Chief

U.S. Department of Labor

Division of Program Operations | Office of Federal Contract Compliance Programs

Tel.  (202) 803-0197 | eltoweissy.somayah.m@dol.gov

---

**From:** Andersen, Bruce - OFCCP <Andersen.Bruce@dol.gov>
**Sent:** Wednesday, June 8, 2022 12:54 PM
**To:** Eltoweissy, Somayah M - OFCCP <Eltoweissy.Somayah.M@dol.gov>; Spalding, Candice - OFCCP <Spalding.Candice@dol.gov>
**Cc:** Kaiser, Javaid - OFCCP <Kaiser.Javaid@dol.gov>; Smith, Kelley - OFCCP <Smith.Kelley.J@dol.gov>; Ahaghotu, Kelechi U - OFCCP <Ahaghotu.Kelechi.U@dol.gov>; Fort, Harvey D - OFCCP <Fort.Harvey.D@dol.gov>; Lutz, Alissa S - OFCCP <Lutz.Alissa.S@dol.gov>
**Subject:** RE: EEO-1 (Type 2) Data for FOIA Requests

I will contact you later this afternoon.

---

**From:** Eltoweissy, Somayah M - OFCCP <Eltoweissy.Somayah.M@dol.gov>
**Sent:** Wednesday, June 8, 2022 12:30 PM
**To:** Spalding, Candice - OFCCP <Spalding.Candice@dol.gov>
**Cc:** Kaiser, Javaid - OFCCP <Kaiser.Javaid@dol.gov>; Smith, Kelley - OFCCP <Smith.Kelley.J@dol.gov>; Ahaghotu, Kelechi U - OFCCP <Ahaghotu.Kelechi.U@dol.gov>; Andersen, Bruce - OFCCP <Andersen.Bruce@dol.gov>; Fort, Harvey D - OFCCP <Fort.Harvey.D@dol.gov>; Lutz, Alissa S - OFCCP <Lutz.Alissa.S@dol.gov>
**Subject:** RE: EEO-1 (Type 2) Data for FOIA Requests

Good afternoon,

Dr. Kaiser forwarded the email below to me.

Can you share what parameters are required for the EEO-1 data (Type 2 reports) data pull? Or, if you could provide an example of a prior release so that we can ensure formatting and fields generated are consistent since we have new staff, much appreciated.

DPO is working on Keir's request.

Thank you,

**Somayah Eltoweissy**

Scheduling and Jurisdiction Branch Chief

U.S. Department of Labor

Division of Program Operations | Office of Federal Contract Compliance Programs

Tel.  (202) 803-0197 | eltoweissy.somayah.m@dol.gov

**From:** Spalding, Candice - OFCCP <Spalding.Candice@dol.gov>
**Sent:** Wednesday, June 08, 2022 10:21 AM
**To:** Kaiser, Javaid - OFCCP <Kaiser.Javaid@dol.gov>
**Cc:** Smith, Kelley - OFCCP <Smith.Kelley.J@dol.gov>; Ahaghotu, Kelechi U - OFCCP <Ahaghotu.Kelechi.U@dol.gov>; Andersen, Bruce - OFCCP <Andersen.Bruce@dol.gov>
**Subject:** EEO-1 (Type 2) Data for FOIA Requests

Hi Javaid,

As you are aware, we have a pending lawsuit with one of our FOIA requesters, Will Evans.  The request entails EEO-1 data (Type 2 reports) for **all federal contractors** for fiscal years 2016 – 2018, and most recently, Mr. Evans amended his request to include the years 2019-2020. Per Director Yang and the Office of the Solicitor, we were advised to have the data ready to be released based on the district court's decision while a related case is pending before the Ninth Circuit. We could be asked at any point to release the data so we have to be ready to release it if asked.

Mai performed these searches in the past. However, DPO is the record custodian of the data and we are asking that DPO generate the reports. Additionally, the individual who generates the report should be the same individual who pulls the data for all the years involved in this FOIA request since they may have to explain how they pulled the data in litigation if the issue comes up in a proceeding. As we would like to stay consistent with the formatting and fields generated in prior releases, to the extent possible, please ensure that the format and fields generated are the same for all data pulls.

Also, Keir has asked for the number of unique filers of Type 2 EEO-1 data from 2016 – 2018, and will eventually ask for 2019-2020.  We will need the same person to provide us with these numbers and it is important that **any duplicate filers are removed in the calculations**.

Please ask the responsible person in your division to prepare the data for fiscal years 2016 - 2020. If they have any questions, please ask them to contact Kelechi and Bruce.

Thanks,

Candice Spalding | Deputy Director
Division of Management and Administrative Programs
U.S. Department of Labor, OFCCP
202.693.1169



# EXHIBIT R



MAJORITY MEMBERS:

VIRGINIA FOXX, NORTH CAROLINA,
*Chairwoman*

JOE WILSON, SOUTH CAROLINA
GLENN THOMPSON, PENNSYLVANIA
TIM WALBERG, MICHIGAN
GLENN GROTHMAN, WISCONSIN
ELISE M. STEFANIK, NEW YORK
RICK W. ALLEN, GEORGIA
JIM BANKS, INDIANA
JAMES COMER, KENTUCKY
LLOYD SMUCKER, PENNSYLVANIA
BURGESS OWENS, UTAH
BOB GOOD, VIRGINIA
LISA C. MCCLAIN, MICHIGAN
MARY E. MILLER, ILLINOIS
MICHELLE STEEL, CALIFORNIA
RON ESTES, KANSAS
JULIA LETLOW, LOUISIANA
KEVIN KILEY, CALIFORNIA
AARON BEAN, FLORIDA
ERIC BURLISON, MISSOURI
NATHANIEL MORAN, TEXAS
JOHN JAMES, MICHIGAN
LORI CHAVEZ-DEREMER, OREGON
BRANDON WILLIAMS, NEW YORK
ERIN HOUCHIN, INDIANA

MINORITY MEMBERS:

ROBERT C. "BOBBY" SCOTT, VIRGINIA,
*Ranking Member*

RAÚL M. GRIJALVA, ARIZONA
JOE COURTNEY, CONNECTICUT
GREGORIO KILILI CAMACHO SABLAN,
   NORTHERN MARIANA ISLANDS
FREDERICA S. WILSON, FLORIDA
SUZANNE BONAMICI, OREGON
MARK TAKANO, CALIFORNIA
ALMA S. ADAMS, NORTH CAROLINA
MARK DESAULNIER, CALIFORNIA
DONALD NORCROSS, NEW JERSEY
PRAMILA JAYAPAL, WASHINGTON
SUSAN WILD, PENNSYLVANIA
LUCY MCBATH, GEORGIA
JAHANA HAYES, CONNECTICUT
ILHAN OMAR, MINNESOTA
HALEY M. STEVENS, MICHIGAN
TERESA LEGER FERNÁNDEZ,
   NEW MEXICO
KATHY E. MANNING, NORTH CAROLINA
FRANK J. MRVAN, INDIANA
JAMAAL BOWMAN, NEW YORK

# COMMITTEE ON
# EDUCATION AND THE WORKFORCE

U.S. HOUSE OF REPRESENTATIVES
2176 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6100

February 10, 2023

The Honorable Jenny R. Yang
Director
Office of Federal Contract Compliance Programs
U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC 20210

Re:     Release of EEO-1 Data

Dear Director Yang:

I have serious concerns that the Department of Labor's Office of Federal Contract Compliance Programs (OFCCP) has not provided federal contractors, especially smaller employers, with sufficient information and time to object to having their confidential data released pursuant to a *Freedom of Information Act* (FOIA) request from the Center for Investigative Reporting, a left-of-center journalism organization. OFCCP's failures could result in disclosing employers' and employees' sensitive, confidential information without due process.

The Employer Information Report (EEO-1) requires federal contractors with 50 or more employees to submit demographic workforce data to the Equal Employment Opportunity Commission (EEOC) and OFCCP, including data by race, ethnicity, sex, and job categories. The Type 2 Consolidated EEO-1 report combines data from employers with different locations into one report, and these reports can reveal the private information of individual employees, especially for smaller employers. It is a crime for any EEOC officer or employee to disclose this information, and OFCCP may not have the authority to make such disclosures.[1]

Last week, OFCCP published a list of 13,521 employers who are recorded by the agency as not objecting to the disclosure of Type 2 EEO-1 data for the years 2016-2020 (non-objector list) in response to the FOIA request. On February 7, OFCCP extended the deadline to February 17 for

---

[1] 42 U.S.C. § 2000e-8(e).

The Honorable Jenny R. Yang
February 10, 2023
Page 2

employers to notify OFCCP that they are wrongly on the non-objector list.[2] However, I am concerned OFCCP has not taken the necessary steps to notify federal contractors, especially smaller employers, that the non-objector list may have errors or that employers were required to submit objections previously to prevent their sensitive data from being released.

It has come to my attention that an alarming number of employers on the list have submitted objections to OFCCP but are still included as non-objectors. This alone shows that much more time is needed to correct the list and for employers to ensure their non-objector status is recorded.

It further appears that many employers were not aware of the pending FOIA request at OFCCP. The agency must do a much better job of informing federal contractors, especially smaller employers, about their rights and obligations. I am also aware that OFCCP has not provided information to all relevant employers about what data will be disclosed in response to the FOIA request. These employers could not determine whether to submit objections because they did not know what information OFCCP would turn over. Employers who were unaware of the FOIA request or were not provided sufficient information about the potential disclosure should be allowed additional time to submit objections regarding their Type 2 EEO-1 data being disclosed.

For these reasons, I request that OFCCP re-open the period for employers to submit objections to the Type 2 EEO-1 data being released for **60 days**. I also request that OFCCP extend the deadline for employers to notify the agency they are wrongly on the non-objector list by **60 days**. I further request that OFCCP immediately ensure that every employer on the non-objector list is notified of their status as a non-objector and of what they must do to submit objections or correct the record if they are wrongly on the list. Please respond by **February 14** indicating whether OFCCP will reopen the period for submitting objections and extend the deadline for notifying the agency that the non-objector list has an error.

In addition, to understand more fully the process OFCCP has undertaken in response to the FOIA request, please respond to the following requests and questions in writing by **February 24**:

1. Provide all notices and communications from OFCCP to employers regarding their potential obligations to submit objections with respect to the FOIA request.

2. What percentage of employers on the non-objector list have been informed that they are on the list? How many employers on the list have not been informed about the FOIA request and their potential obligations?

3. What steps did OFCCP take to inform employers that they needed to submit objections so that their sensitive Type 2 EEO-1 data is not disclosed? When did OFCCP take those actions?

---

[2] OFCCP Extends Deadline from February 7, 2023, to February 17, 2023, for Federal Contractors to Assert Type 2 EEO-1 Data Should Not be Released, https://www.dol.gov/agencies/ofccp/submitter-notice-response-portal.

The Honorable Jenny R. Yang
February 10, 2023
Page 3

4.  What actions is OFCCP planning to take to ensure employers are fully informed of their rights and obligations with respect to the FOIA request?

Thank you for your attention to these requests.

Sincerely,

Virginia Foxx
Chairwoman

Enclosure

**Responding to Committee Document Requests**

1. In complying with this request, you should produce all responsive documents that are in your agency's possession, custody, or control, whether held by you or other past or present employees of the executive branch, or a representative acting on your behalf. Your response should also produce documents that you have a legal right to obtain, that the agency has a right to copy or to which you have access, or that you have placed in the temporary possession, custody, or control of any third party. Requested records, documents, data or information should not be destroyed, modified, removed, transferred or otherwise made inaccessible to the Committee on Education and the Workforce (the "Committee").

2. If any entity, organization or individual denoted in this request has been, or is also known by any other name than that herein denoted, the request shall be read also to include that alternative identification.

3. The Committee's preference is to receive documents in electronic form (i.e., email, CD, memory stick, or thumb drive) in lieu of paper productions.

4. Documents produced in electronic format should also be organized, identified, and indexed electronically.

5. Electronic document productions should be prepared according to the following standards:

   (a) The production should consist of single page Tagged Image File ("TIF"), files accompanied by a Concordance-format load file, an Opticon reference file, and a file defining the fields and character lengths of the load file.

   (b) Document numbers in the load file should match document Bates numbers and TIF file names.

   (c) If the production is completed through a series of multiple partial productions, field names and file order in all load files should match.

6. Documents produced to the Committee should include an index describing the contents of the production. To the extent more than one CD, hard drive, memory stick, thumb drive, box or folder is produced, each CD, hard drive, memory stick, thumb drive, box, or folder should contain an index describing its contents.

7. Documents produced in response to this request shall be produced together with copies of file labels, dividers or identifying markers with which they were associated when they were requested.

8. When you produce documents, you should identify the paragraph, question number or request number in the Committee's request to which the documents respond.

9. It shall not be a basis for refusal to produce documents that any other person or entity—either inside or outside of the executive branch—also possesses non-identical or identical copies of the same documents.

10. If any of the requested information is only reasonably available in machine-readable form (such as on a computer server, hard drive, or computer backup tape), the agency's staff should consult with the Committee staff to determine the appropriate format in which to produce the information.

11. If compliance with the request cannot be made in full, compliance shall be made to the extent possible and shall include a written explanation of why full compliance is not possible.

12. In the event that a document or portion of a document is withheld on the basis of privilege, provide a privilege log containing the following information concerning any such document or redaction: (a) the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author, and addressee; and (e) the relationship of the author and addressee to each other.

13. If any document responsive to this request was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control.

14. If a date or other descriptive detail set forth in this request referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or other agency employees, or is otherwise apparent from the context of the request, you should produce all documents which would be responsive as if the date or other descriptive detail were correct.

15. The time period covered by this request is included in the attached request. To the extent a time period is not specified, produce relevant documents from January 20, 2021 to the present.

16. This request is continuing in nature and applies to any newly-discovered information. Any record, document, compilation of data or information, not produced because it has not been located or discovered by the return date, shall be produced immediately upon subsequent location or discovery. Such submission shall include an explanation as to why the information was not produced originally.

17. All documents shall be Bates-stamped sequentially and produced sequentially.

18. If physical documents are to be delivered, two sets of documents should be delivered, one set to the Majority Staff in Room 2176 of the Rayburn House Office Building and one set to the Minority Staff in Room 2101 of the Rayburn House Office Building during Committee office hours (9am-5pm, unless other arrangements are made) and signed by members of the respective staffs upon delivery.

19. Upon completion of the document production, the agency's written response should include a written certification, signed by the Secretary or his or her designee, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control which reasonably could contain responsive documents; and (2) all documents located during the search that are responsive have been produced to the Committee.

20. If the agency does not expect to produce all documents responsive to this letter by the date requested, the agency's staff shall consult with the Committee as soon as it is known the agency cannot meet the deadline, but no later than 24 hours before the due date to explain: (1) what will be provided by the due date, (2) why the agency believes certain materials cannot be produced by the due date, and (3) the agency's proposed timeline for providing any omitted information.

21. The agency's response to questions and request should be answered or provided in separate document and not included inside a narrative response.

### Definitions

1. The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (e-mail), contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, email, regular mail, telexes, releases, or otherwise.

3.  The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neuter genders.

4.  The terms "person" or "persons" mean natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

5.  The term "identify," when used in a question about individuals, means to provide the following information: (a) the individual's complete name and title; and (b) the individual's business address and phone number.

6.  The term "referring or relating," with respect to any given subject, means anything that constitutes, contains, embodies, reflect s, identifies, states, refers to, deals with or is pertinent to that subject in any manner whatsoever.

7.   The term "agency" means any department, independent establishment, or corporation of the federal government. For the purposes of responding to oversight requests, the Committee expects information to be provided from all sub-agencies of an agency and not just the information that is immediately available to the addressee or the addressee's immediate sub-agency.