UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE CENTER FOR INVESTIGATIVE
REPORTING and WILL EVANS,

     Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
LABOR,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 22-cv-07182-WHA

**SUPPLEMENTAL DECLARATION OF
KELECHI AHAGHOTU IN SUPPORT OF
DEFENDANT UNITED STATES
DEPARTMENT OF LABOR'S MOTION FOR
SUMMARY JUDGMENT AND OPPOSITION
TO CROSS-MOTION**

I, Kelechi Ahaghotu, declare as follows:

1.　　I am currently employed as the Branch Chief of Information Services for The Office of Federal Contract Compliance Programs ("OFCCP") with the United States Department of Labor ("DOL" or "Defendant").  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

2.　　The purpose of this supplemental declaration is to provide the Court with information regarding DOL's process for verifying the contractor and reporting status of entities potentially subject to Plaintiffs' FOIA request for 2016-2020 EEO-1 reports.  This declaration consists of: (1) an explanation of OFCCP's jurisdictional responsibilities and regulatory standards, and what comprises an OFCCP agency record; (2) an explanation of the steps taken to verify the federal contractor status of entities to determine whether they were subject to the FOIA request; (3) sample notices that were sent for the two categories of contractor status determinations; and (4) an explanation of additional processing of Plaintiffs' FOIA request that has occurred since August 18, 2023.

## I.  OFCCP DPO RESPONSIBILITIES; FEDERAL CONTRACTOR JURISDICTIONAL AND REGULATORY STANDARDS

3.    The EEO-1 report is a mandatory annual data collection.  To efficiently implement the data collection, EEOC and OFCCP jointly developed the EEO-1 form and created the Joint Reporting Committee (JRC) to administer the EEO-1 reporting system in a manner that establishes a single data collection to meet the differing statistical needs of both agencies. The EEO-1 data collection is thus a joint initiative of EEOC and OFCCP, *see* 41 C.F.R. § 60-1.7(a)(1), but EEOC is the agency that administers the EEO-1 report and is functionally responsible for collecting the data through a submission portal accessed through the EEOC website, EEOC Data Collection, https://www.eeocdata.org (last visited November 9, 2023).

4.    OFCCP retains joint ownership with the EEOC of federal contractor and subcontractor EEO-1 Reports that meet the OFCCP EEO-1 jurisdictional parameters and regulatory thresholds for reporting to OFCCP outlined below.  EEO-1 Reports that do not meet the OFCCP EEO-1 reporting parameters and standards are solely EEOC records.

5.    The OFCCP Department of Program Operations (DPO) determines whether OFCCP has jurisdiction over entities and therefore whether entities are subject to EEO-1 reporting requirements; manages the Functional Affirmative Action Program; develops and monitors OFCCP's annual Operating Plan; and conducts various Quality Assurance activities and special studies to improve enforcement operations.

6.    DPO receives EEO-1 data from EEOC at least a year after the reports are filed, and after EEOC has had the opportunity to check the data for errors and assemble it for transmittal to OFCCP via the Equal Employment Data System (EEDS) database.  The EEO–1 reports are stored in EEDS and can be found in a desktop application within OFCCP.  EEDS is designed to provide information to OFCCP staff on the EEO characteristics of the Supply and Service contractor universe.

7.    EEOC's transmission to DPO includes some records for establishments that are not subject to OFCCP EEO-1 reporting requirements and therefore are not OFCCP records.  In accordance with 41 C.F.R. § 60-1.7(a), only certain federal contractors are required to provide EEO-1 reports to OFCCP.  As relevant here, the EEO-1 reporting requirement applies to all prime contractors and

subcontractors that (1) have 50 or more employees and (2) a contract or subcontract for $50,000 or more.  DPO makes jurisdictional and reporting requirement determinations before any further use or transmission of these records, as further explained beginning in Paragraph 11 below.[1]

8.      EEOC and OFCCP rely on the submitters in the first instance to self-report whether they are subject to the OFCCP EEO-1 reporting requirement. They do this by checking a "yes" or "no" box in response to Question 3 in Section C of their EEO-1 report filing, which asks whether the company or any of its establishments (a) have 50 or more employees; (b) are prime contractors or first-tier subcontractors and have a contract, subcontract, or purchase order amounting to $50,000 or more.

9.      For the purposes of fulfilling FOIA requests for EEO-1 data, DPO provides EEO-1 federal contractor and subcontractor data on an as-needed basis, pulling the subset of data requested by OFCCP's Division of Management and Administrative Programs (DMAP) FOIA Office from the EEDS database into an Excel spreadsheet, for efficiency in production.  As noted above, some of the EEO-1 reports in the EEDS database do not correspond to establishments that are subject to OFCCP EEO-1 reporting requirements.  Therefore, one of DPO's responsibilities is verifying an entity's federal contractor and EEO-1 reporting status when the entity questions it.

10.      While EEOC and OFCCP rely on the submitters to self-report their EEO-1 reporting status, errors do occur.  Some entities, for example, erroneously check "yes" instead or "no" to Question C3.  If there is a question regarding an entity's federal contractor or EEO-1 reporting status, DPO resolves it through a process outlined below and in section II.

11.      For DPO to verify a company's federal contractor and reporting status, DPO must first determine whether the company is under OFCCP's jurisdiction,[2] and if so, whether it meets OFCCP's

---

[1] The process of transmitting records changed after transmittal of the 2017 EEO-1 Report data. For data pertaining to 2016 and 2017, EEOC transmitted all EEOC EEO-1 Reports collected by the JRC to DPO.  While EEOC requires all employers with 100 or more employees, regardless of contractor status, to file EEO-1 reports, *see* 29 C.F.R. § 1602.7, only a portion of those reports contain federal contractor or subcontractor data and thus fall within OFCCP's jurisdiction and regulations. Beginning with the 2018 data, EEOC has provided to DPO only the EEO-1 Reports for entities that had answered "yes" to Question C3 on their EEO-1 report filing, Regardless of whether they were transmitted to DPO, EEO-1 reports that do not fall within OFCCP's jurisdiction and regulations are solely EEOC records, and not DOL records.

[2] Pursuant to 41 C,F,R, § 60-1.5(a)(1), entities with federal contracts and/or subcontracts of $10,000 or less in a 12-month period are exempt from all OFCCP regulatory obligations, and thus are

1    regulatory threshold for EEO-1 data submission as set forth in 41 C.F.R. § 60-1.7(a) and described

2    above.

3    　　　　12.　　As described above, entities with federal contracts of less than $50,000 and/or that have

4    less than 50 employees are not required by OFCCP regulations to file EEO-1 Reports.  In circumstances

5    in which an entity files an EEO-1 Report and erroneously indicates it is a federal contractor subject to

6    EEO-1 reporting requirements, but later challenges its contractor status and is determined by DPO not to

7    meet the OFCCP EEO-1 filing requirement threshold, the Report falls only under the EEOC filing

8    requirements, and is an EEOC, rather than OFCCP, record. Likewise, if an entity that has challenged its

9    federal contractor status does not have a qualifying federal contract (wherein the entity has 50 or more

10   employees and the federal contract is for $50,000 or more) for the EEO-1 filing year, it is not

11   categorized as a federal contractor or subcontractor for that filing year, it is not subject to OFCCP EEO-

12   1 reporting, and any EEO-1 Report for that year is not an OFCCP record.

13   　　　　13.　　As stated by the EEOC when it addressed the confidentiality of EEO-1 data in its *Federal*

14   *Register* notices regarding the proposed pay data collection, "OFCCP obtains [EEO-1 reports for federal

15   contractors and subcontractors (contractors)] pursuant to its own legal authority under E.O. 11246 and

16   its implementing regulations […] With respect to companies that are not federal contractors or

17   subcontractors under OFCCP's jurisdiction, the confidentiality provision of Section 709(e) [42 U.S.C. §

18   2000e-8(e)] applies. OFCCP will refer all such FOIA requests for EEO-1 data to the EEOC for a

19   response. The EEOC, in turn, is subject to Title VII confidentiality and cannot disclose any of its EEO-1

20   data to the public, except in an aggregated format that protects the confidentiality of each employer's

21   information. Any FOIA request by a member of the public for such disaggregated EEO-1 data will be

22   denied by the EEOC under Exemption 3 of the FOIA."  *See* Final PRA Comment Request, 81 Fed. Reg.

23   at 45491–92; First PRA Comment Request, 81 Fed. Reg. at 5118.

24   　　　　14.　　Accordingly, for entities that do not meet the OFCCP jurisdictional requirements and

25   EEO-1 reporting thresholds described above, OFCCP has no legal authority to collect their EEO-1

26   Reports, and their EEO-1 data belongs solely to EEOC. Those entities are subject to the specific

27   _____

28   not within OFCCP's jurisdiction.

statutory language at Section 709(c) Title VII of the Civil Rights Act of 1964 that prohibits EEOC from releasing EEO-1 data.

**II.     DETERMINATION OF FEDERAL CONTRACTOR OR SUBCONTRACTOR STATUS**

15.     Records responsive to the consolidated FOIA requests consist of the consolidated (Type 2) EEO-1 reports for all federal contractors for the years 2016 through 2020.

16.     On June 8, 2022, OFCCP's DMAP FOIA Office requested the EEO-1 data for reporting years 2016-2020 from OFCCP's DPO.  DPO extracted data for companies that answered "yes" to Question C3 on their EEO-1 report filing.  *See also* 41 C.F.R. § 60-1.7(a). The relevant EEO-1 reporting data was exported from the EEDS database in Excel format.  DPO provided results of the search on June 10, 2023. *See* Ahaghotu Decl., Ex. Q.

17.     Pursuant to Executive Order 12600 and the U.S. Department of Labor FOIA regulations at 29 CFR § 70.26, OFCCP is required to notify third-party submitters of confidential commercial information whenever it "has reason to believe that the information requested under the FOIA may be protected from disclosure under Exemption 4, but has not yet determined whether the information is protected from disclosure under that exemption or any other applicable exemption."[3] The regulation requires that the submitters be provided a reasonable time to respond to the notice. *Id*. OFCCP therefore provides submitters with the opportunity to present objections to the disclosure of the requested EEO-1 data on the grounds that specific information contained therein is exempt from mandatory disclosure, such as under Exemption 4 of the FOIA. 5 U.S.C. § 522 (b)(4).  Exemption 4 protects "...trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." *Id*.

18.     DOL regulations promulgated to implement the requirements of Executive Order 12,600 provide that, when voluminous material that may be commercial or confidential in nature is sought by a FOIA requester, Department agencies must notify private entities by "posting and publishing the notice in a place reasonably calculated to accomplish notification."[4] OFCCP has met and exceeded this

---

[3] *See* Ronald Reagan, Executive Order 12600--Predisclosure notification procedures for confidential commercial information, June 23, 1987, https://www.archives.gov/federal-register/codification/executive-order/12600.html; 29 CFR § 70.26, Confidential Commercial Information.

[4] Executive Order 12,600 (1987); 29 C.F.R. § 70.26(j).

1    requirement through its numerous actions during this process to notify submitters in locations

2    reasonably calculated to provide them with notice of the Request, including multiple postings on its

3    website, publication in the Federal Register, distribution to hundreds of thousands of relevant

4    stakeholders through its GovDelivery listserv, notification by USPS mail, and repeated individual notice

5    through emails to thousands of affected contractors.  In addition, OFCCP has addressed contractor

6    concerns regarding the deadline for objections by providing multiple extensions to that deadline and by

7    allowing late-filed objections for good cause. *See* Ahaghotu Decl., Ex. Q, Sec. III.

8        19.    As part of the objection responses, OFCCP received responses from over 700 entities that

9    claimed not to be federal contractors.  Categories of claims from these entities included: (1) the entity

10   erroneously marked "yes" to Question C3 instead of no; (2) general claims that the entity is not a federal

11   contractor, *e.g.*, because the entity receives federal grants but is not a covered contractor. See Attach A.

12   OFCCP undertook an initial sorting and processing of the objections to prepare a list of entities that had

13   not objected, and a list of entities that claimed not to be federal contractors during all or some of the

14   reporting period from 2016-2020.

15       20.    OFCCP separated the compiled list of those claiming not to be federal contractors into

16   batches and requested DPO verify their contractor status. The batches were sent DPO at intervals on the

17   following dates:

18           a.    January 25, 2023 (First Wave); Results returned January 26, 2023. *See* Attach B.

19           b.    March 12, 2023 (Second Wave); Results returned on March 30, 2023. *See* Attach

20               C.

21           c.    April 17, 2023 (Third Wave); Results returned on May 9, 2023. *See* Attach D

22       21.    For entities that claimed they were not federal contractors notwithstanding their answer to

23   Question C3 on their EEO-1 report filing, DPO undertook a search and verification process to determine

24   whether these entities had qualifying federal contracts for the EEO-1 filing year in question.  If an entity

25   did not have a qualifying federal contract for the EEO-1 filing year, it would not be considered a federal

26   contractor or subcontractor for that filing year.

27       22.    DPO performed the verification process by searching the Federal System for Award

28   Management (SAM) to match the contractor's name, address, and unique entity ID (UEI) if available,

and to check the company's current registration status. If the UEI was available it was used to search the company's contract data in the Federal Procurement Data System FPDS.  If a contract was not found, a search was conducted using Dun & Bradstreet (D&B).  In D&B, DPO verified the company name, address, any trade names, and its UEI, if available.  DPO then checked the company's stand-alone[5] or family status. If the information showed that the company is a stand-alone, a search was conducted in USASpending for any contracts or sub-awards. If the information showed that the company is within a family tree[6] and had an associated contract[7], DPO checked Federal Procurement Data System (FPDS) for any associated contracts.

23.    DPO used the information procured in its searches to determine whether each entity met the OFCCP regulatory thresholds to be a federal contractor or subcontractor with EEO-1 reporting requirements.

24.    Results of the contractor status determinations are shown in the chart below:

| Year(s) | Total Objections to Federal Contractor Status | Determined Not to be a Federal Contractor | Determined to be a Federal Contractor |
|---|---|---|---|
| **2016** | 331 | 261 | 70 |
| **2017** | 356 | 293 | 63 |
| **2018** | 444 | 379 | 65 |
| **2019** | 267 | 206 | 61 |
| **2020** | 255 | 195 | 60 |
| **Totals** | **1,653 reports 717 contractors** | **1,334 reports 621 contractors** | **319 reports 96 contractors** |

25.    In sum, we received objections for 1,653 reports from 717 unique federal contractors. 1,334 reports, corresponding to 621 unique federal contractors, were determined to be not subject to the EEO-1 reporting requirement.  319 reports, corresponding to 96 unique federal contractors, were found

---

[5] Stand-Alone Businesses – these are companies which have no corporate linkage relationships established.

[6] Family tree reflects the ownership relationships between different companies within a corporate family structure. The corporate "family tree" includes any entity that is directly linked through ownership of more than 50% (parent/subsidiary relationships, headquarters/branch relationships).

[7] Associate Contract means a contractual arrangement between a Contractor and an Associated Contractor for the performance of part of the work on the Project.

to be subject to the EEO-reporting requirement.

## III.    NOTICES REGARDING CONTRACTOR STATUS AND SUBSEQUENT PROCESSING

26.    Upon receipt of federal contractor status determinations from DPO, notices were sent via email to entities notifying them their contractor status. If an entity was determined to be a federal contractor, it was given an opportunity to object to the release of their data for the specified reporting year(s).  If it was determined not to be a federal contractor, it was notified that its data was not subject to the FOIA request and therefore would not be released.  See Attach E.

27.    OFCCP has continued to process responsive records and provides herein updated processing data that reflects actions taken after the filing of DOL's Motion for Summary Judgment on August 18, 2023.  In total, OFCCP received objections from 4,796 unique federal contractors, corresponding to 16,832 EEO-1 Reports.  During continued processing, OFCCP has adjusted this number to reflect changes in status due to, e.g., an entity being found not to be a federal contractor. As of August 18, 2023, the adjusted total was 4,757 objections.

28.    During OFCCP's review of objections, it was discovered that additional contractors were inadvertently marked as having submitted an objection, but no objection was found in OFCCP's records.[8]  Notices were sent to the entities giving them an opportunity to object; entities that objected were added to the number of overall objectors.  OFCCP completed its initial evaluation of those objections on July 5, 2023. Following its review, OFCCP further adjusted the number of total objectors after it concluded that the data from 4,762 unique contractors (a change of 5 from the previous declaration), corresponding to 16,775 EEO-1 reports (a change of 20 from the previous declaration), was appropriately withheld from release under Exemption 4.

29.    OFCCP has withheld 16,775 EEO-1 reports based on its evaluation that these records are exempt under Exemption 4 of FOIA. To date, OFCCP has released 56,491 EEO-1 Reports corresponding to 19,310 federal contractors, and as of January 5, 2024, will have released 56,634 EEO-1 Reports corresponding to 19,352 federal contractors.

---

[8] This was most likely due to entities having similar names or OFCCP later finding that an entity had changed names and unit numbers.

30.     This projected release number will include 143 EEO-1 Reports of 42 entities not previously included in the total objector numbers reported in the August 18, 2023 Ahaghotu Declaration, as they had not been added to the objector data set pending DPO review of contractor status. These entities fall within 96 contractors who were found to be federal contractors after being referred to DPO. *See* ¶ 24.  These 42 entities comprise the portion of the 96 contractors that did not respond substantively to the Exemption 4 inquiry in OFCCP's notice of their confirmed federal contractor status, but did respond to object to the release of their EEO-1 data on the basis that they were not federal contractors. OFCCP conducted a jurisdiction analysis, and the entities were determined to be federal contractors and given an opportunity to submit an objection based on their confirmed contractor status. The data of these 42 entities who did not submit objections by the final deadlines provided in OFCCP's notices will be released by January 5, 2024.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct hereto.  Executed this 13th day of November, 2023.

_____
KELECHI AHAGHOTU
Branch Chief of Information Services
Office of Federal Contract Compliance Programs
U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC 20210

Attachment A



Hill, Farrer & Burrill LLP
One California Plaza
300 S. Grand Avenue, 37th Floor
Los Angeles, CA 90071-3147

Main: 213.620.0460
Fax: 213.624.4840
Direct: 213.621.0812
Email: jbowles@hillfarrer.com
hillfarrer.com

August 26, 2022

**VIA EMAIL: OFCCPSubmitterResponse@dol.gov**

Ms. Candice Spalding
Deputy Director
Division of Management and Administrative Programs
Office of Federal Contract Compliance Programs
200 Constitution Avenue NW, Room C-3325
Washington, DC 20210

**Re: Rain Bird Corporation's Objection to Disclosure of EEO-1 Reports**

Dear Ms. Spalding:

Our law firm represents Rain Bird Corporation, whose corporate headquarters is located at 970 W. Sierra Madre Avenue, Azusa, CA 90712.

Rain Bird objects to the disclosure of its annual EEO-1 Reports in response to the FOIA request of Will Evans of CIR. Rain Bird is not a Federal government contractor or subcontractor and has not been such during the period of the FOIA request. In two of the reporting years (2019 and 2020) Rain Bird mistakenly answered "yes" to Question 3, asking if it was a government contractor or subcontractor. Rain Bird requests that the EEO-1 reports for those years be amended to show that Rain Bird is not and has not been a Federal government contractor or subcontractor.

Because Rain Bird is not a Federal government contractor or subcontractor, its EEO-1 forms are not subject to the FOIA request of CIR which requested EEO-1 Reports for "federal contractors, including first-tier subcontractors." As such Rain Bird objects to disclosure of its EEO-1 Reports, because Rain Bird is not a Federal contractor and its EEO-1 report is not being requested in the subject FOIA request.

Furthermore, Rain Bird objects to disclosure of the EEO-1 Report under FOIA Exemption 4, because the EEO-1 Reports contain confidential trade secret or commercial financial information. Rain Bird answers the questions posed in the OFCCP's August 19, 2022 Notice concerning this FOIA request as follows:

**1. What specific information from the EEO-1 Report does the contractor consider to be a trade secret or commercial or financial information?**

As noted above, Rain Bird is not a Federal government contractor. All of the information on the EEO-1 Report is a trade secret and confidential commercial and financial information. This includes the number and categories of Rain Bird's employees. Rain Bird is a closely held family corporation and does not disclose this information to anyone outside the corporation

except to the EEOC pursuant to the requirements of applicable law. Even within the Company only four persons are provided this information and that is on a need to know basis. Competitors could use this information to determine Rain Bird's size, sales volume, cost structure, labor expenses and other confidential and valuable financial information about the Company which the Company maintains in confidence.

## 2. What facts support the contractor's belief that this information is commercial or financial in nature?

Please see the Response to Question 1, above. In addition, the number and categories of employees is important commercial and financial information that Rain Bird does not disclose publicly or even privately within the Company, except to four individuals on a need to know basis. For example, the number of sales workers would give competitors information about the size of the Company's sales force. The number of professionals would provide competitors with information about the Company's engineering staff and research and development endeavors. The total number of employees would provide competitors with information on Rain Bird's labor costs. This information would also provide the public with a rough idea of the size of the Company and its financial condition, which would create security risks for the executives and shareholders of this closely held corporation.

## 3. Does the contractor customarily keep the requested information private or closely-held? What steps have been taken by the contractor to protect the confidentiality of the requested data, and to whom has it been disclosed?

Yes. Rain Bird keeps the EEO-1 Report information private and closely-held. Please see Responses to Questions 1 and 2, above. Rain Bird has maintained the EEO-1 Report information in complete confidence. Other than providing the EEO-1 Report to the EEOC, as required by applicable law, Rain Bird has not shared this data with anyone outside the Company. Within the Company only four executives are privy to this information. The Chief Executive Officer, Vice President of Human Resources, Compensation and Benefits Manager, and the Chief Financial Officer are the only persons with access to the information. The information is maintained in password protected computer files.

## 4. What steps have been taken by the contractor to protect the confidentiality of the requested data, and to whom has it been disclosed.

See Response to Questions 1-3, above. In addition, Rain Bird has protected the confidentiality of the requested data by maintaining it in password protected private computer files available only to the four Company executives listed above. Rain Bird has only shared the data with the EEOC as required by applicable law.

Rain Bird's Objection
Page 3

**5. Does the employer contend that the government provided express or implied assurance of confidentiality? If no, were there express or implied indications at the time the information was submitted that the government would publicly disclose the information?**

As discussed above, Rain Bird is not a Federal government contractor or subcontractor. Rain Bird submitted the information to the EEOC as required by applicable law for private employers with more than 100 employees. The information should not have been provided to the OFCCP, because Rain Bird is not a contractor. The assurance provided expressly by applicable law is that OFCCP has jurisdiction over Federal contractors and subcontractors, not over private employers who are not contractors. In addition, the instant FOIA request does not request EEO-Reports for non-contractors, so there is an express requirement in FOIA that information that is not requested in a FOIA request will not be disclosed.

**6. How would disclosure of this information harm an interest of the employer protected by Exemption 4 (such as by causing foreseeable harm to the employer's economic or business interests?**

See Response to Questions 1-5 above. In addition, Rain Bird's competitors could use the information in the EEO-1 Report to determine Rain Bird's financial and cost structure, overhead, labor costs, sales strategy, research and development costs and strategy, and other private business information about Rain Bird. The disclosure of the size and financial structure of this family-owned business could lead to safety and security risks for the family ownership and executives of Rain Bird.

**Conclusion**

Based on the foregoing, Rain Bird requests that the OFCCP not disclose Rain Bird's EEO-1 Reports. The FOIA request does not request them, because Rain Bird is not a Federal contractor. Furthermore, the EEO-1 Reports are confidential trade secrets and financial data the disclosure of which would harm Rain Bird.

Very truly yours,

JAMES A. BOWLES
OF
HILL, FARRER & BURRILL LLP

JAB



**Office of the General Counsel**

**Andrew E. Rice**
*Associate General Counsel*

Mount Sinai Health System
One Gustave L. Levy Place, Box 1099
New York, NY 10029

Tel: 212-659-8105
Fax: 212-348-2230
andrew.rice@mountsinai.org

October 19, 2022

**BY OFCCP PORTAL**

To Whom It May Concern:

Mount Sinai Health System, located at 1 Gustave L. Levy Place, New York, NY 10029, EEO-1 Company Number ET80260, respectfully objects to the release of our EEO-1 Type 2 reports as requested by the Center for Investigative Reporting.  First, Mount Sinai Health System[1] (or predecessor names) and the entities within the system are not federal contractors subject to OFCCP jurisdiction since the OFCCP removed TRICARE providers from the scope of its authority.  Only the Icahn School of Medicine at Mount Sinai has federal contracts, and the school's demographic information is reported through IPEDS, not through the EEO-1 reports.  Second, even if the agency erroneously identifies Mount Sinai Health System as a federal contractor, we have always believed that the requested information is confidential under Exemption 4 of the Freedom of Information Act (FOIA).

As an initial matter, neither Mount Sinai Health System nor any of the entities reported in the EEO-1 reports are federal contractors.  Any EEO-1 report from any year that identified Mount Sinai Health System as a federal contractor was mistakenly identified that way due to misunderstanding of the TRICARE national interest exemption.  Mount Sinai Health System does support Tricare, but as OFCCP has stated, the national interest exemption removed TRICARE providers from OFCCP's authority and releases TRICARE providers from having to comply with laws and regulations administered by OFCCP. The OFCCP's guidance notes that the exemption is in the national interest because it will improve uniformed service members' and veterans' access to medical care and provide greater uniformity, certainty, and notice for health care providers participating in TRICARE.  Mount Sinai Health System holds no other federal contracts, and to release the Type 2 report of the Mount Sinai Health System would be releasing data that is not applicable to the FOIA request which seeks *federal contractor* EEO-1 Type 2 reports.

Further, the information requested falls squarely within the FOIA exemption 4, as it is sensitive commercial information.  If Mount Sinai Health System's competitors obtain its EEO-1 reports, they will be able to identify not just demographic trends, but also general business trends.  The

---

[1] The Mount Sinai Health System is an integrated health care system providing exceptional medical care to our local and global communities. Encompassing the Icahn School of Medicine at Mount Sinai and eight hospital campuses in the New York metropolitan area, as well as a large, regional ambulatory footprint, Mount Sinai is internationally acclaimed for its excellence in research, patient care, and education across a range of specialties. The Mount Sinai Health System was created from the combination of the Mount Sinai Medical Center and Continuum Health Partners, which both agreed unanimously to combine the two entities in July 2013.

way Mount Sinai Health System staffs its various hospitals is based on a variety of strategic factors, which may be gleaned by the year-to-year overall trends in the various EEO-1 categories by competitors in the highly competitive markets we serve.  For this and other reasons, Mount Sinai Health System does not release or promote its demographic information except where required by law and under an expectation of confidentiality.  The information is also segregated from other data with limited access rights for those who pull data for required government reporting.

It is, and always have been our understanding with the agencies that the EEO-1 data is to be used by the EEOC in aggregate form and by the OFCCP only for audit purposes, and that it is otherwise confidential.  This understanding was perfectly justified, as OFCCP noted in its August 19, 2022 notice in the Federal Register notifying contractors of the FOIA request:

> Section 709(e) of Title VII of the Civil Rights Act of 1964 imposes criminal penalties and makes it unlawful for any officer or employee of EEOC from making public the employment data derived from any of its compliance surveys prior to the institution of any proceeding under EEOC's authority involving such information.

For all of the foregoing reasons, we respectfully object to the release of the EEO-1 Type 2 reports because Mount Sinai Health System is not a federal contractor and, alternatively, request that the Type 2 reports not be released to any party and maintained confidential as prescribed by Exemption 4 of FOIA.

Thank you for your consideration.

Sincerely,

/s/ Andrew E. Rice
Andrew E. Rice
Associate General Counsel
Mount Sinai Health System

| From: | Goldstein, David |
| --- | --- |
| To: | OFCCP Submitter Response |
| Subject: | RE: Cox Enterprises Letter to Deputy Director Spalding re FOIA Disclosure Notice |
| Date: | Tuesday, August 30, 2022 4:43:08 PM |
| Attachments: | image001.png |
| | image002.png |

---

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Thank you for your message below.  Unfortunately, it is not an acceptable response.

Before producing data in response to a FOIA request, OFCCP is required to provide notice to submitters of information adequately describing the confidential commercial information requested or including copies of the requested records or record portions containing the information.  29 C.F.R. §70.26.

OFCCP's response fails to satisfy the requirements of  §70.26 in that CEI has not been provided with information sufficient to permit a determination as to whether its data is being included in the proposed disclosure.

First, as a non-government contractor that has found itself erroneously included on OFCCP scheduling lists in the past, CEI is very reasonably concerned that OFCCP could be planning to produce its data based on the agency's prior mistaken identification of CEI as a federal contractor.  Merely reviewing its own prior EEO-1 filings is not going to provide sufficient assurances as to what OFCCP may do.

Second, I know from my own experience representing employers in connection with prior FOIA requests, that OFCCP has made errors in the past when attempting to identify data responsive to such requests and would have disclosed protected information had the employer not had an opportunity to review the actual proposed disclosure and raise objections based on its review of the actual data that OFCCP was proposing to disclose.  There is every reason to believe that these same types of errors will be made in connection with the pending FOIA request.  OFCCP has an obligation to adopt a process that will reasonably protect employees and employers from the publication of their

protected confidential information.  This is particularly important because mistakes made in this process cannot be adequately remedied after the fact.

Finally, because of the way in which the EEO-1 reporting system is set up, a "yes" answer to question 3 cannot be relied upon to determine whether a filing entity is a federal contractor.  If any entity in an enterprise is a federal contractor, the Type 2 report may indicate that the answer to question 3 is "yes" even if the only entity with a federal contract is a single independently operating company which represents a miniscule fraction of the workforce that is counted as part of the Type 2 Report.  Moreover, it is not uncommon for employers to mistakenly answer "yes" to question 3.  Since employers understand their EEO-1 reports to be protected from public disclosure by statute, answering "yes" to question 3 does not relieve OFCCP of its obligation to treat this information as confidential.

For these reasons, CEI again requests a copy of any of its data that OFCCP is proposing to produce in response to the CIR FOIA request.

In the meantime, CEI continues to object to the disclosure of its EEO-1 data.  Because CEI is not a government contractor, its data is not within the scope of this FOIA request.  In addition, OFCCP does not have legal authority to publish EEO-1 data for a non-government contractor.  CEI also objects to the disclosure based on Exemption 4.

Thank you for your attention to this matter.

Very truly yours,

David

**David Goldstein**
Shareholder
612.313.7611 direct, 952.255.9295 mobile, 612.677.3815 fax
DGoldstein@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere

1300 IDS CENTER, 80 South 8th Street, Minneapolis, MN 55402-2136

**From:** OFCCP Submitter Response <OFCCPSubmitterResponse@dol.gov>
**Sent:** Tuesday, August 30, 2022 10:40 AM
**To:** Goldstein, David <DGoldstein@littler.com>
**Subject:** RE: Cox Enterprises Letter to Deputy Director Spalding re FOIA Disclosure Notice

**[EXTERNAL E-MAIL]**

Dear Mr. Goldstein,

We encourage contractors inquiring if their company is subject to the request by the Center of Investigative Reporting (CIR) to review their EEO-1 reports.

Please refer to this EEOC link https://eeocdata.org/pdfs/Single-Establishment%20Data%20File%20Upload%20User's%20Guide.pdf which gives companies an overview and examples of what fields are included in their report. If a company has filed EEO-1 Reports in the past, the EEO-1 Component 1 Reports from 2016-2020 are available in the EEO-1 Online Filing System. From the Company Dashboard, click on Historic Data (Prior EEO-1 Reports) to download prior year reports. https://www.eeocdata.org/eeo1/signin

OFCCP's regulations require federal contractors and first-tier subcontractors that are covered by Executive Order 11246 and that have 50 or more employees to file the EEO-1 Report. If submitters answered yes to "Question 3", the box confirming to be a federal contractor, and filed between the years requested in the FOIA, then their data is subject to the request.

Please let us know if you have any further questions.

Cordially,

OFCCP FOIA Team

**From:** Goldstein, David <DGoldstein@littler.com>
**Sent:** Monday, August 29, 2022 5:37 PM
**To:** OFCCP Submitter Response <OFCCPSubmitterResponse@dol.gov>
**Subject:** Cox Enterprises Letter to Deputy Director Spalding re FOIA Disclosure Notice

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

As set forth in the attached letter, Cox Enterprises, Inc. (CEI) requests a copy of the data (if any) that OFCCP is proposing to produce in response to the CIR FOIA request; objects to the disclosure of its confidential information; and requests an extension of time in which to provide a more formal statement of its objections pending OFCCP's identification of any data that it proposes to disclose.

Very truly yours,

David Goldstein

**David Goldstein**
Shareholder
612.313.7611 direct, 952.255.9295 mobile, 612.677.3815 fax
DGoldstein@littler.com

Pronouns: He/Him


**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
1300 IDS CENTER, 80 South 8th Street, Minneapolis, MN 55402-2136

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

| | |
|---|---|
| **From:** | MENNONA Jenna (RIC-US) |
| **To:** | OFCCP Submitter Response |
| **Cc:** | EHLE Theresa (RIC-US) |
| **Subject:** | Objection to Publication of EEO-1 Reports |
| **Date:** | Wednesday, October 19, 2022 4:01:53 PM |

> **CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Good afternoon,

I am Legal Counsel for Richemont North America, Inc., and I am writing to object to the publication of Richemont's EEO-1 reports.  Richemont North America, Inc. (Company # 7802223) is not and was not a federal contractor or first-tier subcontractor.  However, for one year in the period covered for potential disclosure (2018), we made an administrative error and mistakenly marked "yes", instead of "no," on the EEO-1 report in response to Question 3, which requests the filer to identify that status.  Consequently, the company should not have been included in the population of federal contractors or first-tier subcontractors whose Type 2 consolidated EEO-1 reports are subject to disclosure pursuant to the Center for Investigative Reporting Freedom of Information Act request, and we object to any proposed disclosure of the 2018 Type 2 consolidated report.  Now that the need for a correction to our report has been identified, we would appreciate your assistance in opening the EEO-1 portal for us to make the correction or to providing confirmation to us that the correction has been made by the EEOC or the Joint Reporting Commission.  Please contact the company's point of contact Yash Koradia at yash.koradia@richemont.com or the certifying official, Isabelle Andre at Isabelle.andre@richemont.com for any questions or to confirm the correction has been made.

Kindly confirm receipt of this message, and please reach out if you need anything further.

Best,
Jenna Mennona

Jenna Mennona
Legal Counsel | Richemont Americas

**At Richemont, We Craft The Future**

645 Fifth Avenue, Olympic Tower | New York NY 10022 | USA
(direct) +12128912380
(email) jenna.mennona@richemont.com

© 2022 Richemont North America, Inc.. All Rights Reserved

The information contained in this e-mail message is confidential - please do not cross-post. This communication is intended for the use of the addressee(s) only. If you are not the intended recipient, you are hereby notified that any review, reliance, disclosure, distribution or copying of this communication may be prohibited by law and might constitute a breach of confidence. If you have received this communication in error, please notify us immediately and delete it and all copies (including attachments) from your system.

# HAYNES BOONE

**HB**

March 31, 2023

*Via E-mail*

FOIA Officer
National FOIA Office
Office of Federal Contract Compliance Programs
U.S. Department of Labor
Division of Management and Administrative Programs
200 Constitution Avenue, N.W., Suite C3325
Washington, D.C. 20210
OFCCPSubmitterResponse@dol.gov
OFCCP-FOIA-EEO1-Questions@dol.gov

> Re:    **Freedom of Information Act Request**
> **Société Générale**
> **CO # H096166**

Dear FOIA Officer:

This Firm represents Société Générale ("***SG***"). SG recently learned that the Department of Labor's Office of Federal Contract Compliance Programs ("***OFCCP***") received a Freedom of Information Act request (the "***Request***") for all Type 2 Consolidated Employer Information Reports, Standard Form 100, filed by federal contractors from 2016-2020 ("***EEO-1 Reports***"). SG subsequently learned that EEO-1 Reports submitted by SG were subject to the Request.

On March 2, 2023, SG filed objections to the Request pursuant to Exemption 4 of FOIA because SG's EEO-1 Reports contain confidential commercial information about SG's business. We write to supplement SG's objections to the Request on jurisdictional grounds, as SG is not a Covered Contractor subject to the Request. This supplement is supported by the declaration of Gary S. Prish, attached hereto.

Pursuant to the notice published by OFCCP in the Federal Register, Will Evans of CIR submitted a request for "[a] spreadsheet of all consolidated (Type 2) EEO-1 reports for all federal contractors for 2016." CIR subsequently amended this request multiple times, most recently on June 2, 2022, to include Type 2 EEO-1 reports for all federal contractors, including first-tier subcontractors, from 2016-2020 ("***Covered Contractors***").

As discussed herein, SG is not a Covered Contractor and therefore its EEO-1 Reports are not responsive to the Request. OFCCP's regulations define a government contract as "any agreement or modification thereof between any contracting agency and any person for the

---

**Haynes and Boone, LLP**  |  600 Congress Avenue | Suite 1300 | Austin, TX 78701
T: 512.867.8400 | haynesboone.com

# HAYNES BOONE



purchase, sale or use of personal property or nonpersonal services." *See* 41 C.F.R. §§ 60-1.3; 60-300.2; 60-741.2. The term "nonpersonal services" as used in the regulations "includes, but is not limited to, the following services: Utilities, construction, transportation, research, insurance, and fund depository." *Id*.

SG is not aware of any federal contracts or subcontracts between SG and any other entity that might make any EEO-1 Reports submitted by SG to the Joint Reporting Committee between 2016-2020 responsive to the Request. SG has been unable to locate any relevant contracts through the federal procurement data system.

SG and its affiliates in the United States offer financial solutions to their investor and corporate clients. SG provides corporate and investment banking services, including securities and derivatives brokerage, investment banking, advisory services, execution and prime brokerage. However, SG is not a financial institution with federal share or deposit insurance. SG does not serve as a depository of federal government funds in any amount. Nor is SG a financial institution which is an issuing and paying agent for U.S. savings bonds and savings notes.

SG has reviewed its employer information reports for EEO-1 submissions from 2016-2020 that provide the data for the EEO-1 Reports. Upon investigation, SG discovered that question C-3 in its 2016-2019 employer information reports was mistakenly answered "Yes."[1]  This was an error, as SG is not a covered government contractor and was not a covered government contractor when these EEO-1 Reports were submitted.

Unfortunately, the EEO-1 reporting windows for these reports has closed, and SG is unable to make appropriate changes to its submissions. To correct any confusion, SG changed its answer to question C-3 to "No" on its subsequently filed  EEO-1 reports in 2020 and 2021 and will do so going forward, absent a change in its status, which is not anticipated.

For the reasons above and those stated in its prior objection, SG objects to the release of the SG Information. We trust that the foregoing clearly demonstrates that the SG Information is not releasable, and we hereby request that the OFCCP so decide.

If you desire further information, please do not hesitate to contact me.

---

[1] Question C-3 to the EEO-1 asks: "Does the company or any of its establishments (a) have 50 or more employees AND (b) is not exempt as provided by 41 CFR 60-1.5 AND either (1) is a prime government contractor or first-tier subcontractor, and has a contract, subcontract, or purchase order amounting to $50,000 or more, or (2) serves as a depository of Government funds in any amount or is a financial institution which is an issuing and paying agent for U.S. Savings Bonds and Savings Notes?"

# HAYNES BOONE

Very truly yours,

Adam H. Sencenbaugh
Haynes and Boone, LLP
Direct Phone Number: (512) 867-8489
adam.sencenbaugh@haynesboone.com

4869-6693-3594

In Re:                                    §
                                          §
**Société Générale**                      §
                                          §
**FOIA Request from CIR**                 §
                                          §
                                          §

## SUPPLEMENTAL DECLARATION OF GARY S. PRISH

1.      My name is Gary S. Prish. I currently serve as Director and Counsel for Société

Générale and its affiliated companies in the United States (together "*SG*"). I have personal

knowledge as to the facts stated herein, and they are true and correct.

2.      This supplemental declaration is given in support of SG's objections to the release

of Type 2 Consolidated Employer Information Reports, Standard Form 100 (EEO-1 Reports) SG

submitted to the Joint Reporting Committee (collectively, the "*SG Information*"). SG

understands that the SG Information is subject a Freedom of Information Act request submitted

to the Office of Federal Contract Compliance Programs ("*OFCCP*") by the Center for

Investigative Reporting (the "*FOIA Request*").

3.      On March 2, 2023, SG filed objections to the FOIA Request pursuant to

Exemption 4 of FOIA because the EEO-1 Reports contain confidential commercial information

about SG's business.

4.      Prior to being notified about the FOIA Request, SG was unaware that OFCCP

believed SG was a government contractor subject to OFCCP jurisdiction.  Following receipt of

this notice, SG investigated why it was identified by OFCCP as a government contractor subject

to the FOIA Request.

5.      I am not aware of any federal contracts or subcontracts between SG and any other

entity that might make any EEO-1 Reports submitted by SG to the Joint Reporting Committee

responsive to the FOIA Request. SG has been unable to locate any relevant contracts in the federal procurement data system.

6.    SG's divisions in the United States offer financial solutions to SG's corporate clients. SG provides corporate and investment banking services, including securities, derivatives brokerage, investment banking, advisory services, execution and prime brokerage.

7.    SG is not a financial institution with federal share and deposit insurance. SG does not serve as a depository of federal government funds in any amount. Nor is SG a financial institution which is an issuing and paying agent for U.S. savings bonds and savings notes.

8.    SG has reviewed its employer information reports for EEO-1 submissions from 2016-2020 that provide the underlying data for the EEO-1 Reports. Upon investigation, SG discovered that question C-3 in its 2016-2019 employer information reports was mistakenly answered "Yes." This was an error, as SG is not a covered government contractor and was not a covered government contractor when these EEO-1's were submitted.

9.    SG objects to the disclosure of its confidential, private, and proprietary EEO-1 Reports.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 31st day of March, 2023.

_____
Gary S. Prish
Société Générale

Attachment B

| | |
|---|---|
| **From:** | ▮▮▮▮ - OFCCP |
| **To:** | ▮▮▮▮ - OFCCP |
| **Cc:** | ▮▮▮▮ - OFCCP; ▮▮▮▮ - OFCCP |
| **Subject:** | CIR FOIA - Jurisdiction Question |
| **Date:** | Wednesday, January 25, 2023 12:32:01 PM |
| **Attachments:** | 2016_QuestionFederalContractor.xlsx |
| | 2017_QuestionFederalContractor.xlsx |
| | 2018_QuestionFederalContractor.xlsx |
| | 2019_QuestionFederalContractor.xlsx |
| | 2020_QuestionFederalContractor.xlsx |

Hi Harvey,

I want to start off by thanking you and Mike for your willingness to help us with separating out the data. We actually were able to separate it out ourselves so we went ahead and did it. But thanks again for making yourselves available to us.

Attached please find the contractors that argued they were not federal contractors during the respective years. You may find the same contractor in multiple years' data but we need to know whether they were contractors in each of those years that they show up in the spreadsheet. I created a column and ask for your team to indicate with a Yes or No whether they are a federal contractor. You can wait until you are finished with all five years before sending the information back to us.

Please let us know if you have any questions or concerns.

Thanks,

▮▮▮▮
Division of Management and Administrative Programs
U.S. Department of Labor, OFCCP
200 Constitution Avenue, NW
Room ▮▮▮▮
Washington, DC  20210
Direct:  202.693.▮▮▮▮
Mobile: ▮▮▮▮



Attachment C

| | |
|---|---|
| **From:** | ██████████ - OFCCP |
| **To:** | ██████ - OFCCP |
| **Cc:** | ██████ - OFCCP; ████ - OFCCP; ██████ OFCCP; ██████ - OFCCP |
| **Subject:** | RE: CIR FOIA - Jurisdiction Question |
| **Date:** | Thursday, March 30, 2023 3:55:55 PM |
| **Attachments:** | Consolidated QuestionFederalContractor_2nd Wave Master.xlsx |

Please see attached FOIA research.

████████████

Scheduling and Jurisdiction Branch Chief
U.S. Department of Labor
Division of Program Operations | Office of Federal Contract Compliance Programs
Tel. (202) ████████ | ████████████ @dol.gov

---

**From:** ████████ - OFCCP <████████████
**Sent:** Sunday, March 12, 2023 8:26 AM
**To:** ████████ - OFCCP ████████@dol.gov>
**Cc:** ████████ OFCCP <████████@dol.gov>; ████████ OFCCP <████████@dol.gov>; ████████ OFCCP <████████@dol.gov>; ████████ - OFCCP <████████@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Hi ████████,

Here is a second wave of claims from contractors that they are not federal contractors for the CIR FOIA case. Could DPO do the same analysis as before with this new list of contractors? I consolidated the data into one file with each year on a separate sheet.

Please let me know if you have any questions.

Thank you for your assistance!

████████████
202.693████

---

**From:** ████████ - OFCCP <████████@dol.gov>
**Sent:** Thursday, January 26, 2023 1:47 PM
**To:** ████████ - OFCCP <S████████@dol.gov>
**Cc:** ████████ - OFCCP ████████@dol.gov>; ████████ - OFCCP <████████@dol.gov>; ████████ - OFCCP <████████@dol.gov>; ████████ - OFCCP <████████@dol.gov>

**Subject:** FW: CIR FOIA - Jurisdiction Question

Hi █████,

Forwarding the completed request since Harvey is OOO today.

---

**From:** ████████████ - OFCCP ████████████ @dol.gov>
**Sent:** Wednesday, January 25, 2023 3:17 PM
**To:** ████████ - OFCCP <████████ @dol.gov>
**Cc:** ████████ - OFCCP <████████████ @dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Attached are the completed worksheets. We used $50k as a contract threshold.

██████

---

**From:** ████████ - OFCCP <████████████ @dol.gov>
**Sent:** Wednesday, January 25, 2023 12:31 PM
**To:** ████████ OFCCP <████████ @dol.gov>
**Cc:** ████████ - OFCCP <████████████ @dol.gov>; ████████████ OFCCP <████████ @dol.gov>
**Subject:** CIR FOIA - Jurisdiction Question

Hi █████,

I want to start off by thanking you and Mike for your willingness to help us with separating out the data. We actually were able to separate it out ourselves so we went ahead and did it. But thanks again for making yourselves available to us.

Attached please find the contractors that argued they were not federal contractors during the respective years. You may find the same contractor in multiple years' data but we need to know whether they were contractors in each of those years that they show up in the spreadsheet. I created a column and ask for your team to indicate with a Yes or No whether they are a federal contractor. You can wait until you are finished with all five years before sending the information back to us.

Please let us know if you have any questions or concerns.

Thanks,

████████████
Division of Management and Administrative Programs
U.S. Department of Labor, OFCCP
200 Constitution Avenue, NW
Room ████████████

Washington, DC  20210
Direct:



Attachment D

| | |
|---|---|
| **From:** | ██████████ - OFCCP |
| **To:** | ██████ - OFCCP |
| **Cc:** | ██████ - OFCCP; ██████ OFCCP; ██████ OFCCP; ██████ - OFCCP |
| **Subject:** | RE: CIR FOIA - Jurisdiction Question |
| **Date:** | Monday, April 17, 2023 12:52:28 PM |
| **Attachments:** | Consolidated QuestionFederalContractor_3rdWave.xlsx |

Hi ████,

Attached please find Batch #3 and we anticipate this to be the last batch for your jurisdiction determinations.

2016 – 140
2017 – 170
2018 – 219
2019 – 120
2020 – 116
Total – 765

Please let us know if you need anything else.

Thanks,

████████

202.693 ████

---

**From:** ██████████ - OFCCP <E██████@dol.gov>
**Sent:** Tuesday, April 11, 2023 3:22 PM
**To:** ██████ - OFCCP ██████@dol.gov>
**Cc** ██████ - OFCCP <██████@dol.gov>; ██████ - OFCCP <██████@dol.gov>; ██████ - OFCCP <██████@dol.gov>; ██████ - OFCCP <██████@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

I'll be out of office next week, so if you can send the data to ████ JRT can get started. Thanks!

---

**From:** ██████ - OFCCP <S██████@dol.gov>
**Sent:** Tuesday, April 11, 2023 9:04 AM
**To:** ██████ - OFCCP ██████@dol.gov>
**Cc:** ██████ U - OFCCP ██████@dol.gov>; ██████ - OFCCP <██████@dol.gov>; ██████ OFCCP ██████@dol.gov>; ██████ - OFCCP ██████@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Thank you all for help with this! This is exactly what we needed. We anticipate sending you our last batch on Monday (4/17).


202.693 ▮



**From:** ▮▮▮▮▮▮▮▮▮▮ OFCCP <▮▮▮▮▮▮▮▮▮@dol.gov>
**Sent:** Thursday, March 30, 2023 3:54 PM
**To:** ▮▮▮▮▮▮▮ OFCCP ▮▮▮▮▮▮▮@dol.gov>
**Cc:** ▮▮▮▮▮▮▮ OFCCP ▮▮▮▮▮▮@dol.gov>; ▮▮▮▮▮▮ OFCCP <▮▮▮▮▮▮@dol.gov>; ▮▮▮▮▮ - OFCCP ▮▮▮▮▮@dol.gov>; ▮▮▮▮▮ - OFCCP <▮▮▮▮▮@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Please see attached FOIA research.



U.S. Department of Labor
Division of Program Operations | Office of Federal Contract Compliance Programs
Tel.  (▮▮▮▮▮ | ▮▮▮▮▮▮▮@dol.gov



**From:** ▮▮▮▮▮ OFCCP <▮▮▮▮▮@dol.gov>
**Sent:** Sunday, March 12, 2023 8:26 AM
**To:** ▮▮▮▮▮ OFCCP <▮▮▮▮▮@dol.gov>
**Cc:** ▮▮▮▮▮ - OFCCP ▮▮▮▮▮@dol.gov>; ▮▮▮▮▮ - OFCCP <▮▮▮▮▮@dol.gov>; ▮▮▮▮▮ OFCCP <▮▮▮▮▮@dol.gov>; ▮▮▮▮▮ - OFCCP <▮▮▮▮▮@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Hi ▮▮▮▮▮

Here is a second wave of claims from contractors that they are not federal contractors for the CIR FOIA case. Could DPO do the same analysis as before with this new list of contractors? I consolidated the data into one file with each year on a separate sheet.

Please let me know if you have any questions.

Thank you for your assistance!

▮▮▮▮▮

202.693 ███



**From:** ████████████ - OFCCP <F███████████@dol.gov>
**Sent:** Thursday, January 26, 2023 1:47 PM
**To:** ████████ - OFCCP <S███████████@dol.gov>
**Cc:** █████████████ - OFCCP <███████████@dol.gov>; ████ █████ - OFCCP
████████████@dol.gov>; ████████████ - OFCCP <███████████@dol.gov>; ████████████
OFCCP <███████████@dol.gov>
**Subject:** FW: CIR FOIA - Jurisdiction Question

Hi ██████

Forwarding the completed request since Harvey is OOO today.

**From:** ████████████ - OFCCP <N███████████@dol.gov>
**Sent:** Wednesday, January 25, 2023 3:17 PM
**To:** ████████ - OFCCP <███████████@dol.gov>
**Cc:** ██████████████ OFCCP <███████████@dol.gov>
**Subject:** RE: CIR FOIA - Jurisdiction Question

Attached are the completed worksheets. We used $50k as a contract threshold.

██████

**From:** ████████████ - OFCCP <S███████████@dol.gov>
**Sent:** Wednesday, January 25, 2023 12:31 PM
**To:** ████████ - OFCCP <████████ol.gov>
**Cc:** ██████████ OFCCP ███████████@dol.gov>; ████████████ - OFCCP
████████████@dol.gov>
**Subject:** CIR FOIA - Jurisdiction Question

Hi ██████

I want to start off by thanking you and Mike for your willingness to help us with separating out the data. We actually were able to separate it out ourselves so we went ahead and did it. But thanks again for making yourselves available to us.

Attached please find the contractors that argued they were not federal contractors during the respective years. You may find the same contractor in multiple years' data but we need to know whether they were contractors in each of those years that they show up in the spreadsheet. I created a column and ask for your team to indicate with a Yes or No whether they are a federal contractor. You can wait until you are finished with all five years before sending the information back to us.

Please let us know if you have any questions or concerns.

Thanks,

█████████████████████

Division of Management and Administrative Programs
U.S. Department of Labor, OFCCP
200 Constitution Avenue, NW
Room ████████████████
Washington, DC  20210
Direct:  202 ██████████
██████████████████



Attachment E

| | |
|---|---|
| **From:** | OFCCP FOIA EEO1 Questions |
| **To:** | "Bryn Edwards" |
| **Subject:** | Federal Contractor Status Confirmed |
| **Date:** | Friday, March 17, 2023 3:56:00 PM |
| **Attachments:** | image001.png |

Good afternoon,

The Office of Federal Contract Compliance Programs (OFCCP) is contacting you regarding the FOIA request submitted by the Center for Investigative Reporting (CIR) for Type 2 EEO-1 data for reporting years 2016-2020. OFCCP has reviewed your objection on the basis that your entity was not a federal contractor, and therefore, should not be subject to the CIR FOIA request. OFCCP has verified and confirmed that the below entity was not a federal contractor during the reporting years listed. The Type 2 EEO-1 data for the entity below will not be disclosed in response to the CIR FOIA request and no further action is needed.

COMPANY NAME: **CANDID COLOR SYSTEMS**
UNIT NUMBER: **R57920**
REPORTING YEAR(S) FOR WHICH OFCCP HAS DATA: **2017, 2018**

If you have questions, please contact our helpdesk at 1-800-397-6251 or email us at **OFCCP-FOIA-EEO1-Questions@dol.gov**.

Cordially,

OFCCP FOIA Team

---

**From:** Bryn Edwards <Bryn.Edwards@candid.com>
**Sent:** Wednesday, November 23, 2022 11:34 AM
**To:** OFCCP FOIA EEO1 Questions <OFCCP-FOIA-EEO1-Questions@dol.gov>
**Subject:** Request Info re: EEO-1 Report

> **CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Hello –

I received an email regarding EEO-1 data, and am wondering if we have already submitted this? If not, is there a template that I can grab somewhere to get this done?

My company is Candid Color Systems in Oklahoma.  73-1090957985.  We are not federal contractors but I understand we still need to submit this report.  Thank you for whatever help/guidance you can give.

Best,

Bryn Edwards
Human Resources
Candid Color Systems, Inc.
405/328-7191 office
405/501-1548 mobile
bryn.edwards@candid.com



| | |
|---|---|
| **From:** | OFCCP FOIA EEO1 Questions |
| **To:** | "Josh Cross" |
| **Subject:** | RE: Analytik Jena US LLC - Objects to Release of EEO-1 Type 2 Data Release |
| **Date:** | Wednesday, May 10, 2023 11:33:00 AM |
| **Attachments:** | Analytik Jena US LLC.pdf |

Good morning,

The Office of Federal Contract Compliance Programs (OFCCP) has confirmed your status as a federal contractor during the reporting years subject to the CIR FOIA request. Please see the attached correspondence for more details on your contractor status as well as action that may be needed.

Cordially,

OFCCP FOIA Office

---

**From:** Josh Cross <Josh.Cross@us.analytik-jena.com>
**Sent:** Friday, March 3, 2023 5:45 PM
**To:** OFCCP FOIA EEO1 Questions <OFCCP-FOIA-EEO1-Questions@dol.gov>
**Subject:** Analytik Jena US LLC - Objects to Release of EEO-1 Type 2 Data Release

**CAUTION: This email originated from outside of the Department of Labor. Do not click (select) links or open attachments unless you recognize the sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Good Afternoon,

Analytik Jena US LLC wishes to assert EEO-1 Type 2 Data should not be released. We have previously objected to the release of our data.

1. Our addresses:
   a. 2066 W 11th St, Upland, CA 91786
   b. 3 Highwood Drive, Suite 103. Tewksbury, MA 01876
   c. 100 Cummings Center suite 234-n, Beverly, MA 01915
2. X400936, HW53465
3. no other entities associated with our organization

Best regards,
Josh Cross

Analytik Jena US LLC | HR Generalist |
2066 W. 11th Street | Upland, CA 91786 | USA |
Mobile: 1-909-372-5962 | HR Fax: +1-909-461-4514 |
Josh.Cross@us.analytik-jena.com | http://us.analytik-jena.us |



**U.S. Department of Labor**   Office of Federal Contract Compliance Programs
200 Constitution Avenue, N.W.
Washington, DC 20210



May 10, 2023

**Federal Contractor Status Verified**

The Office of Federal Contract Compliance Programs (OFCCP) is contacting you regarding the FOIA request submitted by the Center for Investigative Reporting (CIR) for Type 2 EEO-1 data for reporting years 2016-2020. OFCCP has reviewed your assertion that your organization is not a federal contractor. However, OFCCP has verified that Analytik Jena US LLC, was a federal contractor during the reporting years listed below, and therefore, subject to the CIR FOIA request. For any years during the request period that Analytik Jena US LLC was not a federal contractor, data from any such years will be excluded from the CIR FOIA request, and no further action is needed.

OFCCP based its determination on your organization answering "yes" for Question C3 on the EEO-1 Form for each of the reporting years below indicating that your organization or any of its establishments (a) had 50 or more employees; (b) were prime contractors or first-tier subcontractors; (c) had a contract, subcontract, or purchase order amounting to $50,000 or more during the reporting year(s) in question; and (d) was not exempt as provided under 41 CFR 60-1.5, or served as depositories of Government funds in any amount, or were financial institutions serving as issuing and payment agents for U.S. Savings Bonds and savings notes. Additionally, our jurisdiction team confirmed that your entity had qualifying federal contracts during the reporting years in question.

Our records reflect:

Company Name: **Analytik Jena US LLC**
Unit Number: **X40093**
EEO-1 Form Response to Question C3: Yes
Contract Number(s) and Contract Start and End Dates[1]: **68HE0B20P0336 (July 6, 2020 to September 30, 2024)**
Reporting Years for which OFCCP has data: **2020**
Reporting Years Excluded from Disclosure Due to Non-Contractor Status: **None**

**As a result, OFCCP is providing your organization an opportunity to object to the disclosure of Type 2 EEO-1 data identified above as subject to disclosure**.

**Submitting an Objection**

---

[1] This is not an exhaustive list of all federal contracts, but rather a list of some contracts that establish contractor status during the request period. There may be additional contracts during the reporting period that would also establish jurisdiction.

Objections submitted must include the contractor's name, address, unit number, contact information for the contractor (or its representative), and should, at minimum, address the following questions in detail so that OFCCP may evaluate the objection to determine whether the information should be withheld or disclosed pursuant to FOIA Exemption 4:

1. What specific information from the Type 2 EEO-1 Report does the contractor consider to be a trade secret or commercial or financial information?

2. What facts support the contractor's belief that this information is commercial or financial in nature?

3. Does the contractor customarily keep the requested information private or closely held? What steps have been taken by the contractor to protect the confidentiality of the requested data, and to whom has it been disclosed?

4. Does the contractor contend that OFCCP provided an express or implied assurance of confidentiality? If no, were there express or implied indications at the time the information was submitted that the government would publicly disclose the information?

5. How would disclosure of this information harm an interest of the contractor protected by Exemption 4 (such as by causing foreseeable harm to the contractor's economic or business interests)?

All responses must be received by **June 2, 2023**, at 11:59 p.m. EST, via this email address: **OFCCP-FOIA-EEO1-Questions@dol.gov**. If OFCCP does not receive a written objection by the deadline, the agency will conclude that your entity has no objection to disclosure and will, as required by FOIA, begin the process of disclosing your Type 2 EEO-1 Report data to CIR. Because we have received three or more requests for the same information, FOIA requires that we post the data released to CIR on our website at https://www.dol.gov/agencies/ofccp/foia/library/Employment-Information-Reports.

If you have questions, please contact our helpdesk: 1-800-397-6251 or email: **OFCCP-FOIA-EEO1-Questions@dol.gov**.