D. VICTORIA BARANETSKY (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th Street, Suite 200
Emeryville, CA 94608
Telephone:     (510) 982-2890
Facsimile:      (510) 849-6141
Email:           vbaranetsky@revealnews.org

Attorney for Plaintiff
THE CENTER FOR INVESTIGATIVE REPORTING

THERESE Y. CANNATA (SBN 88032)
AARON R. FIELD (SBN 310648)
ZACHARY E. COLBETH (SBN 297419)
CANNATA O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone:     (415) 409-8900
Facsimile:      (415) 409-8904
Email:           tcannata@cofolaw.com
                    afield@cofolaw.com
                    zcolbeth@cofolaw.com

Attorneys for Plaintiffs
THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. 3:22-cv-07182-WHA<br><br>**PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION FOR STAY OF DISCLOSURE DEADLINE PENDING APPEAL BY DEPARTMENT OF LABOR** |

## I. INTRODUCTION

In DOL's "emergency"[1] motion for stay pending appeal, DOL asks the Court to further delay DOL's deadline to disclose the EEO-1 reports at issue in this case "for the duration of" its recent appeal, *see* Dkt. No. 57, even though DOL has already improperly delayed the disclosure of these records for years. Dkt. No. 58 at 5:27-28. The Court should decline. If it does not, at a minimum, the Court should press DOJ to state whether it agrees to expedited appeal, if DOJ intends to pursue those claims. *See infra* at Section II.D.

Given DOL's history of <u>repeated delays</u> in this case, DOL's request for a further delay now is particularly problematic. As plaintiffs explained in their opening brief, "DOL's delays [throughout this case] were intentional, persistent, and extreme. CIR made its initial request in 2019. . . . DOL has since delayed at every juncture." Dkt. No. 39 at 24:13-14. Repeated delays are often met with consequences in FOIA cases. *See, e.g.*, *Ecological Rts. Found. v. FEMA*, No. 16-CV-05254-MEJ, 2017 WL 5972702, at *10 (N.D. Cal. Nov. 30, 2017) (granting declaratory relief where agency repeatedly failed to comply with FOIA's timelines). While this Court found that declaratory judgment was not appropriate here, it acknowledged DOL's repeated delays. *See* Dkt. No. 51 at 12:5-7. (". . . this order finds that defendant did not provide plaintiffs with a timely determination following the first FOIA request. For the same reason, this order finds that defendant did not provide timely determinations for the second and third FOIA requests."). Yet again, DOJ asks for delay, where timeliness is of the utmost importance.

Further, prompt access is especially important and often essential in newsgathering cases to ensure that records reach the public in time to be useful. As the Ninth Circuit recently reaffirmed, "The newsworthiness of a particular story is often fleeting. To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same

---

[1] DOL's so-called "emergency" motion was necessitated by its own delays. In an Order dated December 22, 2023, the Court denied in part and granted in part the parties' cross-motions for summary judgment. Dkt. No. 51. The Court ordered DOL to "produce the remaining EEO-1 reports at issue within 28 days" of the Order. Dkt. No. 51 at 13. The parties then stipulated, and the Court ordered, to extend that deadline until February 20, 2024, the same day as DOL's deadline to appeal. Dkt. No. 53. On February 15, 2025, DOL filed a notice of appeal. Dkt. No. 57. That same day, late in the evening and just five days before its disclosure deadline, DOL filed this "emergency" motion. Dkt. No. 58.

result as complete suppression." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) (citation and quotation marks omitted); *see also Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1090 (N.D. Cal. 2015) (Congress recognized when enacting FOIA that "excessive delay . . . is often tantamount to denial") (citation and quotation marks omitted).

Here, given DOL's repeated delays over several years (contrary to FOIA)[2] and the public interest in EEO-1 reports, *see* Dkt. No. 39-3 ¶¶ 7-23, and the fact that DOL's contention that EEO-1 reports are not "commercial" under Exemption 4 lacks merit as two judges have now recognized,[3] DOL's motion should be denied. In the alternative, if this Court is inclined order a stay, plaintiffs respectfully request that it do so consistent with Section II.D, *infra*.

## II. ARGUMENT

### A. LEGAL STANDARD

As a legal matter, DOL is not entitled to a stay because it has not demonstrated that a stay is warranted under the four-factor test in *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). This test turns on (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.*; *Elec. Frontier Found. v. Off. of Dir. of Nat. Intel.*, No. C 08-01023 JSW, 2009 WL 3297195, at *1-3 (N.D. Cal. Oct. 13, 2009).[4] In ruling on a motion for a stay pending appeal, courts employ " 'two interrelated legal tests' that 'represent the outer reaches of a single continuum.' " *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and

---

[2] The Court found some of DOL's pre-lawsuit delays unlawful in its summary judgment Order. *See* Dkt. No. 51 at 12:5-7 (". . . this order finds that defendant did not provide plaintiffs with a timely determination following the first FOIA request. For the same reason, this order finds that defendant did not provide timely determinations for the second and third FOIA requests.").
[3] *See* Dkt. No. 51 at 5:3-8:25; *Ctr. for Investigative Reporting v. Dep't of Lab.* ("*CIR I*"), 424 F. Supp. 3d 771 (N.D. Cal. 2019)
[4] Without directly addressing the district court's decision, the Ninth Circuit thereafter granted a stay pending appeal itself, even though the district court had declined to do so, but concurrently expedited the proceedings and directed the agency to confirm whether it intended to pursue appellate relief as to certain issues. *See* Declaration of Aaron R. Field in Support of Opposition to Stay ("Field Decl."), Ex. A (October 21, 2009 Order in *Elec. Frontier Found. v. ODNI*, No. 09-17235 (9th Cir.)).

the possibility of irreparable injury." *Lopez*, 713 F.2d at 1435. "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

Additionally, in any argument related to FOIA's exemptions must account for the rule that the exemptions should be construed narrowly. *A.C.L.U. v. U.S. D.O.J.*, 880 F.3d 473, 482-83 (9th Cir. 2018). DOL bears the burden of proof under FOIA, *id.* at 483, and under the case law that governs its motion. *See Golden Gate Rest. Ass'n*, 512 F.3d at 1115-16 (to obtain a stay pending appeal, "*the moving party is required to show* both a probability of success on the merits and the possibility of irreparable injury" and "*the moving party must demonstrate* that serious legal questions are raised and that the balance of hardships tips sharply in its favor") (emphasis added). DOL has not met this burden.

DOL's contention that "stays are routinely granted in FOIA cases" incorrectly suggests it is automatically entitled to a stay pending appeal, as a matter of course and under the relevant factors, now that it has filed a notice of appeal. Not so. *See Elec. Frontier Found.*, 2009 WL 3297195, at *1-3 (district court order denying motion for stay pending appeal); *but cf. supra* at fn.4 (citing Field Decl., Ex. A). In *EFF*, "[t]he Court reviewed and explicitly rejected defendants'" argument because (1) the agency's "delay in disclosure" militated against a stay; (2) the agency's "contentions that [FOIA's exemptions] barred disclosure of the disputed documents and information" were unfounded; (3) "the Court [had] not [found] that Defendants [had] made a strong showing that they are likely to prevail on the merits of their appeal"; and (4) "the Court finds that the public interest and the balance of hardships squarely favor timely production of the requested documents." Here, the same rationale applies for every single factor.

Two leading cases cited by DOL in which stays pending appeal were granted, *John Doe Agency* and the *Ctr. for Nat'l Sec. Studies*, are plainly distinguishable. They involved law enforcement investigations, one of which related to the extraordinary circumstances involving the 9/11 terrorist attacks. *See John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1306-07 (1989) (Marshall, J., in chambers); *Ctr. for Nat'l Sec. Studies v. DOJ*, 217 F. Supp. 2d 58, 58-59 (D.D.C. 2002). They also involved questions of law subject to more reasonable dispute than the question

at the heart of this case, whether EEO-1 reports are "commercial" under Exemption 4, which has repeatedly been resolved adversely to DOL. And, despite its conclusion that stays pending appeal in FOIA cases are "routine," the district court in *Ctr. For Nat'l Sec. Studies* granted a stay only after explicitly noting the government's agreement to expedited proceedings on appeal. Neither case suggests that the Court lacks the discretion to decide what course is most appropriate under the *Hilton* factors. This Court should exercise its discretion in favor of plaintiffs where plaintiffs have waited for years for disclosure of these non-law enforcement records, several courts have permitted for the release of these records, and stays on appeal are not procedurally default.

### C. THE *HILTON* FACTORS DEMONSTRATE DOL'S MOTION SHOULD BE DENIED

Here, the *Hilton* factors confirm that DOL's motion should be denied, or, at least, should only be granted subject to conditions that will accommodate plaintiffs' and the public's interest in access. *See Hilton*, 481 U.S. 770, 776 (1987); *Elec. Frontier Found.*, 2009 WL 3297195 at *1-3.

*First*, DOL's motion falls far short of meeting its burden to make a "strong showing" that its appeal is likely to succeed.[5] On the contrary, DOL has not identified any major shortcomings in this Court's reasoning or summary judgment Order, which indicates that its appeal is likely to fail. This is especially likely where the Ninth Circuit already affirmed *CIR I*, though admittedly on procedural grounds, after having been submitted extensive briefing and heard oral argument on the Exemption 4 issues. *CIR I*, 424 F. Supp. 3d at 776-79, *aff'd sub. nom. Evans v. Synopsys, Inc.*, 34 F.4th 762, 772 (9th Cir. 2022).

DOL's attempts to identify reasoning by the Court that might not hold up on appeal also all miss the mark.

DOL contends that the Court's summary judgment Order erred by imposing what it calls "specificity" and " 'competitive impact' requirements" "on the commerciality analysis, requiring that the information not be simply commercial in nature but that it reveal 'commercially valuable information.' " Dkt. No. 58 at 4:13-17. The Court did not impose any such "requirements," however.

---

[5] This Court is familiar with plaintiffs' positions on the Exemption 4 issue at the heart of this case and the other issues addressed in its summary judgment Order, so plaintiffs will not restate their positions exhaustively here. Instead, plaintiffs refer the Court to their summary judgment briefing and declarations for a more complete presentation on the merits. *See* Dkt. Nos. 39, 39-1, 39-2, 39-3, 49, 49-1.

1  Dkt. No. 51 at 6:14-24.  Instead, it carefully and correctly explained, as Dr. Bendick did, that EEO-1
2  reports are not, given their specific content and the evidence DOL presented in support of
3  nondisclosure, "commercial" under Exemption 4 because, while they may "reveal commercially
4  valuable information 'by proxy,' " they "do not relate operational or financial information in a direct
5  way" as required to place them within the scope of Exemption 4.  Dkt. No. 51 at 6:14-24.

6  DOL writes that the Court focused on the "format and use of the EEO-1 report" at the expense
7  of the "inherent nature" of the information. Dkt. No. 58 at 4:20-21. That contention is also misplaced.
8  The Court rightly focused its reasoning on the nature of the information in EEO-1 reports,
9  appropriately accounting for the relationship between that information and the operations and finances
10 of the companies that submitted it. *See, e.g.*, Dkt. No. 51 at 6:14-24.

11 DOL states that "the Court dismissed the argument that diversity data has inherent
12 commercial significance" and suggests that this argument was "conceded by" Dr. Bendick,
13 plaintiffs' expert. Dkt. No. 51 at 4:28-5:1. This, again, is misplaced. The Court discussed Dr.
14 Bendick's declaration in detail and correctly concurred with his reasoning. And, the argument
15 about a purported "concession" by Dr. Bendick misunderstands the core issue in this case:
16 whether EEO-1 reports are "commercial" within the meaning of Exemption 4.  For the reasons set
17 forth in detail in plaintiffs' summary judgment briefs and Dr. Bendick's expert declaration, this
18 Court rightly held that plaintiffs had not shown that the EEO-1 reports at issue in this case meet
19 that standard.

20 DOL errantly argues that the Court was wrong what it calls a "considerable body of case
21 law" (it only cites two district court cases for this proposition) that it contends is contrary to this
22 Court. Dkt. No. 58 at 5:8-15 (citing *Pub. Citizen Found. v. U.S. Dep't of Labor*, No. 18-cv-00117,
23 2020 WL 9439355, at *7 (D.D.C. June 23, 2020) and *Sears, Roebuck & Co. v. Gen. Services
24 Admin.*, 384 F. Supp. 996, 1005 (D.D.C. 1974)). DOL also critiques this Court for following,
25 instead of these cases, *Getman v. NLRB*, 450 F.2d 673 (D.C. Cir. 1971). Dkt. No. 58 at 5:8-15.
26 This argument is even further from the mark than the others. The Court was right to give more
27 weight to a Circuit Court opinion than it did to two out-of-circuit district court decisions, one of
28 which is not published and the other of which is more than fifty years old. Also, upon inspection,

1. neither case cited by DOL actually contradicts this Court's summary judgment Order. In *Public Citizen Foundation*, the requester sought access to "work-related injury and illness data," 2020 WL 9439355, at *1, which is more granular and operations-related than EEO-1 reports. Further, *Sears, Roebuck & Co.* explicitly avoided the "commercial" question at the heart of this case. 384 F. Supp. at 1005 ("Sears has made no claim of privilege aside from 'confidentiality.' Hence the issue narrows to whether the information is 'confidential' within the meaning of exemption (b)(4).") This Court was right not to spend time discussing these distinguishable, out-of-circuit district court cases in its Order.

Finally, DOL writes that the Court misread and misapplied the Trade Secrets Act. That is not so, as set forth in our summary judgment papers. In any event, the Ninth Circuit need not even reach the issue since the non-commercial nature of EEO-1 reports under Exemption 4 is dispositive.

*Second*, DOL has not shown that it will be irreparably harmed absent a stay. Indeed, because DOL has not made clear that it intends to actually pursue appellate relief, any claimed injury to its ability to obtain such relief is too speculative to show irreparable harm. *See Caribbean Marine Servs. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," nor, under the preliminary injunction standard, a stay pending appeal). On the contrary, it is plaintiffs and the public who have been irreparably harmed by DOL's years of delay and obstruction and who will be further irreparably harmed for as long as DOL's delays are allowed to continue. *See Courthouse News Serv.*, 947 F.3d at 594; *Children's Earth Found.*, 85 F. Supp. 3d at 1090. This Court was correct to order disclosure and that disclosure deadline – which has been revised twice already (first by stipulation and then in response to this "emergency" motion) – should not be further delayed.

*Third*, a stay would adversely impact not only plaintiffs, but the public as a whole, which would benefit from and be best able to use the information at issue if it obtains that information sooner rather than later. *Courthouse News Serv.*, 947 F.3d at 594.

*Finally*, the public interest here favors disclosure. Indeed, there is a growing trend and recognition among companies, investors, and other stakeholders that publishing EEO-1 Reports is

in the public interest. *See* Dkt. No. 39-3 ¶¶ 7-21. Companies recognize disclosure of EEO-1 reports also builds corporate trust and helps ensure a diverse workforce, benefitting the companies, Dkt. No. 38-1, Ex. X; news outlets and academics use EEO-1 Reports in articles to inform the public, *id.*, Ex. Y-Z; and Congressmembers have called for greater access to EEO-1 Reports, including through FOIA, *id.*, Ex. AA, AB.

### D. AT A MINIMUM, NO STAY SHOULD BE ORDERED ABSENT CERTAIN CONDITIONS THAT WOULD ACCOMMODATE PLAINTIFFS' AND THE PUBLIC'S INTEREST IN PROMPT ACCESS.

At a minimum, before issuing a stay, the Court should require DOL to confirm (a) whether the Solicitor General and DOL have formally decided to challenge this Court's summary judgment order in the Ninth Circuit, *see* 28 U.S.C. § 516; 28 C.F.R. 0.20(b), and did not file their Notice of Appeal merely to further extend their disclosure deadline and continue deliberating, and (b) whether DOL will work with plaintiffs to jointly seek expedited proceedings in this case in the Ninth Circuit, as the DOJ represented it would in *Ctr. for Nat'l Sec. Studies*, 217 F. Supp. 2d at 58-59. Expedition is particularly important in this case, as plaintiffs have explained. Also, if a stay is issued, all proceedings in this case, including proceedings regarding the 621 EEO-1 reports that DOL contends are non-responsive, Dkt. No. 51 at 12:20-28, should be stayed to ensure plaintiffs are not required to litigate this case in this Court and the Ninth Circuit at the same time. Finally, if a stay is issued, the Court should extend plaintiffs' time to file a motion for attorney's fees and costs until 60 days after appellate proceedings have concluded to facilitate the meet and confer process, Civil L.R. 54-5, and allow plaintiffs to seek fees, if necessary, in a single motion.

## III. CONCLUSION

For all of these reasons, DOL's motion should be denied in its entirety. In the alternative, if the Court is inclined to grant DOL's motion, plaintiffs respectfully request that the Court also impose the conditions set forth in Section II.D, *supra*.

DATED: February 23, 2024        Respectfully submitted,

By:  */s/ Aaron R. Field*

D. VICTORIA BARANETSKY (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 982-2890
Email: vbaranetsky@revealnews.org

Attorney for Plaintiff
THE CENTER FOR INVESTIGATIVE REPORTING

THERESE Y. CANNATA (SBN 88032)
AARON R. FIELD (SBN 310648)
ZACHARY E. COLBETH (SBN 297419)
CANNATA O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone:     (415) 409-8900
Facsimile:     (415) 409-8904
Email:         tcannata@cofolaw.com
               afield@cofolaw.com
               zcolbeth@cofolaw.com

Attorneys for Plaintiffs
THE CENTER FOR INVESTIGATIVE REPORTING
and WILL EVANS