# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELECTRONIC FRONTIER FOUNDATION,

    Plaintiff,

v.

OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE and
DEPARTMENT OF JUSTICE,

    Defendants.

No. C 08-01023 JSW
No. C 08-02997 JSW

**ORDER DENYING EMERGENCY MOTION TO STAY**

On September 24, 2009, this Court issued an order granting Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment ("the Order"). (Docket no. 90.) The Court found that Defendants had improperly withheld documents requested by Plaintiff under the Freedom of Information Act ("FOIA"). The documents concerned efforts of various governmental agencies and the telecommunication industry to push for amendments to the Foreign Intelligence Surveillance Act ("FISA") in order to provide immunity from suit for the industry's participation in governmental warrantless surveillance efforts. The Court required disclosure of the improperly withheld documents by no later than October 9, 2009.

On September 30, 2009, Defendants filed a motion for a 60-day stay pending a determination by the Solicitor General whether or not to appeal the Order by this Court. (Docket no. 91.) On October 6, 2009, Defendants filed a motion for leave to file a motion for reconsideration of portions of the Court's Order. (Docket no. 93.) After briefing was submitted

1  on the motion for a temporary stay, on October 7, 2009, this Court denied Defendants' motion
2  for a temporary stay based on the fact that the Court was not persuaded it should exercise its
3  discretion to stay its own order pending the determination by the Solicitor General whether or
4  not to appeal the Order. (Docket no. 97.) As no appeal had yet been filed, the Court found that
5  a motion to stay pending appeal pursuant to Federal Rule of Civil Procedure 62(c) would have
6  been premature and was not properly before the Court. (*Id.* at 2:11-12.) The Court also denied
7  Defendants' motion for leave to file a motion for reconsideration because the Court concluded
8  that Defendants merely reargued points already asserted and rejected by this Court in its
9  original Order.

10  On October 8, 2009, this Court received notice that Defendants had filed a notice of
11  appeal before the Ninth Circuit Court of Appeals of this Court's Order denying Defendants'
12  motion for summary judgment and granting Plaintiff's cross motion as well as this Court's order
13  denying Defendants' motion for a limited stay pending appeal determination and denying
14  Defendants' motion for leave to file a motion for reconsideration. (Docket nos. 98, 99.)

15  On October 9, 2009, the date the disputed documents were due to be disclosed,
16  Defendants filed an emergency motion before the Ninth Circuit Court of Appeals for a
17  temporary stay pending decision of the Solicitor General regarding appeal of the Order of this
18  Court. Defendants specifically appealed the decision of this Court not to grant a temporary 60-
19  day stay pending the decision by the Solicitor General whether or not to appeal. Both parties
20  agree that, although Defendants did in fact file a notice of appeal of the Order, Defendants did
21  not – and have not – moved for a stay pending appeal. However, on October 9, 2009, the Ninth
22  Circuit issued an order denying Defendants'/Appellants' motion for a stay pending appeal
23  without prejudice to renewing the motion following presentation of such motion to the district
24  court. (Docket no. 106.)

25  There has been no material change in circumstances and the Court is still not persuaded
26  that it should exercise its discretion to stay its directive that Defendants disclose the disputed
27  documents pending a decision whether or not to appeal the Court's original Order. At this
28  point, because a notice of appeal has been filed, a properly noticed motion for a stay pending

2

appeal would have been appropriately filed before this Court. *See* Fed. R. Civ. P. 62(c). However, such a motion is not before the Court and Defendants have repeatedly reiterated that they have not filed such a motion. Regardless, the Court will address the substantive factors in ruling on such a motion in order to obviate the need for the parties to return once again to this Court before addressing the issue of a stay pending appeal.

In order to prevail on a motion to stay pending appeal, Defendants would have to address the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In ruling on a motion for a stay pending appeal, courts employ "'two interrelated legal tests' that 'represent the outer reaches of a single continuum.'" *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Lopez*, 713 F.2d at 1435. "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

Although Defendants have not moved for the relief of a stay pending appeal, the Court finds that they have not met the burden of demonstrating that such a stay would be warranted under the circumstances. In ruling on the original cross motions for summary judgment as well as the motion for leave to file a motion for reconsideration, the Court remains unpersuaded by the contentions advanced by Defendants in support of their refusal to disclose the subject documents. The Court reviewed and explicitly rejected Defendants' contentions that any exemption under FOIA or privilege barred disclosure of the disputed documents and information. Having made no new argument, the Court does not find that Defendants have made a strong showing that they are likely to prevail on the merits of their appeal. Second, the

3

Court finds that the public interest and the balance of hardships squarely favor timely production of the requested documents.

Considering the delay in disclosure thus far in this matter, the current administration's pointed directive on transparency in government, and the public's renewed interest in the question of legal immunity for the telecommunications companies that participated in the warrantless wiretapping program while considering currently pending legislation repealing the amendments to FISA, the Court finds that the public interest lies in favor of disclosure. This Court has already found, when deciding the motion for preliminary injunction in this case, that "irreparable harm exists where Congress is considering legislation that would amend the FISA and the records may enable the public to participate meaningfully in the debate over such pending legislation." *Electronic Frontier Foundation v. Office of the Director of National Intelligence*, 542 F. Supp. 2d 1181, 1187 (N.D. Cal. 2008). The Court finds that same harm to the public interest exists in the context of the current debate regarding legislation designed to repeal the retroactive immunity for telecommunications companies. The unusual circumstances of the continued debate on the issue of legal immunity for the telecommunications companies that participated in the government's warrantless wiretapping program distinguish this case from the common FOIA matter. Although timely disclosure would negatively affect the Defendants' position on appeal, it is not clear that Defendants will even pursue the appeal already filed and, regardless, the Court finds the equities weigh in favor of denial of a stay.

Accordingly, the Court once again DENIES Defendants' renewed motion for a temporary stay pending decision by the Solicitor General regarding whether to pursue an appeal. In order to obviate the need for the parties to appear once again before this Court before seeking the same redress on appeal, the Court has addressed the pertinent factors it would analyze in denying a motion to stay this action pending appeal.

///

///

///

///

The Court VACATES the hearing set for October 16, 2009 and CONTINUES the temporary stay of Defendants' disclosure obligations until October 16, 2009 at 4:00 p.m. PST pending further order of the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated: October 13, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5