D. VICTORIA BARANETSKY (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th Street, Suite 200
Emeryville, CA 94608
Telephone:  (510) 982-2890
Facsimile:  (510) 849-6141
Email:  vbaranetsky@revealnews.org

Attorney for Plaintiff
THE CENTER FOR INVESTIGATIVE REPORTING

THERESE Y. CANNATA (SBN 88032)
AARON R. FIELD (SBN 310648)
ZACHARY E. COLBETH (SBN 297419)
CANNATA O'TOOLE & OLSON LLP
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone:  (415) 409-8900
Facsimile:  (415) 409-8904
Email:  tcannata@cofolaw.com
        afield@cofolaw.com
        zcolbeth@cofolaw.com

Attorneys for Plaintiffs
THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>  Defendant. | Case No. 3:22-cv-07182-WHA<br><br>**DECLARATION OF AARON R. FIELD IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER RE: TIME TO FILE MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, AARON R. FIELD, declare:

1. I am a Partner at the law firm of Cannata O'Toole & Olson LLP and counsel of record for plaintiffs The Center for Investigative Reporting ("CIR") and Will Evans ("Mr. Evans") (collectively, "plaintiffs") in this action. I make this declaration based on my own personal knowledge and, if called to testify, I could and would testify to the matters set forth below.

2. This declaration responds to Civil L.R. 6-2(a)(1)-(3) and Civil L.R. 54-5.

3. Plaintiffs and defendant United States Department of Labor ("defendant" or "DOL) previously stipulated to a 30-day extension of defendant's time to answer or respond to plaintiffs' complaint, Dkt. No. 10, two extensions of the parties' summary judgment briefing schedule (approved by the Court), Dkt. Nos. 28-31, and a clarification of defendant's filing deadline for its summary judgment opposition/reply (approved by the Court), Dkt. Nos. 40-41.

4. More recently, plaintiffs and defendant stipulated to an extension of defendant's production deadline set forth in the Court's December 22, 2023 order to February 20, 2024, and an extension of plaintiffs' time to file a motion for attorney's fees and costs (to the extent plaintiffs' time to file ran from the Court's December 22, 2023 summary judgment order or started running between the date of the stipulation and March 21, 2024) to March 21, 2024. Dkt. No. 52.  The Court approved this stipulation.  Dkt. No. 53.

5. Defendant appealed and moved to stay the production deadline in the Court's summary judgment order pending appeal on February 15, 2024, Dkt. Nos. 57-58. On February 16, 2024, the Court temporarily stayed the compliance deadline pending a further ruling, Dkt. No. 59, and authorized plaintiffs to file an opposition. Plaintiffs opposed the motion, and requested in their opposition, among other things, that if defendant's motion was granted, plaintiffs' deadline to move for fees and costs should also be extended until after appellate proceedings are complete.  Dkt. No. 60.  The Court's

1

DECLARATION OF AARON R. FIELD IN SUPPORT OF STIPULATION AND
[PROPOSED] ORDER RE: TIME TO MOVE FOR ATTORNEY'S FEES AND COSTS
Case No. 3:22-cv-07182-WHA

temporary stay remains in effect as the Court has not yet issued a final order on the stay motion.

6. The stipulated time modification should be granted. Without it, if plaintiffs prevail on appeal, plaintiffs could, at least as a practical matter, end up having to move for and litigate the issue of attorney's fees and costs based on the Court's December 22, 2023 order twice in this case – before and after defendant's appeal – rather than once, increasing the amount of "fees-on-fees" plaintiffs would incur and seek in a way that, under the circumstances presented, would not be in the interest of justice or judicial economy. Authorizing plaintiffs to seek fees after the Ninth Circuit's mandate issues in defendant's pending Ninth Circuit appeal, and thereby delaying any fee litigation until after defendant's Ninth Circuit appeal has been adjudicated, would address this issue. It would also enable plaintiffs and defendant to meet and confer with maximum effectiveness on fees, as their meet and confer efforts would be informed by the Ninth Circuit's decision.

7. The stipulated time modification should have no effect on the schedule for this case except as set forth in the stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of March, 2024 at San Francisco, California.

            */s/ Aaron R. Field*
            AARON R. FIELD